**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| CHRISTINA FRANCIS and COLE FRANCIS, individually and on behalf of all those similarly situated, | ) ) ) | Case No. 5:23-cv-06019 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| v. | ) | |
| | ) | |
| WAUSAU HOMES INCORPORATED, | ) | **JURY TRIAL DEMANDED** |
| **Serve: CT Corporation System** | ) | |
| **120 S. Central Ave.** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| PHILLIPS BUILDERS, LLC, | ) | |
| **Serve: Scott Phillips** | ) | |
| **216 W. Walnut St.** | ) | |
| **Clarinda, IA 51632** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Christina Francis and Cole Francis ("Plaintiffs" or "the Francises"), on behalf of themselves and all others similarly situated, for their Complaint against Defendants Wausau Homes Incorporated ("Wausau") and Phillips Builders, LLC ("Phillips") (collectively "Defendants"), state to the Court as follows:

## NATURE OF ACTION

1.      This class action arises from Defendants' breach of contracts, covenants, guarantees, and warranties, as well as misrepresentations, fraud, and negligence in connection with hundreds of factory-built Wausau homes.

2.      Defendant Wausau combines with improperly vetted local contractors to provide deficient and defective homes. Touted as "revolutionary", these Wausau homes are instead the

1

source of nightmares for would-be homeowners such as Plaintiffs.

3. Defendant Wausau is aware of multiple, serious issues with local contractors such as Defendant Phillips (with Wausau's president even communicating with Plaintiffs directly on multiple occasions), and yet has done nothing.

4. On behalf of themselves and all others similarly situated, Plaintiffs therefore seek relief from Defendants for injuries, including: (a) an order certifying the action to be maintained as a Class action and ordering Plaintiffs and their counsel to represent the Class; (b) damages; (c) attorneys' fees; (d) costs of this suit; (e) pre- and post-judgment interest; and (f) such other and further relief as this Court may deem necessary and proper, and as set forth in Plaintiffs' Prayer for Relief below.

## PARTIES

5. Plaintiffs Christina and Cole Francis are Missouri citizens residing in the County of Atchison in the State of Missouri. In the Spring of 2019, the Francises began searching for a new home and decided to purchase a Wausau Home.

6. Wausau Homes Incorporated is a Wisconsin corporation which operates in at least nine states, including Missouri, through a network that includes Wausau-approved local builders. Wausau Homes is a registered business in good standing within the State of Missouri and has a registered agent within this state.

7. Phillips Builders, LLC is an active Iowa limited liability company that was, at all relevant times herein, an approved local builder of Wausau Homes. Phillips Builders operated the Maryville, Missouri office of Wausau Homes.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to the Class

Action Fairness Act of 2005 and 28 U.S.C. § 1332(d), as upon information and belief the proposed class contains more than 100 members, at least one of whom maintains citizenship in a state diverse from the Defendants, and seeks in the aggregate more than $5,000,000, exclusive of costs and interest.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District and Division, a substantial part of the events or omissions giving rise to the claims occurred within this District and Division, a substantial part of the property that is the subject of the action is situated in this District and Division, and Plaintiffs reside in this District and Division.

10.     According to Wausau's website, Wausau and/or its subsidiaries and affiliates (including Phillips Builders) continuously and systematically solicit customers and provide services within at least nine states, including Missouri, and therefore Defendants are subject to personal jurisdiction in this District and Division.

## FACTUAL ALLEGATIONS

11.     On or about November 10, 2020, Plaintiffs Christina and Cole Francis entered a contract with Phillips Builders for the construction of a custom Wausau Homes residence in Fairfax, Missouri.

12.     The choice of their new Wausau Homes residence (and any entities that would be contracted to build same) was the careful result of painstaking research, planning, and hard-earned savings by Christina and Cole Francis. This Wausau Homes residence was to be the home of the Francises and their two children.

13.     The Francises chose the home, its design, and its floor plans, and confirmed the details and approval of same with Wausau's engineers and Phillips Builders. The finalized house

3

Case 5:23-cv-06019-SRB   Document 1   Filed 02/07/23   Page 3 of 33

plans had the Wausau Homes company logo placed on them.

