

*Redefining the Building Experience*

## BUILDER AGREEMENT

AGREEMENT made as of December 17, 20 09, between Wausau Homes Inc., a Wisconsin corporation ("Wausau Homes"), and ___Phillips Builders___, a

☐ (State) _____ Corporation

☒ (State) ___Iowa___ Limited Liability Company

☐ (State and general or limited partnership) _____ Partnership whose general partners are _____

☐ Proprietorship of _____ doing business as _____

and whose principal place of business is located at _____
___938 S. Main, Maryville, MO  64468___ ("Builder").

In consideration of the mutual promises below, Wausau Homes and Builder agree, as follows:

### APPOINTMENT

1. Wausau Homes appoints Builder, and Builder accepts the appointment, as the exclusive authorized Builder located in the territory shown in Exhibit A ("Territory"). Builder is authorized to sell the products and services described on Exhibit A, as it is amended from time to time at the discretion of Wausau Homes ("Products").

2. Builder may solicit sales to customers located in the Territory and in any area contiguous to the Territory in which Wausau Homes has not appointed another exclusive builder ("Open Area"). Builder may not solicit sales from or make sales to any customer whose home will be built outside of the Territory or outside a contiguous Open Area.

3. Wausau Homes may in its complete discretion appoint other builders to be the exclusive authorized builder in any Open Area, at which time the Open Area shall cease to be an Open Area. Builder's right to sell to customers in any contiguous Open Area shall terminate upon the appointment of an exclusive authorized builder for the Open Area.

4. Wausau Homes will take reasonable efforts to prevent other authorized Wausau Homes builders from selling the Products to customers whose home will be built in the Territory. Other authorized Wausau Homes builders whose territory is contiguous to an Open Area may sell the Products to customers whose home will be built in the contiguous Open Area.

1

Case 5:23-cv-06019-SRB   Document 1-1   Filed 02/07/23   Page 1 of 20

5.  The terms of Builder's Commitment Letter, if any, shall be a part of this Agreement and an express basis upon which Wausau Homes relies in entering into this Agreement.

6.  Wausau Homes enters into this Agreement based upon the representation that _____Scott Phillips_____ ("Principal Manager") will be actively engaged on a full-time basis in the management and operation of the business of Builder, until such time as a replacement Principal Manager is approved in writing by an office of Wausau Homes.

7.  Wausau Homes may sell on a direct basis without any liability to Builder to any commercial customers or to closed subdivisions, such as, but not limited to Indian Reservations.

**BUILDER'S RESPONSIBILITIES**

8.  Builder agrees that so long as this Agreement is in effect it will:

    A.  Use its best efforts to vigorously develop business in the Territory, to promote the sale of the Products and otherwise act in accordance with the terms of this Agreement and the Commitment Letter. Best efforts will include causing technically and personally suitable employees of Builder to call regularly, frequently and in a systematic manner upon customers and potential customers located in the Territory.

    B.  Achieve such reasonable annual sales objectives within the Territory as Wausau Homes shall, from time to time, establish following consultation with Builder. Wausau Homes' evaluations of Builder's performance, conducted at appropriate intervals, will be based on Builder's overall performance in the Territory. Wausau Homes will also consider the additional factors outlined in Exhibit B hereto, as amended at Wausau Homes' option from time to time.

    C.  No later than the time stated in the Commitment Letter, establish a Wausau Homes Authorized Design Studio.

    D.  Operate the Wausau Homes Authorized Design Studio during regular business hours. Builder may change the location of the Wausau Homes Authorized Design Studio upon the written approval of Wausau Homes, which approval shall not be unreasonably withheld.

    E.  Solicit orders from and sell the Products to customers whose homes will be located either (i) in the Territory or (ii) in an Open Area that is contiguous to Builder's Territory. Builder shall not solicit orders from or sell the Products to customers whose homes will be located elsewhere, without the prior written consent of Wausau Homes.

    F.  Cause at least one owner and primary employee and/or salesperson to attend all required training sponsored by Wausau Homes and have at least one employee Certified as a "Wausau Homes Specialist."

    G.  Supply Wausau Homes an Annual Strategic Marketing Plan acceptable to Wausau Homes at a time and in a form specified by Wausau Homes,

2

which plan shall commit Builder to spend up to 3% of Builder's annual revenues toward the promotion of the sale of the Products.

H. Comply with the terms of the Annual Strategic Marketing Plan.

I. Advertise and promote the Products as set forth in the Annual Strategic Marketing Plan. In all advertising and promotion, Builder shall display only the Wausau Homes Trademarks and Trade Names, together with Builder's trade name, but Builder shall not associate the Wausau Homes Trademarks or Trade Names with any other logo, trademark or trade name of Builder or any other entity. In particular, Builder shall not make reference to any other business name on all signage displayed to the public.

J. Bear all expenses for advertising and sale of the Products in the Territory, in accordance with the Annual Strategic Marketing Plan.

K. Attain adequate consumer satisfaction ratings, as determined by Wausau Homes, in accordance with the procedures set out in the Voice of the Customer Survey.

L. Inform Wausau Homes promptly of its current list prices in effect from time to time, including subcontractor costs.

M. Supply Wausau Homes with such information about Builder's sales efforts and the market as Wausau Homes may reasonably request and keep a current sales schedule within the Wausau Homes approved CRM.

