# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHRISTINA FRANCIS and COLE FRANCIS, Individually and on behalf of all those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 23-cv-06019-SRB |
| WAUSAU HOMES INCORPORATED, and PHILLIPS BUILDERS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Wausau Homes Incorporated's ("Defendant" or "Wausau Homes") Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration. (Doc. #10.) As set forth below, the motion is DENIED.

### I. FACTUAL BACKGROUND

The following background is taken from Plaintiff Christina Francis and Cole Francis's ("Plaintiffs") Complaint and attachments thereto. Additional facts relevant to the parties' arguments are discussed in Section III.

Defendant designs and manufactures components for custom homes. Defendant then sells those components through local builders that Defendant has approved (hereinafter, "Builder"). A customer that wants to purchase a "Wausau Home" enters into a contract with the Builder, and the Builder is responsible for constructing the home. Defendant advertises that "[t]he Wausau Homes unique building process allows us to deliver custom dream homes on time and on budget—100% of the time, guaranteed." (Doc. #1, ¶ 18.)

Plaintiffs decided to purchase a Wausau Home for themselves and their children. Plaintiffs and a local Builder, Defendant Phillips Builders, LLC ("Phillips Builders") entered into a Contract for Custom Home Construction (the "Construction Contract").[1] The Construction Contract provides that Phillips Builders would "provide the labor, materials, equipment, and services necessary to complete the construction of the custom home consistent with the Plans and Specifications." (Doc. #1-2, p. 1.)[2] In exchange, Plaintiffs were required to make payments to Phillips Builders pursuant to a payment schedule. The Construction Contract expressly states that Phillips Builders "is an independent contractor, separate and distinct from Wausau Homes, Inc. Wausau Homes, Inc. is a supplier of building material for this custom home and is not a party to this contract." (Doc. #1-2, p. 2.) The Construction Contract also contains an arbitration provision which is discussed below.

On February 7, 2023, Plaintiff filed this putative class action lawsuit against Defendant and Phillips Builders. Plaintiffs allege their home was not built on-time, is still not constructed, is defective, and exceeded the stated price in the Construction Contract. The Complaint asserts several claims against Defendant and/or Phillips Builders, including Violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.020 et seq., Negligent Misrepresentation, and Breach of Warranty. Plaintiffs seek damages for themselves and on behalf of a class of others similarly situated.

Defendant now moves the Court to compel arbitration. Defendant argues it is entitled to enforce the arbitration clause in the Construction Contract. Defendant also argues Plaintiffs are required to arbitrate their claims under a separate Builder Agreement entered into between

---

[1] According to the docket sheet, Phillips Builders has been served but has not timely appeared in this case.

[2] All page numbers refer to the pagination automatically generated by CM/ECF.

2

Defendant and Phillips Builders. Plaintiffs oppose arbitration, and the parties' arguments are addressed below.

## II. APPLICABLE LAW

Section 2 of the Federal Arbitration Act ("FAA") "provides that '[a] written provision in any . . . contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013) (quoting 9 U.S.C. § 2). Under Section 3 of the FAA, "a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3). "Under § 4, a party 'aggrieved' by the failure of another party 'to arbitrate under a written agreement for arbitration' may petition a federal court 'for an order directing that such arbitration proceed in the manner provided for in such agreement.'" *Id.* (quoting 9 U.S.C. § 4). "The FAA establishes that as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001) (internal citations and quotation marks omitted).

"When presented with a motion to compel arbitration, we ask only (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *McFadden v. Van Chevrolet-Cadillac, LLC*, No. 18-00395-CV-W-BP, 2018 WL 3715756, at *1 (W.D. Mo. Aug. 3, 2018) (internal citation omitted). As a federal district court sitting in Missouri, this Court must analyze an arbitration agreement based on Missouri state-law

principles. *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 784 (8th Cir. 2016).[3] "The elements required to form a valid contract in Missouri are offer, acceptance, and bargained for consideration." *Baier v. Darden Restaurants*, 420 S.W.3d 733, 737 (Mo. App. W.D. 2014) (internal citation and quotation marks omitted). "The party seeking to compel arbitration bears the burden of proving the existence of a valid and enforceable arbitration agreement." *Jackson v. Higher Educ. Loan Auth. of Missouri*, 497 S.W.3d 283, 287 (Mo. App. E.D. 2016) (citing *Jimenez v. Cintas Corp.*, 475 S.W.3d 679, 683 (Mo. App. E.D. 2015)).

