# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CHRISTINA FRANCIS and COLE FRANCIS, ) <br> Individually and on behalf of all those similarly situated ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAUSAU HOMES INCORPORATED, et. al ) <br> ) <br> Defendant. ) | Case No. 23-06019-CV-SRB |

## ORDER SETTING DEADLINES FOR FILING OF JOINT PROPOSED SCHEDULING ORDER AND FOR RULE 26(f) CONFERENCE

Counsel and their clients are reminded that the Court and the parties should construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Appended to this Order is the "Tenets of Professional Courtesy" adopted by the Kansas City Metropolitan Bar Association. COUNSEL SHOULD BE AWARE THAT THE COURT EXPECTS ADHERENCE TO THE TENETS BY ATTORNEYS APPEARING IN THIS DIVISION. FURTHER, THE COURT BELIEVES IT TO BE IN THE INTEREST OF ALL CONCERNED FOR PARTIES TO BE AWARE OF THE COURT'S EXPECTATION. TO THAT END, COUNSEL SHALL FORWARD A COPY OF THE TENETS TO ALL CLIENTS INVOLVED IN THIS ACTION.

Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.2, this case is set for a scheduling conference on. **January 5, 2024 at 11:30 a.m.** in Courtroom 7B at the United States District Courthouse in Kansas City, Missouri. Counsel for each party shall appear in-person at this conference, unless allowed to appear telephonically by order of the Court for good cause shown. Counsel who appears for each party must have authority to agree upon the proposals submitted in the joint proposed scheduling order/discovery plan.

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1(a), the parties shall meet to discuss settlement, make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and develop a proposed discovery plan as required by Fed. R. Civ. P. 26(f). This meeting shall take place no later than **December 8, 2023.** Discovery shall commence immediately after this conference is held or within the timeframe provided in Fed. R. Civ. P. 26(d)(2).

The parties shall file a joint proposed scheduling order/discovery plan by **December 22, 2023,** Plaintiff's counsel shall take the lead in preparing the proposed plan. The proposed plan shall comply with Fed. R. Civ. P. 16(b)(3) and Local Rules 16.1(d), 16.1(f), 26.1(c), and 26.1(d). The proposed plan shall state the anticipated length of the trial and whether the case will be tried to the Court or to a jury. The proposed trial date shall not be sooner than 120 days after the deadline proposed for filing dispositive motions. It is expected that the deadline for completing discovery will not exceed 180 days from when the last defendant was served, unless extended by the Court for good cause. Please refer to the document "Procedures as to Proposed Scheduling Orders and Pretrial Conferences" located on the Court's website in the Judges' section, under U.S. District Court Judge Stephen R. Bough (www.mow.uscourts.gov/judges/bough).

In the course of complying with Local Rule 16.1(d)(6), the parties may agree discovery should be governed by a protective order limiting the disclosure, use, and dissemination of confidential information. In this event, the parties should refer to the document "Guidelines for Agreed Protective Orders," and the form agreed protective order appended to that document, located on Judge Bough's court webpage at http://www.mow.uscourts.gov/judges/bough.

Pursuant to Fed. R. Civ. P. 26(f)(3)(C), the proposed plan should address any concerns or issues relating to the disclosure, discovery, or preservation of electronically stored information (ESI). If applicable, the plan should address (1) what ESI is available and where it resides; (2)

2

the preservation of information; (3) the ease/difficulty and cost of producing such information; (4) the schedule and format of production; and (5) agreements about privilege or work-product protection.

If the parties have not already complied with Local Rule 7.1, within fifteen (15) days of this Order, each non-governmental corporate party must file a statement identifying all parent companies, subsidiaries (except wholly-owned subsidiaries), and affiliates that have issued shares to the public.

If this case has been removed from state court and if a trial by jury has not already been specifically requested on the face of the Complaint or in a separate filing, the parties shall have twenty (20) days from the date of this Order to file a demand for trial by jury. Failure to file such a jury demand shall constitute a waiver of the right to a trial by jury. *See Bruns v. Amana*, 131 F.3d 761 (8th Cir. 1997).

In cases assigned to the Court's Mediation and Assessment Program (MAP), the MAP General Order requires that parties assigned to the outside mediator category electronically file the Designation of Mediator within 14 calendar days after the Rule 26 meeting and mediate the case within 75 calendar days after the Rule 26 meeting.

These deadlines will not be stayed absent leave of court. Counsel are reminded that the filing of motions, including motions to dismiss or remand, does not automatically stay any of the preceding deadlines.

Counsel are advised that the Court does not wish to receive courtesy copies of motions and other filings. The parties should not submit proposed orders in conjunction with routine motions, e.g. motions for extension of time and motions to modify the scheduling order. The parties shall submit proposed orders in conjunction with all motions, other than dispositive

3

motions, in which a specific, substantive ruling is sought by the Court, e.g. motions for entry of consent judgment, motions for temporary restraining order, motions for entry of a preliminary injunction, and motions for entry of a protective order. Such proposed orders shall be emailed in Word format to the Courtroom Deputy at sara_borneman@mow.uscourts.gov . With respect to discovery, counsel are reminded that:

1. The number, manner, and form of depositions, interrogatories, and requests for production are governed by Fed. R. Civ. P. 30, 31, 33, and 34, unless otherwise modified by the Court.
2. The procedure for resolving discovery disputes is governed by Local Rule 37.1.
3. The form of answers to certain discovery requests and the disclosures required by Fed. R. Civ. P. 26(a) is provided in Local Rule 26.2.
4. The filing of motions does not postpone discovery, absent an order of the Court to the contrary. L.R. 26.1(b).
5. Extensions of discovery deadlines are governed by Local Rule 16.3.

Given the decline in cases going to trial, opportunities for courtroom advocacy are increasingly rare. To assist in the training of the next generation of attorneys, the Court strongly encourages relatively inexperienced attorneys – in particular women and underrepresented minorities – to participate in all courtroom proceedings throughout the course of this litigation. Further, the Court is amenable to having multiple attorneys speak for one party if it creates an opportunity for a lawyer who is relatively inexperienced or from an underrepresented group.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2023

# **TENETS OF PROFESSIONAL COURTESY**

### I
### A LAWYER SHOULD NEVER KNOWINGLY DECEIVE ANOTHER LAWYER.

### II
### A LAWYER SHOULD HONOR PROMISES OR COMMITMENTS MADE TO ANOTHER LAWYER.

### III
### A LAWYER SHOULD MAKE ALL REASONABLE EFFORTS TO SCHEDULE MATTERS WITH OPPOSING COUNSEL BY AGREEMENT.

### IV
### A LAWYER SHOULD MAINTAIN A CORDIAL AND RESPECTFUL RELATIONSHIP WITH OPPOSING COUNSEL.

### V
### A LAWYER SHOULD SEEK SANCTIONS AGAINST OPPOSING COUNSEL ONLY WHERE REQUIRED FOR THE PROTECTION OF THE CLIENT AND NOT FOR MERE TACTICAL ADVANTAGE.

### VI
### A LAWYER SHOULD NOT MAKE UNFOUNDED ACCUSATIONS OF UNETHICAL CONDUCT ABOUT OPPOSING COUNSEL.

### VII
### A LAWYER SHOULD NEVER INTENTIONALLY EMBARRASS ANOTHER LAWYER AND SHOULD AVOID PERSONAL CRITICISM OF ANOTHER LAWYER.

### VIII
### A LAWYER SHOULD ALWAYS BE PUNCTUAL.

### IX
### A LAWYER SHOULD SEEK INFORMAL AGREEMENT ON PROCEDURAL AND PRELIMINARY MATTERS.