**Wausau Homes provides clear, indisputable Promises to homebuyers**

14.     At the time the Francises were researching their Wausau home, the Wausau website touted three Wausau Homes Promises: (1) "your way"; (2) "firm price"; and (3) "on time".[1]

15.     The "**your way**" Wausau promise stated that "our custom home builders help you design and build your home, so you're only limited by your imagination."[2] Wausau stated that "our first priority is working with you to create the perfect home design" and that "Wausau Homes ensures that your final design is the one of your dreams."[3]

16.     The "**firm price**" Wausau promise stated that "your final price is the same, from the start of construction to your move-in date, with no surprises."[4] According to Wausau, it has "spent more than 50 years perfecting our home building process so that your custom home is complete at the same firm price when you first signed… at a guaranteed price that meets your budget."[5]

17.     The "**on time**" Wausau promise stated that "your exact move-in date is guaranteed early in the process, giving you peace of mind."[6] Wausau promises "On Time. Every Time.", that "Our home builders will have you moving into your dream home on time… always with an exact move-in date", and that "Your local Wausau Homes builder will provide you with a firm building schedule and precise move-in date."[7]

18.     In short, Wausau advertised that "The Wausau Homes unique building process

---

[1] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[2] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[3] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise
[4] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[5] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise
[6] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[7] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise

4

allows us to deliver custom dream homes on time and on budget—100% of the time, guaranteed."[8]

19.    That's not all. Wausau promised satisfaction and quality workmanship ("the highest quality and precision—one [home] that fits your family's needs, and your budget"[9]).

20.    Wausau also promised a local builder ("search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."[10]).

21.    Wausau's website consistently identified these local builders as Wausau Homes builders. In fact, Wausau intentionally advertised their builders as "your local Wausau Homes builder"[11] and "Our Home Builder Network"[12].

22.    On social media and other advertising statements, Wausau even held itself out as the "builder" and placed advertisements for the hiring of set crews and other contractors.

23.    When looking for local builders, potential buyers were instructed to "browse *our* home builders near you"[13] and select one of the "neighborhood experts"[14].

24.    One such local builder was Phillips Builders. Phillips Builders operated out of the Wausau Homes Maryville office, with a Wausau Homes email address, and a custom web page on the Wausau Homes website.[15]

25.    These local builders, such as Phillips, were celebrated as part of the Wausau Home Builder Network. According to Wausau:

> Not everyone can be a Wausau Homes builder. Each of the builders in our network goes through a comprehensive training program and uses the latest technology and software tools to simplify the homebuilding experience. We choose builders who share our core values of integrity, humility, stewardship, work ethic, and passion—

[8] https://web.archive.org/web/20190103170643/https://www.wausauhomes.com/your-experience/building-process
[9] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[10] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[11] https://web.archive.org/web/20190103194222/https://www.wausauhomes.com/your-experience/steps
[12] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about
[13] https://web.archive.org/web/20181231110507/https://www.wausauhomes.com/find-a-builder (emphasis added).
[14] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about
[15] https://web.archive.org/web/20181231110507/https://www.wausauhomes.com/find-a-builder;
https://web.archive.org/web/20200929102838/https://www.wausauhomes.com/find-a-builder/maryville-missouri

and encourage community volunteering, sponsorship, and work alongside local community groups.[16]

26.     Wausau builders are granted franchises all over the Midwest.

27.     In fact, Wausau Homes currently has 76 franchises in Missouri, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, South Dakota, and Wisconsin.[17] Missouri specifically has 5 current franchises, located in the cities of Cape Girardeau, High Ridge, Peculiar, Moberly, and Smithville.[18]

28.     These franchises all use the exact same Wausau marketing materials, websites, blog posts, social media, e-mail addresses, e-mail servers, software, Wausau logo, and more with the permission and encouragement of Wausau Homes.[19]

29.     These franchises were thoroughly advertised as "your local Wausau Homes builder" with all the requisite marks and trappings.[20]

30.     Based on these and other representations, advertisements, guarantees, and warranties, the Francises chose to purchase and build a Wausau home.

31.     The Francises filled out a Wausau form, verified the correct local builder, and received a response and confirmation from Wausau in June of 2019.

32.     Based on their location, the Francises' contractor would be Phillips Builders.

33.     The Francises trusted that Phillips was a competent builder and contractor, vetted and verified by Wausau and covered by the company guarantees enumerated herein.

34.     However, upon information and belief, Wausau does not provide testing or checks

---

[16] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about
[17] https://www.wausauhomes.com/find-a-builder/
[18] https://www.wausauhomes.com/find-a-builder/
[19] *See, e.g.*, https://web.archive.org/web/20200929102838/https://www.wausauhomes.com/find-a-builder/maryville-missouri
[20] https://web.archive.org/web/20190103194222/https://www.wausauhomes.com/your-experience/steps

to verify the quality and competency of their local builders, including Phillips Builders.

35.     Upon information and belief, Wausau does not confirm or verify that its local builders would abide by (or are able to abide by) the company guarantees enumerated herein.