N. Provide to Wausau Homes, at such time as may be reasonably requested by Wausau Homes, Builder's audited financial statements, including balance sheet and profit-and-loss statement. All such statements and reports shall be treated as confidential information for the benefit of Wausau Homes only, and it shall not be disclosed to others.

O. Not sell or solicit orders for the purchase of goods which in the opinion of Wausau Homes are directly or indirectly competitive with any or all of the Products of Wausau Homes, unless such action is authorized in writing by an officer of Wausau Homes.

P. Contract with all necessary and appropriate sub-contractors, material suppliers necessary to complete the construction of Wausau Homes home products for the Builder's customers.

Q. Provide proof of adequate levels of insurance coverage for workers compensation, builder's risk, general comprehensive liability, automobile liability and umbrella excess liability in the form and in the amounts set forth in Exhibit D;

R. Be properly licensed as and exclusively act as the general contractor on any development using the Products;

S. Advise each of Builder's customers in writing at or before the time of contracting with the customer that the customer's contract is with the Builder and not with Wausau Homes.

3

T.  This agreement does not authorize Builder to appoint or utilize any sales agent or other assisting sales organization except as specifically authorized by Wausau Homes.

## WAUSAU HOMES' RESPONSIBILITIES

9.  Wausau Homes agrees that so long as this Agreement is in effect it will:

    A.  Supply the Products to Builder.

    B.  Wausau Homes will refer to Builder all inquiries by customers whose home will be built within Builder's Territory. In multiple builder metropolitan markets, Wausau Homes will forward a lead to the builder that Wausau Homes determines is located closest to the place where the prospective customer is likely to build.

    C.  Publish Builder's trade name and address in its list of authorized Builders.

    D.  Provide reasonable assistance in the planning and establishment of a Wausau Homes Authorized Design Studio.

    E.  From time to time, provide Builder training.

    F.  Provide Builder with current training materials, as updated from time to time by Wausau Homes.

## PRODUCT CHANGES

10. Wausau Homes reserves the right to make changes in Products from time to time. Wausau Homes shall not be obligated to retrofit such changes into corresponding Products previously sold to Builder. Wausau Homes reserves the right to add or delete Products from Exhibit A at any time, upon notice to Builder. New Products introduced and sold by Wausau Homes shall not be covered by this Agreement unless added to Exhibit A, in the discretion of Wausau Homes.

## BUYER-SELLER RELATIONSHIP

11. The relationship between Builder and Wausau Homes under this Agreement is that of buyer and seller, and Builder shall have no right and shall not attempt to enter into contracts or commitments in the name of or on behalf of Wausau Homes or to bind Wausau Homes in any respect whatsoever. All persons employed or retained by Builder in connection with its activities under this Agreement shall be employees, agents or independent contractors of Builder and not of Wausau Homes.

## TERMS OF SALE

12. Wausau Homes shall, during the term of this Agreement, sell Products to Builder at the then current price of the respective Products in Exhibit A and upon such other terms and conditions as Wausau Homes shall establish as its standard terms and conditions, as are currently set forth in Exhibit C and as they may be amended from time to time by Wausau Homes.

4

A. Builder agrees that the terms and conditions of this Agreement, including those set forth in Exhibit C, will govern each purchase order submitted by Builder hereunder and, accordingly, that none of the provisions of Builder's purchase orders, except those specifying the quantity and character of the Products ordered, dates of shipment, invoice information and shipping instructions, shall be considered applicable to its purchases of Products. Wausau Homes hereby rejects any term or condition in Builder's forms or other purchase documents that are inconsistent with this paragraph.

B. Wausau Homes will endeavor to give Builder advance notice of any price changes to the extent reasonably practicable. However, Wausau Homes shall at all times have the right, either with or without advance notice, to change, with immediate effect, prices and terms and conditions applicable to the purchase of its Products under this Agreement. Wausau Homes shall give Builder written notice of any such changes in prices or terms and conditions. Wausau Homes shall likewise at all times have the right, either with or without advance notice, to withdraw or supersede (effective as stipulated by Wausau Homes) any one or more of its products

C. Payments shall become due in accordance with invoicing. Builder shall provide all necessary account information for ACH drafting in accordance with Exhibit C

D. No purchase order from Builder shall be binding on Wausau Homes until accepted in writing by a duly authorized officer or employee of Wausau Homes. Wausau Homes may refuse to accept any purchase order for any reason. Builder's orders shall be subject to such reasonable allocation as, in the sole judgment of Wausau Homes, may be necessary or equitable in the event of any shortages of Products or parts at any time.

E. Ownership of each Product purchased by Builder under this Agreement will pass to Builder upon unloading where delivery to Builder's yard or site is by common carrier. In any event, Wausau Homes will retain a security interest in, and right to repossess, any such Product until paid therefor.