### III. DISCUSSION

Defendant argues that Plaintiffs must arbitrate their claims under two separate contracts. The Construction Contract—entered into between Plaintiffs and Phillips Builders—contains an arbitration provision, as set forth below:

> Any dispute between Builder and Customer arising out of or related to the Contract shall be decided through binding arbitration conducted pursuant to the Construction Industry Arbitration Rules and mediation procedures of the American Arbitration Association ['AAA']. If either party refuses to submit a claim to arbitration, or fails to abide by all of the rules adopted, the non-breaching party shall be entitled to recover all costs, including reasonable actual attorneys' fees incurred in seeking further action to enforce the terms of this provision and/or compel arbitration.

(Doc. #11, p. 4.)

The Builder Agreement—entered into between Defendant and Phillips Builders—contains an arbitration provision, as set forth below:

> Any and all disputes of whatever nature arising between the parties to this Agreement, including disputes arising out of or relating to this Agreement or the underlying business relationship, including termination thereof and including statutory claims, and which are not resolved among the parties

---

[3] The Court finds, and the parties agree, that Missouri state law governs whether the parties entered into a valid arbitration agreement and whether it is enforceable. In addition, Defendant submitted a declaration in support of the pending motion. Plaintiff argues the declaration "converts this motion to a motion for summary judgment." (Doc. #15, p. 10.) The Court has considered the declaration, and the analysis and conclusions herein would be the same whether or not the pending motion is converted to one for summary judgment.

4

themselves, shall be submitted to binding arbitration in Wausau, Wisconsin before a single arbitrator in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

(Doc. #11, pp. 4-5.)

Although Plaintiffs and Defendant are not signatories to the same arbitration agreement, Defendant presents four primary arguments in support of their request to compel arbitration. First, relying on *Eckert/Wordell Architects., Inc. v. FJM Prop. of Willmar, LLC*, 756 F.3d 1098 (8th Cir. 2014), Defendant contends that when, as here, "an arbitration clause incorporates the AAA Construction Industry Rules, the decision of whether to allow a non-party to invoke arbitration is for the arbitrator." (Doc. #11, p. 9.) Plaintiffs argue that *Eckert* and the other cases cited by Defendant are distinguishable because they involved "bilateral, non-class actions[.]" (Doc. #15, p. 11.) According to Plaintiffs, the Court—and not an arbitrator—must decide the issue of arbitrability because this is a class action case. As explained below, the Court agrees with Plaintiffs.

In *Catamaran Corp. v. Towncrest Pharm.*, 864 F.3d 966 (8th Cir. 2017), the plaintiff brought a putative class action against defendants. The defendants moved to compel arbitration based on arbitration agreements that incorporated AAA rules. On appeal, the Eighth Circuit decided the issue of "whether a court or an arbitrator should determine whether an arbitration agreement authorizes class arbitration." *Id.* at 969.

In resolving the issue, *Catamaran* explained that:

> Courts must . . . play a threshold role to determine whether the parties have submitted a particular dispute to arbitration. These threshold or gateway issues are called substantive questions of arbitrability. Substantive questions include whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy. Courts presume that substantive questions are for judicial determination unless the parties clearly and unmistakably provide otherwise.

*Id.* at 970 (citations and quotation marks omitted) (cleaned up).

*Catamaran* recognized *Eckert*'s holding that "incorporation by reference of AAA Rules constitutes a clear and unmistakable indication that the parties intended for an arbitrator to decide substantive questions of arbitrability." *Id.* at 973. However, the Eighth Circuit found that *Eckert* was not applicable because it "dealt with bilateral arbitration agreements." *Id.* Because of the "fundamental differences between bilateral and class arbitration," *Catamaran* held that "the question of class arbitration belongs with the courts as a substantive question of arbitrability." *Id.* at 971-972. "Incorporation of AAA Rules by reference is insufficient evidence that the parties intended for an arbitrator to decide the substantive question of class arbitration." *Id.* at 973. In the class action context, there must be "clear and unmistakable evidence of an agreement to arbitrate the particular question of class arbitration." *Id.*