36.     Phillips Builders was not a competent builder and contractor.

37.     Phillips Builders was not properly vetted and verified by Wausau.

38.     The Francises were unaware of Phillips Builders' incompetency and lack of vetting and verification by Wausau. They were instead provided the message that Phillips Builders was one of Wausau's "highly qualified local home builders" as set forth herein.

**Wausau Homes and Phillips Builders failed to abide by their Promises**

39.     The Francises met with Phillips in the Maryville, Missouri Wausau Homes office on or around January 22, 2020.

40.     Shortly thereafter, the Francises paid to have the blueprints drawn up and began work on obtaining a construction loan.

41.     Phillips Builders provided an estimate to build the Francises' dream home.

42.     The blueprints were approved by a Wausau Homes corporate engineer and stamped with the Wausau logo.

43.     On or around November 10, 2020, Christina and Cole Francis signed a contract for Phillips Builders to build their Wausau home.

44.     The Francises closed on their Wausau Home on or around January 8, 2021.

45.     At closing, the Francises paid Phillips Builders a 10% down payment.

46.     Only *five days* after closing, Phillips Builders advised Plaintiffs that the cost of materials was increasing. Thus began a trend of broken promises and guarantees by both Phillips Builders and Wausau Homes.

47.     The Francises were relying on Defendants' promises, representations, and guarantees, such as "on time", "your way", "firm price", and that "not everyone can be a Wausau Homes builder" in the building of their home. These promises and representations were provided by both Phillips Builders and Wausau, as detailed herein.

48.     As part of the on-time construction, the Francises' home was supposed to be "set" in April of 2021. The foundation work—including basement foundation forms—were supposed to be completed and concrete poured by this time.

49.     The April 2021 deadline was not met.

50.     As the house setting deadline was not met, the Francises were by told by Phillips Builders that they would have to provide an unplanned payment (deviating from the "firm price" schedule set forth in the contract) to have Wausau "hold" the framing, windows, and other materials for the house until the foundation was ready.

51.     The Wausau Homes on-time and firm price guarantees were already being broken.

52.     In May of 2021, the Francises' foundation walls had been completed, but the concrete floor slabs had still not been poured or set. The work was falling further behind schedule.

53.     After additional delay, the Francises' exterior and interior walls and framing were assigned to a *different* Wausau Homes contractor by the Wausau Homes corporate office.

54.     This separate Wausau-assigned contractor only created more problems.

55.     The Wausau-assigned contractor that installed the exterior and interior walls and framing did not complete the work, and the work that was done was done incorrectly and with defects.

56.     For the next several months, the Francises notified Defendants of a multitude of serious issues. The foundation was not set correctly; it was the wrong size and contained multiple

defects. The framing was not done correctly and contained multiple defects. The window glass in all of the windows was incorrect. The roof trusses were spaced incorrectly.

57.     In short, the work of Wausau, Phillips Builders, and other Wausau contractors was shockingly deficient. The Francises' home was not being built "your way".

58.     According to the contract Plaintiffs signed for their Wausau home, the entire home would be substantially completed by June 1, 2021.

59.     Yet the only work that was "substantially completed" by this point was the exterior framing and foundation walls—everything else was in various states of disarray.

60.     On or around July 11, 2021, the Francises were further alarmed when they discovered water covering the entire interior of their yet-to-be-completed home.

61.     One of Wausau's guarantees is that its homes will be "dried-in" quickly, within a matter of days. But the Francises' house had not been "dried-in" for approximately three months.

62.     The house's interior and all the materials contained within suffered damage as a result of Defendants' delays and broken guarantees.

63.     The Francises were forced to cover the interior (i.e. "dry-in" the house) quickly, and had a shingle roof installed instead of the agreed-upon metal roof. This was another direct contradiction of the Wausau Homes "your way" guarantee.

64.     On or around July 25, 2021, Phillips Builders requested and was issued *another* unplanned payment in violation of the contractual schedule. No work followed.

65.     In August of 2021, Phillips Builders advised it had used the Francises' last payment on their home for a *different project altogether*, and was waiting on an insurance claim to finalize before Phillips could pay the Francises back.

66.     The Francises' growing concerns prompted them to contact the Wausau Homes

9

Corporate Office.

67.     It was at this time that Wausau Homes informed Plaintiffs that Phillips Builders was considering bankruptcy. Wausau advised the Francises to hire a personal attorney.

**Wausau Homes has refused to take responsibility for its actions and inactions**

68.     Wausau's president, Mr. Jay Schuette, personally called and wrote Plaintiffs regarding the incidents contained herein.

69.     Mr. Schuette acknowledged that certain building materials were missing or incorrect, that certain work such as the garage concrete slab was defective, that the Francises' Wausau materials were being hoarded in "one big warehouse," and more.