## WARRANTIES, DISCLAIMERS, LIMITATIONS AND INDEMNIFICATION

14. Wausau Homes warrants the Products in accordance with the statement of warranty policy with respect thereto which is set forth in Exhibit C hereto, which may be modified from time to time by Wausau Homes. **THIS LIMITED EXPRESS WARRANTY IS IN LIEU OF AND TO THE EXCEPTION OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT BY WAY OF LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. BUILDER IS NOT AUTHORIZED TO BIND WAUSAU HOMES FOR ANY OTHER WARRANTY.**

**UNDER NO CIRCUMSTANCES SHALL WAUSAU HOMES BE SUBJECT TO ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT OR CONTINGENT DAMAGES WHATSOEVER, WHETHER BASED ON CONTRACT, TORT, STRICT LIABILITY OR OTHER THEORY OF LAW, ALL SUCH DAMAGES AND CLAIMS BEING SPECIFICALLY DISCLAIMED.**

5

THE OBLIGATION OF WAUSAU HOMES IS LIMITED TO REPLACEMENT OF DEFECTIVE PRODUCTS OR PROVIDING MATERIAL TO REPAIR DEFECTIVE PRODUCTS FOR A PERIOD OF ONE YEAR. THIS WARRANTY DOES NOT INCLUDE BUILDER'S LABOR OR THAT OF BUILDER'S SUBCONTRACTORS. WAUSAU HOMES WILL NOT BE RESPONSIBLE FOR AND SPECIFICALLY DISCLAIMS ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT OR CONTINGENT DAMAGES, INCLUDING, BUT NOT LIMITED TO LOST PROFITS.

CERTAIN OF THE PRODUCTS CONTAIN COMPONENTS MANUFACTURED BY SUPPLIERS TO WAUSAU HOMES. AS TO SUCH COMPONENTS, WAUSAU HOMES EXTENDS NO WARRANTY, BUT MERELY ASSIGNS THE MANUFACTURER'S EXPRESS WARRANTY TO BUILDER AND TO THE ULTIMATE CUSTOMER.

A. Builder agrees to extend to its customers the Limited Express Warranty as set forth in Exhibit C. Builder is not authorized to extend to its customers any other warranty, whether express or implied, relating to the Products. Builder agrees to include in its provisions of sale to its customers, the "Wausau Homes Limited Express Warranty" (and all exclusions of implied warranties and the limitations of liability).

B. Builder may extend to its customers greater warranties or remedies than Wausau Homes provides for its Products. However, the Builder must inform the customer that any such additional warranties or remedies are not offered by Wausau Homes, but are made and offered solely by the Builder.

C. Builder agrees to indemnify and hold Wausau Homes harmless from any claims or costs (including, but not limited to, actual attorneys' fees), damages and liabilities resulting from any warranty or representation not specifically authorized by Wausau Homes in writing or by reason of Builder's failure to effectively disclaim any other express warranty or implied warranty or any claim for consequential damages.

D. Builder agrees to indemnify and hold Wausau Homes harmless from any claims or costs (including, but not limited to, actual attorneys' fees), damages and liabilities resulting from any claim brought against Wausau Homes based, in whole or in part, on an accusation of improper sale, application, construction or servicing of the Products by Builder or any employee, agent or contractor of Builder or any other alleged improper or negligent action of Builder or any employee, agent or contractor of Builder.

E. Builder will include in all contracts with Builder's customers an arbitration provision requiring that all disputes between the Builder and the customer be subject to binding arbitration under the Construction Industry Rules of the American Arbitration Association before a single arbitrator.

**BUILDER MODIFICATIONS**

15. Builder may not make modifications to the plans for the Products, as prepared by Wausau Homes, except upon written consent by Wausau Homes. The Limited Express Warranty shall be null and void with respect to any products otherwise

6

modified. All liability for unauthorized modifications to Products by Builder shall be borne by Builder and Builder shall defend, indemnify and hold Wausau Homes harmless from any claims relating to said modifications.

## CONFIDENTIAL INFORMATION

16. During the term of this Agreement, it may become appropriate for Wausau Homes to submit information to Builder which is proprietary and/or confidential commercial or technical information that is not publicly available and that should not be made available to others. With respect to any such information submitted in writing and identified as "Proprietary" or "Confidential," it is agreed that Builder will not disclose such information to others or use such information except as contemplated herein, without prior written authorization of Wausau Homes. No such obligation shall apply to information which: (a) is or becomes publicly available other than through breach of this provision, or (b) was known to Builder at the time of disclosure, as demonstrated by written records, or (c) later becomes known to Builder from another source without restriction. Upon termination of this Agreement or any amendment or renewal thereof for any reason, all information that is "Proprietary" or "Confidential" shall be returned by Builder to Wausau Homes immediately.

## TRADEMARKS

17. During the term of this Agreement, Builder is authorized to use Wausau Homes' trade name or any of Wausau Homes' trademarks relating to the Products, but only for display purposes in connection with Builder's solicitation of orders for Products from customers in the Territory. Builder shall not use Wausau Homes' trade name or any of its trademarks as part of Builder's trade or business name or in any other way which Wausau Homes considers misleading or objectionable. Builder shall abide by Wausau Homes' "Brand Guidelines," as published from time to time. Upon termination of this Agreement, Builder agrees to discontinue any previously approved use of Wausau Homes' trademarks and trade names, and to discontinue indicating it is associated in any manner with Wausau Homes. Upon termination of this Agreement, Builder shall immediately remove all signage containing any Wausau Homes trademark or trade name from Builder's premises and shall discontinue any advertising use of Wausau Homes trademarks and trade names wherever located, including but not limited to billboards, vehicles, literature, uniforms and clothing, directories and other trade advertising. Upon Builder's failure to comply with the provisions of this paragraph, Builder agrees that the continued use of any such Wausau Homes trademark or trade name will constitute irreparable harm to Wausau Homes that cannot be compensable by damages and Builder consents to an award of injunctive relief against such further use in favor of Wausau Homes by Builder, Builder's agents and third parties contracted by Builder to display the Wausau Homes trademarks or trade names and shall pay all attorney fees, expenses and costs incurred by Wausau Homes in enforcing Wausau Homes' rights under this provision.