In this case, Plaintiffs have brought a putative class action. *Catamaran* is thus more applicable than *Eckert* and the other bilateral arbitration cases cited by Defendant. The Construction Contract and Builder Agreement's incorporation of the AAA rules does not show that the parties intended for an arbitrator to decide the issue of arbitrability. *Id.* Because neither the Construction Contract nor the Builder Agreement delegate the issue of class arbitration to an arbitrator, this Court must decide the issue of arbitrability. *Id.* Defendant's arguments to the contrary are rejected.[4]

Second, Defendant argues the arbitration provisions are "extremely broad" and thus "encompass the dispute between the parties." (Doc. #11, p. 6.) In particular, "[e]very claim asserted in the Complaint relates to or arises from the Construction Contract or the Builder

---

[4] Defendant argues "this case is not suitable for class action treatment." (Doc. #11, p. 15.) At this early stage of litigation, the Court rejects that argument as premature. *See Bishop v. DeLaval Inc.*, Case No. 5:19-cv-06129-SRB, 2020 WL 4669185, at *2 (W.D. Mo. Jan. 28, 2020) ("Prior to any class discovery or a motion for class certification, the Court cannot determine whether individualized matters will predominate over common issues.")

Agreement." (Doc. #11, p. 8.) As a result, Defendant argues "this Court must compel the entire action against [Defendant] to arbitration[.]" (Doc. #11, pp. 6, 8.) As set forth below, this argument is rejected.

"Under Missouri law, a broad arbitration provision covers all disputes arising out of a contract to arbitrate; a narrow provision limits arbitration to specific types of disputes.'" *Morgan v. Ferrellgas, Inc.*, 8 F.4th 795, 798 (8th Cir. 2021) (citation and quotation marks omitted) (applying Missouri law). Here, the Construction Contract between Plaintiffs and Phillips Builders contains a narrow arbitration provision. That provision is specifically limited to disputes "between Builder [Phillips Builder] and Customer [Plaintiffs]." (Doc. #11, p. 4.) A dispute between Plaintiffs and the non-signatory Defendant is not encompassed by this provision. Consequently, the Court finds that non-signatory Defendant cannot enforce the narrow, party-specific arbitration provision in the Construction Contract. *See Burnett v. Nat'l Assoc. of Realtors*, 615 F. Supp. 3d 948, 960 (W.D. Mo. 2022) (holding that "the Arbitration Agreements are narrow and party-specific, precluding the arbitration of disputes involving nonparties").[5]

The Builder Agreement similarly contains a narrow arbitration provisions. The arbitration provision contained therein is limited to disputes "arising between the parties to this Agreement." (Doc. #11, pp. 4-5.) Defendant and Phillips Builders are the only signatories to the Builder Agreement; Plaintiffs are not a party to that agreement. Because the Builder Agreement is limited to disputes between Defendant and Phillips Builders, Defendant cannot enforce its narrow, party-specific arbitration provisions against Plaintiffs. *Burnett*, 615 F. Supp. 3d at 960. For these reasons, and the additional reasons stated by Plaintiffs, the Court rejects Defendant's

---

[5] Defendant argues the Court "incorrectly" decided *Burnett*. (Doc. #22, pp. 18-19.) This argument is rejected.

argument that "the arbitration provisions encompass the dispute" between Plaintiffs and Defendant. (Doc. #11, p. 6.)

Third, Defendant argues it can compel arbitration under the Construction Contract even as a non-signatory to that agreement. Specifically, Defendant presents several arguments for the proposition that "Plaintiffs are estopped from refusing to arbitrate under the Construction Contract." (Doc. #11, p. 10.) These arguments are addressed below.

"[A] party cannot be compelled to arbitration unless the party has agreed to do so." *Tucker v. Vincent*, 471 S.W.3d 787, 794 (Mo. App. E.D. 2015). However, "a non-signatory may, in some instances, compel a signatory to arbitrate under the theory that the plaintiff/signatory is estopped from refusing to arbitrate." *Netco, Inc. v. Dunn*, 194 S.W.3d 353, 361 (Mo. banc 2006). Such estoppel may apply when: (a) "the signatory plaintiffs made allegations which treat all the[] parties [signatories and non-signatories] as though they were signatories to the agreements;" and/or (b) the plaintiff "specifically allege[s] coordinated behavior between a signatory and a non-signatory." *Morgan*, 8 F.4th at 800; *PRM Energy Sys., Inc. v. Primenergy, LLC*, 592 F.3d 830, 835 (8th Cir. 2010).