70.     Mr. Schuette further stated that, at that time, Wausau was aware of at least nine other homeowners that were affected by Phillips Builders' illegal and fraudulent actions.

71.     Mr. Schuette promised Wausau would make sure all missing materials were provided, and stated Wausau would "do everything to alleviate the situation" with the Francises and other homeowners.

72.     Yet Wausau Homes—to this day—has refused to correct its actions or the actions of its builders.

73.     Mr. Schuette even suggested Plaintiffs reach out to "their friends" to finish their house for them instead of Wausau.

74.     Rather than correct Wausau's actions or the actions of its builders, and complete the house as promised, the only action Wausau took was to offer the Francises a small payment ($4,800) for the incorrect roof trusses, replace one staircase, and replace windows. That is all.

75.     The Francises' home remains incomplete.

76.     Now, the Francises' interest rates have doubled and continue to go up, they have

10

been forced to approach other contractors (with no success), and their savings have been depleted. They currently live in a travel trailer recreational vehicle with their two children instead of the promised Wausau home.

**Wausau Homes has broken its Promises consistently for years**

77.     The facts and circumstances enumerated above are not limited to Plaintiffs.

78.     Wausau Homes has constructed hundreds of thousands of homes since its origination in the 1950s.

79.     Wausau's website states that since the 1970s they have had a plant with the capacity to produce around 4,000 homes annually.[21]

80.     Upon information and belief, Wausau Homes was actively constructing or overseeing the construction of over three hundred (300) homes when Plaintiffs' home was first being built.

81.     Assuming every Wausau Home can be built within their on-time guarantee, and using Plaintiffs' contract as reference, each Wausau home is built in about seven (7) months. If 300 or more homes are built by Wausau each seven months, in the past five years alone Wausau Homes built around **2,540** homes. Divided evenly by the number of states Wausau services, over the past five years, Wausau averaged just over **285** homes per state. Moreover, assuming Wausau's own estimate of providing 4,000 homes annually since the 1970s is accurate, Wausau has built around **208,000** homes in the past fifty-two years.

82.     Upon information and belief, thousands of individuals and homeowners have suffered damages at the hands of Wausau Homes and its local builders, such as Phillips Builders.

---

[21] https://www.wausauhomes.com/blog/post/the-history-of-wausau-homes-61-years-in-business#:~:text=The%20establishment%20of%20Wausau%20Home,birthed%20a%20lumber%20processing%20plant.

11

83.    Upon information and belief, thousands of individuals and homeowners have suffered breaches of contracts, covenants, guarantees, and warranties, as well as misrepresentations, fraud, and negligence at the hands of Wausau Homes and its local builders, such as Phillips Builders.

84.    Upon information and belief, thousands of individuals and homeowners have relied on the promises and guarantees of Wausau Homes and its local builders, only to be left with incomplete, damaged, deficient, and defective homes.

85.    Plaintiffs' situation, claims, and damages are not unique or individual by any means. For years (and potentially decades), Wausau has provided defective homes to numerous individuals and families through and with the assistance of improperly vetted builders.

## CLASS ACTION ALLEGATIONS

86.    Plaintiffs bring this action pursuant to Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure, on behalf of themselves and the members of the following Class:

> **All persons in the State of Missouri who, from February 7, 2018, until the date the Class is certified, purchased a Wausau Home, and whose home was not completed as promised by Wausau and its contractors.**

87.    Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' legal representatives, predecessors, successors, assigns, and employees.

88.    The definition of the Class is unambiguous. Plaintiffs are a member of the Class they seek to represent. Members of the Class can be identified using Defendants' records of contracts and other information that is kept by Defendants in the usual course of business and/or in the control of Defendants. Records kept by Defendants identify the Class members who entered into an agreement or other contract with Defendants or their predecessors, subsidiaries or affiliates,

and will likely identify those and whose homes were not completed as promised. The members of the Class can be notified of the class action through publication and direct mailings to address lists maintained in the usual course of business by Defendants.

89. Pursuant to Rule 23(a)(1), Class members are so numerous that their individual joinder is impracticable. Upon information and belief, in the past five years alone Wausau built around 2,540 homes, averaging just over 285 homes per state. Moreover, assuming Wausau's own estimate of providing 4,000 homes annually since the 1970s is accurate, Wausau has built around 208,000 homes in the past fifty-two years. The precise number of Class members is unknown to Plaintiffs, but that number greatly exceeds the number to make joinder impossible.