## DURATION AND TERMINATION

18. This Agreement shall be for an initial term that begins on the date this

7

Case 5:23-cv-06019-SRB   Document 1-1   Filed 02/07/23   Page 7 of 20

agreement is executed and ends on December 31 of the second full calendar year following the end of the year in which this agreement is executed. Unless either party provides written notice of non-renewal no later than 90 days prior to the expiration of the initial term of this Agreement or any renewal term, this agreement shall be renewed for an additional three - year term at the expiration of the initial term or any additional renewal term.

A. This Agreement may be terminated by Builder without cause, upon 90 days written notice to Wausau Homes.

B. This Agreement may be terminated by Wausau Homes with cause upon notice by certified mail, which shall become effective thirty (30) days after receipt, except as to subparagraph C(4) below, as to which termination will be effective upon failure to cure the payment default. To the extent that the form of notice or the time period of notice permitted herein shall conflict with applicable law, then such alternate form of notice or notice period of such applicable law shall be deemed to be incorporated into this Agreement.

C. Good cause shall include, but not be limited to, the following:

(1) Failure by Builder to achieve established performance objectives and/or a reasonable market share in the assigned Territory;

(2) Failure by Builder to maintain and properly train a staff of sales and service personnel of adequate size for the Products;

(3) Failure by Builder to furnish financial information on request;

(4) Failure by Builder to make timely payment of any obligation owing to Wausau Homes within 10 days after notice that such payment is due and payable;

(5) The failure of the Principal Manager to be involved on a full-time basis in the operations of Builder, without a replacement principal manager approved in writing by an officer of Wausau Homes;

(6) The transfer by any means of more than ten percent (10%) of the assets of Builder (other than in the ordinary course of business) or the transfer of more than ten percent (10%) of the stock of Builder, if Builder is a corporation; or the transfer, removal, resignation, withdrawal, elimination or any other change of principal owners or principal managers of Builder for any reason without prior written approval of Wausau Homes, which shall not be unreasonably withheld;

(7) A misrepresentation to Wausau Homes by Builder or by any principal owner or principal manager in applying for the appointment as Builder under this Agreement or, after appointment, as to the records of Builder, the status of current accounts or orders for Products or concerning the beneficial ownership or management of Builder;

(8) Any attempted sale, transfer or assignment, voluntarily or

8

involuntarily, by operation of law or otherwise, including merger, consolidation; or reorganization to which Builder is a party, by Builder of this Agreement or any of the rights granted to Builder under the provisions of this Agreement; or any attempted transfer, assignment or delegation, voluntarily or involuntarily, by operation of law or otherwise, by Builder of any of the responsibilities assumed by Builder under the provisions of this Agreement, without the prior written consent of Wausau Homes;

(9) Failure of Builder to maintain Builder's premises open for business for five (5) consecutive business days, without the prior written consent of Wausau Homes;

(10) Conviction of any principal owner or principal manager of Builder of any crime which, in the opinion of Wausau Homes, may adversely affect the reputation of Wausau Homes or the reputation of Wausau Homes" Products;

(11) The continuing and consistent failure of Builder or its employees to operate Builder's business in a manner that advances the reputation of Wausau Homes and the Products.

(12) Any submission by Builder to Wausau Homes of any false or fraudulent claim, or statement in support thereof, for payment, for compensation or for any discount, allowance, refund or credit, warranty claim, or any claim made by Builder to Wausau Homes;

(13) Willful failure of Builder to comply with the provisions of any law or regulation relating to the operation of its business as a Builder or to the sales or servicing of the Products;

(14) Failure by Builder to perform any of the other obligations, duties or responsibilities under this Agreement which continues for a period of thirty (30) days after notice thereof from Wausau Homes;

(15) Failure by Builder to act as the general contractor on any project for which the Builder has purchased the Products, including retaining a construction manager to act as the general contractor without the express written permission of Wausau Homes;

(16) Any other reason permitted by applicable State law; and

(17) The decision by Wausau Homes to: (a) discontinue the Product line or lines that are the subject matter of this Agreement, or; (b) withdraw from all or a substantial portion of the geographic market in which the Territory is located, or; (c) sell, convey, merge or otherwise transfer all or a substantial portion of the part or parts of the business of Wausau Homes responsible for the Product line or lines that are the subject matter of this Agreement.

(18) The decision by Wausau Homes to issue a new form of Builder Agreement to all similarly situated builders, if in the reasonable opinion of Wausau Homes, there is a need to modify the terms of

9

the standard Builder Agreement in order to address competition or market conditions.

D. In the event either party shall be declared a bankrupt or insolvent, or have a receiver appointed over its property or shall petition for reorganization or other remedy under the bankruptcy laws as now or hereafter existing, or make any assignment for the benefit of creditors or pursue any other remedy under any other insolvency laws, to the extent permitted by law, this Agreement may be terminated by either party, effective immediately upon the mailing of a notice of such termination by certified mail. In the event of termination of this Agreement under this subparagraph D, all amounts owed to Wausau Homes shall be immediately due and payable.