Here, Defendant contends Plaintiffs are estopped from refusing arbitration because their allegations "treat [Defendant] as if it were a signatory" to the Construction Contract. (Doc. #11, p. 10.) This argument is rejected. The Complaint expressly alleges that Plaintiffs "entered into a written [C]onstruction [C]ontract with Phillips Builders." (Doc. #1, ¶ 142.) Plaintiffs attached the Construction Contract to the Complaint, and it states that Defendant "is a supplier of building material for this custom home and is not a party to this Contract." (Doc. #1-2, p. 2.) The Court further agrees with Plaintiffs that "none of the Counts asserted against [Defendant]—either individually or jointly—rely on the Construction Contract, allege that [Defendant] is bound to

same, or allege that [Defendant] is liable pursuant to same." (Doc. #15, p. 14.) Consequently, the Court rejects Defendant's argument that Plaintiffs are estopped from refusing to arbitrate because they treat Defendant as a signatory to the Construction Contract.

Defendant argues Plaintiffs are estopped from refusing to arbitrate under the Construction Contract because the Complaint alleges "interdependent or concerted misconduct by both the non-signatory [D]efendant and the other signatory," Phillips Builders. (Doc. #11, p. 11.) "The concerted-misconduct test requires allegations of 'pre-arranged, collusive behavior' demonstrating that the claims are 'intimately founded in and intertwined with' the agreement at issue." *PRM Energy Sys.*, 592 F.3d at 835.

Upon review, the Court finds the Complaint does not make such allegations. As explained by Plaintiffs, "none of [the] claims against [Defendant] rely on the Construction Contract . . . Plaintiffs have not pled any allegations or causes of action against [Defendant] which would arise to 'pre-arranged, collusive behavior' demonstrating that their claims against [Defendant] are 'intimately founded in and intertwined with' the Construction Contract itself." (Doc. # 15, p. 15.)[6] Consequently, the Court rejects Defendant's argument that Plaintiffs are estopped from refusing to arbitrate under the concerted-misconduct test.

Defendant argues Plaintiffs are estopped from refusing to arbitrate because the claims against it "are so intertwined with the Construction Contract that it would be unfair to allow Plaintiffs to rely on the agreement in formulating their claims but to disavow . . . the arbitration clause of that same agreement." (Doc. #11, pp. 12-13.) This argument is rejected. "In Missouri, courts have rejected the 'inextricably intertwined' argument." *Scottrade, Inc. v. Variant, Inc.*,

---

[6] The Court further finds that certain alleged promises on Defendant's website (e.g., "on time," "your way," and "firm price") are not explicitly tied to or linked with the Construction Contract. (Doc. #1, ¶¶ 14-17.) The Court agrees with Plaintiffs that "[t]hese [alleged] promises . . . survive apart from [and allegedly predate] the Construction Contract." (Doc. #15, pp. 17-18.)

No. 4:13CV1710-RLW, 2015 WL 4605734, at * 6 (E.D. Mo. July 30, 2015). The "inextricably intertwined . . . theory is inconsistent with the overarching rule that arbitration is ultimately a matter of agreement between the parties." *Netco,* 194 S.W.3d at 361-62. Even if this theory were legally viable, the Court would reject it for the reasons similar to those discussed above. Consequently, the Court rejects Defendant's estoppel arguments.

Fourth, Defendant argues that Plaintiffs' claims against it are arbitrable under the Builder Agreement because Count VI of the Complaint asserts a third party beneficiary claim against Defendant and Phillips Builders. Defendant contends that "[b]ecause Plaintiffs claim to be third-party beneficiaries of the Builder Agreement . . . Plaintiffs are bound by the arbitration agreement therein." (Doc. #11, p. 14.) However, Plaintiffs have voluntarily dismissed Count VI pursuant to Federal Rule of Civil Procedure 41(a). Defendant's reply brief does not further address its initial third-party beneficiary argument. Consequently, Defendant's third party beneficiary argument is denied as moot.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that Defendant Wausau Homes Incorporated's Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration (Doc. #10) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2023