90. Pursuant to Rule 23(a)(2) and (b)(3), except as to the amount of damages each member of the Class has by himself/herself/itself sustained, questions of fact and law are common to the Class, and common questions of law and fact predominate over the questions affecting only individual Class members. Some of the common legal and factual questions include:

(a) Whether Defendants completed homes on time;

(b) Whether Defendants completed homes according to the buyer's specifications and preferences;

(c) Whether Defendants abided by the firm price guarantee;

(d) Whether Defendant Wausau properly supervised, vetted, and checked on its local builders such as Phillips Builders;

(e) Whether Defendants Wausau and/or Phillips Builders engaged in fraud or other misrepresentations; and

(h) The nature and extent of damages and other remedies to which the conduct of Defendants entitles Plaintiff and the Class members.

91. Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs and the Class members, the nucleus of which is the building of

13

Wausau homes on time, with a firm price, and according to the customer's specifications, together with the lack of vetting done by Wausau for their local builders. Individual questions, if any, pale by comparison to the numerous common questions that dominate.

92.     The injuries sustained by the Class members flow, in each instance, from a common nucleus of operative facts caused by Defendants' misconduct. Each Class member purchased a Wausau home that was either not completed or suffers from construction defects, directly traceable to Wausau and its local builders.

93.     Pursuant to Rule 23(a)(3), Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs, like other members of the Class, purchased a Wausau Home which was not completed and suffers from various construction defects. Plaintiff was subject to, and was financially harmed by, a common policy and practice applied by Defendants to all Class members to fail to honor and abide by their on time, your way, firm price, and expert builder guarantees.

94.     Pursuant to Rule 23(a)(4) and (g)(1), Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are familiar with the facts that form the bases of the Class members' claims. Plaintiffs' interests do not conflict with the interests of the other Class members that they seek to represent. Plaintiffs have retained counsel competent and experienced in class action litigation and intend to prosecute this action vigorously. Plaintiffs' counsel has successfully prosecuted complex class actions. Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class members.

95.     Pursuant to Rule 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impracticable. The prosecution of separate actions by individual members of the Class would

14

impose heavy burdens upon the courts, and Plaintiffs and Defendants, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness. Individual litigation of the legal and factual issues raised by the conduct of Defendants would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the similar nature of the claims of the members of the Class, the Class's claims will be effectively managed by the Court and the parties.

**COUNT I**
**VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT ("MMPA") BY WAUSAU AND PHILLIPS BUILDERS**
**(MO. REV. STAT. §§ 407.020, *et seq*.)**

96. Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

97. Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendant.

98. The Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 (West 2010), provides, in part, as follows:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce … in or from the state of Missouri, is declared to be an unlawful practice … Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

99. The Missouri Merchandising Practices Act further provides for a civil action to

15

recover damages in Mo. Rev. Stat. § 407.025.1, as follows:

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

100.    This Count is brought to secure redress for the unlawful, deceptive and unfair trade practices perpetrated by Defendants.  Defendants' business practices in connection with the sale and advertisement of Wausau Homes—stating that the merchandise, i.e. the homes, are built by a highly qualified local home builder, your way, with a firm price and on time completion guarantee—is an unconscionable, unfair, and deceptive act or practice and constitutes multiple, separate violations of Mo. Rev. Stat. § 407.020 because the homes are in fact not built by a highly qualified home builder, are not built the buyers' way (i.e. to the agreed-upon specifications), do not have firm prices, and are not completed on time. Moreover, these homes are defective and deficient, and fail to meet the quality guarantees and advertisements of Defendants.

101.    Plaintiffs and members of the Class purchased Wausau homes.

102.    Such purchase of Wausau homes was primarily for personal, family, or household purposes.

103.    In connection with the sale of Wausau's products, Defendants misrepresented the homes as built by a highly qualified home builder, your way, with a firm price and on time completion, and in a quality and workmanlike manner, when in fact the homes were not, as set forth in this Complaint.

104.    In connection with the sale of Wausau homes, Defendants concealed material facts,

16

namely that the homes would not be built by a highly qualified home builder, would not be built to the buyer's specifications, would not be guaranteed a firm price, would not be guaranteed on time completion, and would not be built in a quality and workmanlike manner.

105. Defendants' concealment, suppression, misrepresentations and/or omission as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiffs Christina and Cole Francis and members of the Class regarding Wausau's products.

106. In violation of the MMPA, Defendants employed fraud, deception, false promise, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts in its sale and advertisement of Wausau homes in the State of Missouri.

107. Defendants engaged in the concealment, suppression, misrepresentations and/or omission of the aforementioned material facts with the intent that others, such as Plaintiffs Christina and Cole Francis, the Class, and/or the general public would rely upon the concealment, suppression, misrepresentation and/or omission of such material facts and purchase Wausau homes and products.