**TRANSACTIONS AFTER TERMINATION**

19. In the event of termination of this Agreement by either party as provided herein, Wausau Homes is relieved from any obligation to make any further shipments hereunder, and may cancel all of Builder's unshipped orders for any Products, irrespective of previous acceptance by Wausau Homes, except those Products which are proved to Wausau Homes" satisfaction to have been sold by Builder prior to the receipt by Builder of notice of termination and where Builder demonstrates to the satisfaction of Wausau Homes that Builder has the continued capacity to complete the construction and delivery of the home to Builder's customer. If Wausau Homes cancels any order upon termination of this Agreement and determines that Builder does not have the capacity to complete and deliver a home to Builder's customer, Wausau Homes shall have no liability to Builder if Wausau Homes sells and delivers the Products that were the subject of the canceled order to other builders, to subcontractors or to the customer's agents. Wausau Homes shall have no obligation or liability to Builder or its prospective customers in connection with any such cancellation. If Wausau Homes accepts such an order and the Product is shipped, Wausau Homes will arrange for the delivery and warranty service of the Product. The acceptance of orders from Builder or the continuous sale of Products to Builder or any other act after termination of this Agreement shall not be construed as a renewal of this Agreement for any further term nor as a waiver of the termination.

   A. Upon termination of this Agreement or of any schedule hereto, Builder shall return to Wausau Homes, upon Wausau Homes" request and at Wausau Homes" expense, promptly and without charge (except as hereinafter provided) all sales and marketing materials, point of sale materials, sales literature, policy manuals and other publications of Wausau Homes and its affiliates which Builder has on hand relating to Products. Builder shall delete from its computer systems all sales and marketing materials provided by Wausau Homes or created by Builder and utilizing the Wausau Homes trademarks or trade names.

   B. Builder shall be solely responsible for all commitments incurred or assumed by it during the term of this Agreement or hereafter, and Wausau Homes shall not be held responsible in any manner therefor, irrespective of any suggestion or recommendation with respect thereto by Wausau Homes or any of its employees or representatives unless Wausau Homes has expressly agreed in writing to assume the responsibility.

10

Case 5:23-cv-06019-SRB   Document 1-1   Filed 02/07/23   Page 10 of 20

C.  In the event of any termination of this Agreement, all obligations owed by Builder to Wausau Homes shall become immediately due and payable on the effective date of termination whether otherwise then due or not (without presentment, demand, protest or notice of any kind, all of which are hereby waived by Builder); and Wausau Homes may offset and deduct from any or all sums owed to Builder any or all sums owed by Builder, rendering to Builder the excess, if any.

D.  Neither Wausau Homes nor Builder shall, by reason of the termination of the Agreement, be liable to the other for compensation, reimbursement, or damages either on account of present or prospective profits on sales or anticipated sales, or on account of expenditures, investments or commitments made in connection therewith or in connection with the establishment, development or maintenance of the business or goodwill of Wausau Homes or Builder, or on account of any cause or thing whatsoever, provided, however, that such termination shall not affect the rights or liabilities of the parties with respect to Products previously sold hereunder or with respect to any indebtedness then owing by either party to the other.

## ARBITRATION

20. Any and all disputes of whatever nature arising between the parties to this Agreement, including disputes arising out of or relating to this Agreement or the underlying business relationship, including termination thereof and including statutory claims, and which are not resolved between the parties themselves, shall be submitted to binding arbitration in Wausau, Wisconsin before a single arbitrator in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. Judgment upon the award of the arbitrator may be entered in any court having jurisdiction thereof. Any and all disputes shall be submitted to arbitration hereunder within one year from the date the dispute first arose or shall be forever barred. Arbitration hereunder shall be in lieu of all other remedies and procedures available to the parties, provided that either party hereto may seek preliminary injunctive or other interlocutory relief prior to the commencement or during such proceedings.

## GENERAL PROVISIONS

21. This Agreement, including all Exhibits and Appendices attached hereto and any documents incorporated by reference, constitutes the entire understanding between the parties respecting the sale to and the purchase and distribution by Builder of the Products of Wausau Homes. Any representation, promise or condition not incorporated herein shall not be binding upon either party. The written terms of this Agreement may not be explained supplemented or contradicted by evidence of any prior agreement, course of dealing, course of performance or usage of trade. This Agreement may not be discharged, extended, amended or modified in any way except by a written instrument signed by a duly authorized representative of each party. This Agreement shall be construed and the rights of the parties governed in accordance with the laws of the State of Wisconsin, except that this provision shall not cause the application of the Wisconsin Fair Dealership Law, Wis. Stat. Ch. 135 to apply to any relationship that would not otherwise be subject to said law absent this election of laws provision. This Agreement supersedes any prior Master Builder Agreement or

11

other agreement by which Builder has been authorized to sell the products of Wausau Homes.

22. The relationship created by this Agreement shall not be considered a franchise under either Federal Law or the law of any State. Builder acknowledges that it has not paid to Wausau Homes any fee or other payment for the right to enter into this Agreement or to operate as a Wausau Homes Builder.

IN WITNESS WHEREOF the parties hereto have signed this Agreement as of the date first set forth above.