108. As a result of their purchase of Wausau products and Defendants' actions, Plaintiffs and the members of the Class sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

109. Plaintiffs Christina and Cole Francis and the members of the Class are entitled to recover their actual damages, attorneys' fees, and injunctive or other equitable relief, pursuant to

Missouri law, including Mo. Rev. Stat. § 407.025.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT II
## NEGLIGENT MISREPRESENTATION BY WAUSAU

110. Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

111. Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendant.

112. Defendant Wausau made certain representation of fact to Plaintiffs and the Class, including:

(a) That their homes would be built on time;

(b) That their homes would be built "your way" according to the agreed-upon specifications;

(c) That the homes would be built by a "trusted contractor" properly vetted by Wausau;

(d) The homes would be built with a firm price; and that

(e) The homes would be built free from defect and deficiencies.

113. Each of these pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

114. Because of a failure by the Defendant to exercise reasonable care and competence, the information and representations enumerated above were false.

18

115.    The information was provided intentionally by the Defendant to the Plaintiffs as members of a limited group, and in a particular business transaction, for the advertisement, purchase, and sale of Wausau homes.

116.    Alternatively, Defendant had a legal or other duty to disclose information that it omitted to supply, being tantamount to false information, in the advertisement, purchase, and sale of Wausau homes.

117.    Plaintiffs justifiably relied on the information supplied by Wausau specific to their home. This information was a material factor influencing final action by Plaintiffs, including the purchase of the Wausau Home.

118.    As a result of Plaintiffs' reliance on the information supplied by Wausau, Plaintiffs were injured. Plaintiffs (and the members of the Class) sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT III
## NEGLIGENT SUPERVISION BY WAUSAU

119.    Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

120.    Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendant.

19

121.    Defendant invited Plaintiffs and the Class to "search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."

122.    Defendant had a duty to the Plaintiffs to carefully select and supervise their local builders and contractors which they represented as the "neighborhood experts".

123.    Not everyone can be a Wausau Homes builder according to Defendant. In other words, Wausau had a duty to use ordinary care to protect Plaintiffs and the Class against unreasonable risks of harm specific to Wausau's local builders such as Phillips Builders.

124.    Defendant's duties included the selection, hiring, training, supervising, and monitoring of their local builders.

125.    Wausau breached its duties of selection, hiring, training, supervising, and monitoring of their local builders, including failing to perform proper background checks, failure to ensure funds were not fraudulently used or misappropriated, and failure to ensure the local Wausau builders abided by the Wausau guarantees.

126.    The breach amounted to negligence by Defendant that directly and proximately caused Plaintiffs' damages. Under Wausau's nose, Phillips Builders used the Francises' payments for different projects, issued "extra" payments with no ensuing work, failed to obtain materials, did not complete work in a timely fashion, did not follow the specifications, and did not complete the Plaintiffs' home.

127.    A reasonable person would recognize that an occurrence presenting a danger to another existed by Wausau's lack of ordinary care in the selection, hiring, training, supervising, and monitoring process, i.e. that a reasonable person could have foreseen that injuries of the type suffered might occur under then existing circumstances.

128.    Plaintiffs (and the members of the Class) sustained ascertainable loss and damage

as a result of this breach, in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

**COUNT IV**
**NEGLIGENT HIRING BY WAUSAU**

129.    Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

130.    Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendant.

131.    Defendant knew or should have known of Phillips Builder's dangerous proclivities, including insurance or other fraud, overcharging, lack of capital, shoddy craftsmanship, defective work, and other tendencies which would cause damage to Wausau customers.

132.    Upon information and belief, Phillips Builders (since the time of its initial partnership with Wausau around 2018) had been involved with several incomplete, defective, and shoddy projects specific to Wausau Homes.

133.    Yet Phillips Builders was hired or retained by Wausau as a local, "expert" contractor and builder.

134.    Defendant had insufficient or no established business practice to determine the dangerous proclivities of its "expert" local contractors before or after hiring.

135.    Wausau's lack of vetting practices and other negligent acts or omissions was the

proximate cause of the injuries sustained by Plaintiffs at the hands of Phillips Builders, as enumerated herein.

136.    Phillips Builders committed insurance or other fraud in relation to the Francis home, overcharged Plaintiffs, regularly took advance payments due to their lack of capital, and turned around with shoddy craftsmanship and defective work. Again, Phillips Builders used the Francises' payments for different projects, issued "extra" payments with no ensuing work, failed to obtain materials, did not complete work in a timely fashion, did not follow the specifications, and did not complete the Plaintiffs' home.

137.    Phillips Builders' actions even prompted an investigation by the FBI for fraudulent activities.

138.    In short, Phillips Builder's misconduct as identified was consistent with their dangerous proclivities, of which Wausau should have been aware.

139.    Because of Wausau's negligence in hiring Phillips Builders, Plaintiffs (and the members of the Class) sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY BY PHILLIPS AND WAUSAU

140.    Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

141.    Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendants.