WAUSAU HOMES, INC.                                BUILDER

By: _____                        By: _____*signature*_____

Title: _____                       Title: ___Owner___

12

## EXHIBIT A

Builder is authorized to operate a Design Studio for Wausau Homes Products and to promote and sell the services and products ("Products") as specified in Wausau Homes pricing materials and software programs, as modified by Wausau Homes from time to time and any specific special products additionally agreed to in writing by Wausau Homes.

Builder's Territory shall be as shown on the attached map.

MILW_8320479.12    WH_Builder_Agreement_V2_2-28-13                13

Case 5:23-cv-06019-SRB   Document 1-1   Filed 02/07/23   Page 13 of 20

EXHIBIT B

Wausau Homes will evaluate each of its Builders at appropriate intervals and not less than annually. The objective is to rate each Builder on a fair and equitable basis and to point out to Builder the strengths and weaknesses in his performance and responsibilities and encourage Builder to develop a program to cure any deficiencies in performance and overcome any weaknesses.

# EXHIBIT C
# WAUSAU HOMES TERMS AND CONDITIONS OF SALE

## I. PAYMENT TERMS:

Builder shall pay Wausau Homes ("Seller") the total price established under any Sales Order for the manufacture, delivery and/or erection of the home or building described therein upon any foundation and lot. Payment shall be made via a net due fees within fourteen (14) days after the delivery date set by Seller, unless otherwise specifically agreed between Seller and Builder. In the event that actual delivery does not occur by the scheduled delivery date because the Builder for any reason cannot accept actual delivery, payment shall nonetheless be due to Seller. "Delivery" does not include those items defined as BUILDER'S SITE PREPARATION, UTILITY SERVICE OR FINISHING in paragraph V below. Shortages of materials and/or defects in materials and/or workmanship are covered under warranty and in no way excuse Builder from payment in full in accordance with these payment terms. Any unpaid amount of any Sales Order remaining due Seller shall bear interest at the maximum rate allowed by law. Multi-Family projects (consisting of three or more units), commercial projects and orders that do not fall within the nature and scope of single family and duplex residential construction may be subject to other payment terms and conditions to the extent agreed to in writing by the Builder and Seller.

## II. SPECIFICATIONS:

Seller reserves the right to change specifications or components without notice and warrants that such changes shall not lessen the quality of the home or building. With respect to any custom built home or building, Builder agrees to provide Seller with a full set of blueprints for the home or building which include the floor plan, foundation plan, building elevations (four sides), and cross section details which clearly and accurately represent the home's or building's design and specifications. Materials not specifically listed on any Seller's Home Buyer's Selection Guide are not included in any such Sales Order. In cases of conflict between Seller's specifications and plan or other specifications, Seller's specifications will take precedence. Builder agrees to indemnify and save Seller harmless from patent or copyright infringements resulting from Seller's compliance with designs and/or specifications now or hereafter forming a part of any Sales Order or with specific written instructions given by Builder for the purpose of directing the manner in which Seller shall perform any Sales Order. Said indemnification shall include actual attorney fees and costs including those incurred on appeal. Seller's personnel are authorized to assist Builder in completing building and home specifications, and to expedite any service orders, but such assistance does not alter the Builder's responsibility for properly executing any such Sales Order. The person signing any Sales Order shall be responsible regardless who fills out said specifications.

## III. CONTRACT PRICE:

The quote price protection period set forth on any Home Buyer Selection Guide represents the time period in which the Builder must schedule the order for production. Unless otherwise authorized by Seller in writing, including, but not limited to periodic programs and promotions, Builder must accept delivery of the building within sixty (60) days from the date of the release of the order for production. If Builder fails to accept timely delivery, Seller has the right, without further notice, to consider Builder to have canceled this agreement. The quote price set forth in any Home Buyer Selection Guide is an estimate of the final contract price and is subject to adjustment by Seller after final agreement by the Builder and the Seller as to options, specifications, and final drawings. Upon establishment of the final contract price, Builder has thirty (30) days to schedule the order for production.

Any manufacturer's tax, occupation tax, use tax, sales tax, excise tax, value-added tax, duty, custom, inspection or testing fee, or any other tax, fee or charge of any nature whatsoever imposed by any governmental authority on or measured by the transaction between Seller and Builder shall be paid by Builder in addition to the prices quoted or invoiced. In the event the Seller is required to pay any such tax, fee or charge, Builder shall reimburse Seller therefor.

## IV. AMENDMENTS:

Amendments to any Sales Order entered between Builder & Seller may only be made if mutually agreed to between Builder and Seller. A. Any amendments must be in writing and signed by duly authorized representatives of Seller and Builder. B. Builder acknowledges amendments may result in a change in the contract price and may result in processing charges.