142.    The Francises entered into a written construction contract with Phillips Builders.

143.    The Francises entered this Contract upon certain written guarantees by Wausau, including the on time, your way, and firm price guarantees, as well as Wausau's selection of "highly qualified" local home builders.

144.    The Francises performed their obligations.

145.    Wausau and Phillips, however, failed to perform their obligations, and failed to perform in a good and workmanlike fashion. Specifically, Plaintiffs' home was not built by a highly qualified home builder, was not built their way, did not have a firm price or on time completion, and was not done in a quality and workmanlike manner, as set forth in this Complaint.

146.    Wausau and Phillips' breach of the implied warranty caused substantial damage to Plaintiffs. Plaintiffs (and the members of the Class) sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT VI
## THIRD PARTY BENEFICIARY (BREACH OF CONTRACT BY PHILLIPS AND WAUSAU)

147.    Plaintiffs and the Class hereby reallege and incorporate by reference each allegation

set forth in the above paragraphs as if fully set forth herein and further allege as follows:

148. Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendants.

149. The Francises entered into a written construction contract with Phillips Builders.

150. Moreover, Phillips Builders and Wausau Homes entered into a written contract, labeled the "Builder Agreement". (Attached hereto as Exhibit 1).

151. The contractual provisions express an intent to primarily benefit an identifiable person or class of persons, namely the future homeowners and customers such as Plaintiffs.

152. Defendants intended certain provisions of said contract to be for the benefit of this identifiable person or class of persons (i.e. Plaintiffs).

153. Specifically, Defendants' contractual provisions intended for the benefit Plaintiffs and the Class in this matter include:

    (a) The local builder is to inform Wausau of any current list prices, including subcontractor costs;

    (b) The local builder is to contract with all the necessary sub-contractors and material supplies to complete the construction of Wausau Homes;

    (c) The local builder is to maintain and provide proof of adequate insurance coverage;

    (d) Wausau is to supply products to the local builder;

    (e) Wausau is to provide the local builder with training;

    (f) Wausau is to terminate the local builder if and when the builder failed to achieve or maintain certain quality standards, make timely payments, and/or engage in fraudulent activities; and

    (g) Wausau is to evaluate each local builder no less than annually.

154. These contractual provisions for the benefit of Plaintiffs and the Class were violated by one or both of the Defendants in multiple ways, including but not limited to the following:

24

(a) Phillips Builders failed to inform Wausau of current list prices, including subcontractor costs;

(b) Phillips Builders failed to contract with all the necessary sub-contractors and material supplies to complete the construction of Plaintiffs' Wausau Home;

(c) Phillips Builders failed to maintain and provide proof of adequate insurance coverage;

(d) Wausau failed to supply the necessary products to Phillips Builders;

(e) Wausau failed to provide Phillips Builders with adequate training;

(f) Wausau failed to terminate Phillips Builders when the builder failed to achieve or maintain certain quality standards, make timely payments, and/or engage in fraudulent activities; and

(g) Wausau failed to adequately evaluate Phillips Builders no less than annually.

155. The contract between Defendants was breached by one or both of Defendants.

156. These breaches of contract injured one or more third party beneficiaries, including Plaintiffs and the Class.

157. As a direct and proximate result of Defendants' breaches of contract, as aforesaid, Plaintiffs (and the members of the Class) were injured and sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT VII
## BREACH OF CONTRACT BY PHILLIPS

158.    Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

159.    Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendant.

160.    Defendant formed an agreement and entered into a valid and enforceable contract with Plaintiffs and similar Class members, including offer, acceptance, and consideration. (Contract for Custom Home Construction, attached hereto as Exhibit 2).

161.    Defendant provided Plaintiffs and members of the Class with a written standard form agreement, and Plaintiffs and members of the Class accepted Defendant's offer and exchanged consideration by using Defendant's services and paying for them.

162.    Plaintiffs and members of the Class have performed all, or substantially all, of the obligations imposed on them under their contract(s) with Defendant.

163.    Plaintiffs and members of the Class provided periodic payments—based upon the completion of different stages of the specific Wausau Home—as expressly set out in their agreement(s) with Defendant as compensation for the services Defendant provided.

164.    Plaintiffs and members of the Class also fulfilled their non-monetary contractual obligations (if any) to Defendant.

165.    Yet Defendant breached its agreement(s) with Plaintiffs and other members of the Class.

166.    Defendant breached their agreement(s) with Plaintiffs and members of the Class by not building the house according to its specifications, not abiding by the contractual firm price, not completing the home on time (or at all), multiple builder-caused delays, and not completing the

26

home in a quality and workmanlike manner and free from defects, as set forth in this Complaint. Phillips Builders further breached the agreement(s) by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, failing to obtain materials (or the correct materials), and so on.