## V. BUILDER'S SITE PREPARATION, UTILITY SERVICE AND FINISHING:

UNLESS SPECIFICALLY PROVIDED FOR ELSEWHERE IN ANY SALES ORDER, SITE PREPARATION, UTILITY SERVICE AND FINISHING ARE THE SOLE RESPONSIBILITY OF BUILDER AND ARE NOT INCLUDED IN THE CONTRACT PRICE. SITE PREPARATION, UTILITY SERVICE AND FINISHING INCLUDE, BUT ARE NOT LIMITED TO: obtaining building permits and licenses; basement or foundation walls and floors and moisture-proofing thereof; below grade floor drains; sill plates; steel beam; sewer and water connections; septic system materials and installation; temporary and permanent electrical service; LP gas fuel tank and/or gas-line installation;
fireplace materials and installation; outside venting of clothes dryers; garage floor; garage overhead doors; driveway materials and installation; excavating including backfilling, grading and landscaping; installation of shingles, fascia, siding and soffits; interior dry-walling and painting; installation of loose gypsum drywall and interior millwork; installation of kitchen plumbing fixtures; floor covering materials and installation; exterior painting; installation of kitchen cabinets, countertops, sink, hood and appliances; installation of addition ceiling insulation; installation of chimneys, vents and stacks, water heater, forced air heating systems and ducting, air-conditioning.

## VI. DELIVERY AND ERECTION DATE:

Seller shall not be responsible for delay in manufacture, delivery, or erection of any home or building provided by the Seller under the terms of any Sales Order if said delay is caused directly or indirectly by Builder's failure to fulfill its obligations as specified in the Builder Agreement or these terms and conditions of sale, or by acts of God, acts of war, governmental acts, fire, accidents, strikes, lockouts, or other disputes, material or energy shortages, road restrictions, or other causes beyond the Seller's reasonable control.

## VII. JOBSITE:

It is Builder's responsibility to provide accurate job site directions and to insure proper access to the building site for Seller's vehicles and the erection crew. BUILDER SHALL BE RESPONSIBLE FOR ANY AND ALL COSTS INCURRED BY SELLER WHICH ARE ATTRIBUTABLE TO BUILDER'S IMPROPER SITE PREPARATION AND/OR INACCURATE JOB SITE DIRECTION.

## VIII. OSHA RESPONSIBILITIES AT JOBSITE:

Builder is the Prime Contractor at the jobsite. Builder shall comply with all duties assigned to a prime contractor under applicable OSHA regulations, including: (1) Assuring compliance by all personnel at the jobsite with applicable OSHA regulations; (2) Providing all persons at the jobsite

with access to current material safety data sheets which comply with hazard communication laws and regulations.

## IX. CARPENTRY CREW SUPERVISION:

It is the responsibility of the Builder to confirm the proper completion of structural framing by the carpentry crew. Builder shall not execute a Crew Release Form until Builder has confirmed that the carpentry crew has completed all of its construction responsibilities. BUILDER SHALL BE RESPONSIBLE FOR ANY AND ALL COSTS INCURRED BY SELLER WHICH ARE ATTRIBUTABLE TO BACKCHARGES FOR INCOMPLETE OR POOR WORKMANSHIP RELATED TO THE FRAMING LABOR AFTER THE CREW RELEASE FORM HAS BEEN EXECUTED BY THE BUILDER.

## X. SALES ORDER CANCELLATION:

**A. CANCELLATION BY BUILDER:** Cancellation by Builder of any Sales Order between Buyer and Seller must be in writing sent by certified mail to Seller. If notice of cancellation is received by Seller after materials have been ordered and the order is scheduled for production, Builder agrees to pay within ten (10) days of sending such notice, any and all costs incurred by the Seller for the Sales Order, together with a reasonable sum for profit.

**B. CANCELLATION BY SELLER:** In the event Builder fails to fulfill all of the appropriate conditions precedent within the time period specified in any Sales Order between the Builder and the Seller, Seller has the right to consider any such Sales Order canceled by Builder and Builder shall pay Seller its damages or losses resulting from the cancellation.

**C. ADEQUATE ASSURANCES:** Whenever Seller in good faith has reason to question Builder's ability or intent to perform, Seller may demand in writing adequate assurance from Builder of Builder's ability or intent to perform, and may suspend performance hereunder pending such assurance. In the event that such a demand is made and such assurance is not given within a reasonable time, Seller may treat that failure as an anticipatory repudiation hereof and exercise any appropriate remedy therefor.

## XI. REAL ESTATE WARRANTIES:

Builder warrants to Seller that: (1) Any building code or codes above industry standards and applicable to any home or building supplied by Seller have been properly identified and supplied by the Builder to the Seller. (2) The real estate (building site) is properly zoned for this construction; (3) The building foundation will be legally located on the real estate (building site); and (4) All necessary building permits and licenses will have been obtained.

## XII. LIMITED WARRANTY:

THIS LIMITED EXPRESS WARRANTY IS IN LIEU OF AND TO THE EXCEPTION OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT BY WAY OF LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. BUILDER IS NOT AUTHORIZED TO BIND WAUSAU HOMES FOR ANY OTHER WARRANTY.

UNDER NO CIRCUMSTANCES SHALL WAUSAU HOMES BE SUBJECT TO ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT OR CONTINGENT DAMAGES WHATSOEVER, WHETHER BASED ON CONTRACT, TORT, STRICT LIABILITY OR OTHER THEORY OF LAW, ALL SUCH DAMAGES AND

CLAIMS BEING SPECIFICALLY DISCLAIMED.