167. As a direct and proximate result of Defendant's breaches of their agreement(s), Plaintiffs and the members of the Class have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT VIII
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING BY PHILLIPS

168. Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

169. Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendant.

170. Defendant was required to operate according to an implied duty of good faith and fair dealing in connection with the Contract.

171. Defendant was required to exercise its judgment in good faith when it made decisions to change the house and/or materials specifications, take advance payments, use Plaintiffs' funds and payments, and build Plaintiffs' home.

172. Defendant exercised said judgment in a manner which evaded the spirit of the Contract and denied Plaintiffs and the other Class members the expected benefit of the Contract by taking the actions stated herein, including not building Plaintiffs' home according to its specifications, not abiding by the contractual firm price, not completing the home on time (or at all), and not completing the home in a quality and workmanlike manner. Phillips Builders further denied Plaintiffs the expected benefit of the Contract by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, failing to obtain materials (or the correct materials), and so on.

173. If Defendant had operated under the Contract in good faith, Defendant would have completed Plaintiffs' home on time, with a firm price, to their specifications, and without defect or deficiencies.

174. Defendant willfully rendered imperfect performance, abused its power, and interfered with Plaintiffs' contractual and guaranteed expectations due to these actions.

175. As a direct and proximate result of Defendant's breaches of the Contract, Plaintiffs and the members of the Class have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT IX
## NEGLIGENCE AGAINST PHILLIPS

176.     Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

177.     Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendant.

178.     By agreeing to build the home, Phillips Builders owed a duty to Plaintiffs, the buyers of the home, to construct the home in a manner consistent with industry standards, and to construct the home on time, according to the specifications, with a firm price.

179.     Phillips Builders breached its duties to Plaintiffs by failing to construct the home in a manner consistent with industry standards, by failing to properly oversee construction of the home, and by failing to construct the home on time, according to the specifications, with a firm price.

180.     The construction of the home was never completed and the work that was performed is defective. Moreover, Plaintiffs' home was not built according to the specifications or with the firm, guaranteed price.

181.     As a result of Phillips Builder's negligence, Plaintiffs (and the members of the Class) sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT X
## BREACH OF EXPRESS WARRANTY BY PHILLIPS

182.    Plaintiffs and the Class hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

183.    Plaintiffs Christina and Cole Francis assert this Count on behalf of themselves and the Class against Defendant.

184.    Defendant represented, sold, advertised, and marketed, and Plaintiffs and members of the Class purchased, Wausau Homes and products.

185.    Defendant represented in its marketing, advertising, and promotion of Wausau Homes that those products would conform to the Wausau Homes guarantees, in that the products would be completed on time, your way, with a firm price, and be built by a local neighborhood expert.

186.    Defendant made these representations to induce Plaintiffs and members of the Class to purchase Wausau Homes.

187.    The Wausau Homes Guarantees were part of the basis of the bargain between Defendant and Plaintiffs, and members of the Class.

188.    However, the Wausau Homes products did not conform to Defendant's independent representations and warranties in that they were not completed on time, your way, with a firm price, or by any "expert" builder.

189.    Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs gave Defendant notice thereof.

190.    As a direct and proximate result of Defendant's breaches of its express warranty and failure of the Wausau Homes Products to conform, Plaintiffs (and the members of the Class) sustained ascertainable loss and damage, in that, among other things, the actual value of the

30

products is less than the value would have been had the homes been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the homes, additional lending and similar expenses, costs, and interest were incurred, and more.

WHEREFORE, Plaintiffs and the Class request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class members request that the Court enter an order or judgment against Defendants including the following:

A. Declaring that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for an order certifying this case as a class action and appointing Plaintiffs as Class representatives;

B. For an order declaring that Defendants' conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

D. For compensatory, statutory, and other damages in amounts to be determined by the Court and/or jury;

E. For an order of restitution and all other forms of equitable monetary relief;

F. For injunctive relief as pleaded or as the Court may deem proper;

H. Pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

I. An order awarding Plaintiffs and the Class their attorney's fees and costs

31

and expenses incurred in connection with this action; and

J.      Such other and further relief as the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.


Dated: February 7, 2023                  Respectfully submitted,

**KEANE LAW LLC**

 */s/ Tanner A. Kirksey*
Ryan A. Keane, #62112MO
Tanner A. Kirksey, #72882MO
7711 Bonhomme Ave, Suite 600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
tanner@keanelawllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served electronically upon all counsel of record via the CM/ECF system on February 7, 2023.

_/s/ Tanner A. Kirksey_