THE OBLIGATION OF WAUSAU HOMES IS LIMITED TO REPLACEMENT OF DEFECTIVE PRODUCTS OR PROVIDING MATERIAL TO REPAIR DEFECTIVE PRODUCTS ONLY FOR A PERIOD OF ONE YEAR FROM THE DATE OF PURCHASE. THIS WARRANTY DOES NOT INCLUDE BUILDER'S LABOR OR THAT OF BUILDER'S SUBCONTRACTORS. WAUSAU HOMES WILL NOT BE RESPONSIBLE FOR AND SPECIFICALLY DISCLAIMS ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT OR CONTINGENT DAMAGES, INCLUDING, BUT NOT LIMITED TO LOST PROFITS.

ALTHOUGH THIS WARRANTY BEGINS ON THE DATE OF FINAL INVOICE, NO PERFORMANCE OF THIS WARRANTY WILL BE MADE BY SELLER UNTIL SELLER HAS RECEIVED PAYMENT IN FULL FROM BUILDER AND A PROPERLY COMPLETED CREW RELEASE FORM.

XIII: EXCEPTIONS TO WARRANTY:

CERTAIN OF THE PRODUCTS CONTAIN COMPONENTS MANUFACTURED BY SUPPLIERS TO WAUSAU HOMES. AS TO SUCH COMPONENTS, WAUSAU HOMES EXTENDS NO WARRANTY, BUT MERELY ASSIGNS THE MANUFACTURER'S EXPRESS WARRANTY TO BUILDER AND TO THE ULTIMATE CUSTOMER. THERE IS NO WARRANTY AS TO:

(1) Materials or workmanship supplied by Builder, his agents, suppliers or subcontractors. (2) Materials (including, but not limited to windows, siding, doors, soffit, fascia and shingles if supplied by Seller and warranted by Seller's suppliers. Claims relating to such materials shall be made directly to such supplier pursuant to such supplier's warranty. (3) Any defect, unless written notice of defect is given to Seller as soon as practicable after the defect first appears. The right to file warranty claims on Seller's warranty expires thirty (30) days after the end of Seller's warranty. (4) Any defects resulting from alteration, modification or improper maintenance of any materials, systems, equipment or fixtures supplied by Seller pursuant to any Sales Order between the Builder and Seller and any specifications related thereto. (5) Normal wear and tear or deterioration of the home or building. (6) Dampness or condensation due to failure to maintain adequate ventilation or to properly moisture – proof basement and/or crawlspace. (7) Any workmanship, materials, equipment, or fixtures not provided pursuant to any Sales Order between the Builder and Seller. (8) Any loss or damage resulting directly or indirectly from misuse, negligence, acts of God, accident or casualty. (9) Loss or damage, which occurs after the building, is no longer used primarily as a residence. (10) Insect or rodent damage of any nature whatsoever.

## Exhibit D
## Insurance Requirements

Builder shall provide the General Liability, Automobile Liability, Umbrella Excess Liability, and Workers Compensation / Employers Liability at the limits listed below.

### General Liability

    Minimum $1 Million Each Occurrence
    Minimum $2 Million General Aggregate <u>per Project</u> • Box must be checked on the Certificate of Insurance

General Liability insurance covers claims of bodily injury or other physical injury or property damage. It protects your business against incidents that may occur on your premises or at other covered locations where you normally conduct business. General Liability enables your business to continue operations while it faces real or fraudulent claims of certain types of negligence or wrongdoing.

### Automobile Liability

    $1 Million Combined Single Limit
        Any Auto, or All owned autos, hired autos, and non-owned autos, or scheduled autos, hired autos, and non-owned autos must be checked on the certificate of insurance
    or Umbrella Excess Policy endorsed to cover Auto Excess Liability

Business Automobile Liability insurance is an important safeguard for your business. If you or an employee is sued following a serious accident, Auto Liability insurance protects your company's assets, covers the financial responsibility if people are injured or property is damaged. The industry standard recommends a min of $500K up to a max of $1MM.

### Umbrella Excess Liability

    Minimum $1 Million Each Occurrence
    Minimum $1 Million Annual Aggregate

Umbrella Excess Liability insurance provides additional protection when a claim exceeds insurance limits on an underlying policy. For a single premium, umbrella excess liability policy adds another layer of protection to any of several other policies that you might hold, including general liability, employer's liability, and hired and non-owned auto liability policies. For instance, if you have $1 million in general liability coverage and a covered claim is settled for $1.5 million, your Umbrella Excess Liability insurance policy would cover the additional amount. Umbrella Excess Liability insurance is generally the most affordable way to get higher policy limits on several other business insurance policies.

### Workers Compensation / Employers Liability

    Minimum $100K Each Accident (<u>Subrogation WVD</u> • Box must be checked on the Certificate of Insurance)
    Minimum $100K disease each employee (<u>WC Statutory Limits</u> • Box must be checked on the Certificate of Insurance)
    Minimum $500K disease policy limit

Worker's Compensation / Employers Liability insurance is a much-needed protection offering great financial security for every business. It provides comprehensive coverage for just about any situation in which a company can be held liable for occupational injury. The Worker's

Compensation / Employer's Liability insurance policy pays injured workers benefits regardless of fault. The business is assumed to have absolute liability for any injuries arising out of their business operations. The Worker's Compensation / Employer's Liability insurance policy also covers claims from non-employees that try to make a Worker's Compensation claim following an injury.

A Certificate of Insurance must be issued by the insurer. Wausau Homes must be listed as a certificate holder. A copy of the policy is not an acceptable proof of insurance.