UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTINA FRANCIS and COLE FRANCIS, individually and on behalf of all those similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WAUSAU HOMES INCORPORATED, and PHILLIPS BUILDERS, LLC,<br><br>　　　　Defendants. | Case No. 5:23-cv-06019 |

**MOTION FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT**

COME NOW Plaintiffs, by and through their undersigned counsel, and Pursuant to Federal Rules of Civil Procedure 15(a)(2), 20, and 21, hereby move this Court for leave to file their First Amended Complaint. In support of said Motion, Plaintiffs state the following:

1. This case was filed as a putative class action on February 7, 2023, in the Western District of Missouri (St. Joseph). Since the time of initial filing, this case has gone through the Court's Mediation Assessment Program and the parties attempted an unsuccessful mediation on January 22, 2024. Following mediation, the parties served written discovery.

2. In reviewing the multiple thousands of pages of production from Defendant Wausau, it has become apparent that this present class action will most likely not meet the numerosity requirement of a class action. Thus, Plaintiffs seek leave to amend—and in addition to removing the class allegations, would add five party plaintiffs, one defendant, and one cause of action. *See* Plaintiff's Proposed First Amended Complaint, attached hereto as Exhibit 1 in accordance with Local Rule 15.1.

3. Plaintiffs seek to file their proposed First Amended Complaint, which would amend, *inter alia*, Plaintiff's Complaint to remove the class action allegations, add party Plaintiffs (Joshua and Jillian Temple, James and Vickie Lemasters, and Larry Martin) and facts specific to same, add one Defendant (Scott Phillips of Phillips Builders LLC) and facts specific to same (including alter ego), and add one additional cause of action for temporary nuisance.

4. A party may amend its pleading with an opposing party's consent or by leave of the Court. Fed. R. Civ. P. 15(a)(2). Defendant Wausau[1] has consented to the proposed addition of Scott Phillips.

5. For the other proposed amendments, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, justice so requires.

6. Under the liberal Rule 15 standard, granting Plaintiffs leave to amend their Complaint will not cause undue delay, nor any prejudice to Defendants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend pleadings is appropriate *only* if there are compelling reasons including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment."); *see Becker v. Univ. of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999) ("[A] motion to amend should be denied on the merits only if it asserts clearly frivolous claims or defenses.") (internal citations omitted); *and see Advanta-Star Auto. Rsch. Corp. of Am. v. JF Enterprises, LLC*, No. 09-0589-CV-W-GAF, 2010 WL 11565536, at *1 (W.D. Mo. Dec. 6, 2010) (confirming "amendments of pleadings are liberally permitted").

7. Permitting Plaintiffs to file their First Amended Complaint will not prejudice

---

[1] The only defendant currently entered in this case.

Defendant Wausau, nor are the amendments futile or frivolous.

8. For example, the proposed Temporary Nuisance claim brought by Plaintiffs flows naturally from the allegations in the original Complaint and set forth again in the proposed First Amended Complaint. To wit, it has consistently been alleged that Wausau Homes selected, vetted, chose, supervised, and had the power to place and control its local builders such as Phillips (who directly interacted with Plaintiffs' properties), that Wausau also directly interacted with Plaintiffs and their properties, and that Wausau was directly involved in shipping and delivering certain materials to Plaintiffs' properties as well. The incomplete structures and materials left on Plaintiffs' properties by Defendants created temporary nuisances under Missouri law. *See Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir. 2002) ("It is the facts well pleaded, not the theory of recovery or legal conclusions, that state a cause of action and put a party on notice."); *see Casey v. Orbital ATK, Inc.*, No. 4:18-CV-044-DGK, 2018 WL 3614984, at *2 (W.D. Mo. July 27, 2018) (motion to amend **granted** when "Plaintiff made an initial strategic decision to pursue only [certain] claims" initially and add additional claims later, which "she was free to do… because as a plaintiff she is master of her complaint.").

9. Moreover, the additional Plaintiffs named in the proposed pleading (the Temples, Lemasters, and Martin) were poised to be class members in the underlying action and therefore did not need to be individually named. Now, they are proposed party Plaintiffs due to the natural course of the litigation. *See* Fed. R. Civ. P. 20; Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

10. In fact, permissive joinder of the additional party Plaintiffs is more than appropriate. Fed. R. Civ. P. 20(a)(1) allows multiple plaintiffs to join in a single action if: (i) they

assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (ii) "any question of law or fact common to all plaintiffs will arise in the action." The purpose of Rule 20 is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits with duplicative discovery, creating extra burden on the courts. *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir. 1974) (citing 7 C. Wright, Federal Practice and Procedure § 1652 at 265 (1972)). Joinder of claims is strongly encouraged, and the impulse should trend toward broadening the scope of the action. *Id.* at 1333 (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)). A district court has broad discretion to determine whether joinder is appropriate. *Robinson v. Midwest Division-RMC, LLC*, No. 4:19-CV-0934-SRB, 2020 WL 3317614, at *2 (W.D. Mo. June 18, 2020) (citations omitted).

11. The Eighth Circuit has provided a very broad definition for the term "transaction" for permissive joinder. As stated in *Mosley,* 497 F.2d 1330:

> "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."

*See also In re Prempro Prod. Liab. Litig.,* 591 F.3d 613, 622 (8th Cir. 2010). Here, there is a strong logical relationship between the underlying facts and claims of the Francises (already brought) and the underlying facts and claims of the proposed additional Plaintiffs. For example: each of the Plaintiffs, original and new, live in Missouri and within the Western District; each obtained a Wausau home; each were assigned Phillips Builders as their local builder; each signed identical written form contracts for their Wausau homes between November 2019 and November 2020; each relied on the three Wausau Homes "Brand Promises" of on time, firm price, and your way, which were broken for each Plaintiff; each paid Defendants for work which was not done, and

over the "firm price" promise or guarantee; each Plaintiff had their house abandoned and left defective and unfinished by Phillips Builders and Wausau at or around the same time, and as a result of the *same set of circumstances* surrounding Phillips and Wausau; each Plaintiff has suffered damages as a result of *one occurrence and set of circumstances* between Phillips Builders and Wausau; and each Plaintiff is entitled to the same claims and causes of action. In other words, the *same actions* of Phillips Builders and Wausau affected multiple people at once, who now wish to be joined as Plaintiffs in this action. *See* Plaintiff's Proposed First Amended Complaint, Ex. 1.

12. The above paragraph also shows that facts "common to all plaintiffs will arise in the action" per FRCP 20(a)(1)(ii). With joinder of the additional Plaintiffs to this matter, multiple lawsuits with duplicative discovery will be avoided. *Mosley,* 497 F.2d at 1332. Permissive joinder will not only promote trial convenience and expedite the final determination of Plaintiffs' disputes, but it will also conserve the resources of the parties and the Court—leading to one matter versus four separate lawsuits and eliminating inconsistent adjudications of each. *Id.*; *see In re Midwest Milk Monopolization Litig.*, 730 F.2d 528, 531 (8th Cir. 1984) (noting that lack of joinder poses "serious risks" of "inconsistent adjudications" of the separate claims.). Plaintiffs therefore request that the additional party Plaintiffs be joined in this lawsuit as set forth in the First Amended Complaint. Ex. 1.

13. Finally, this motion and the proposed amended pleading are timely under the Court's Scheduling Order. ECF 39. The deadline for motions to amend and add parties is currently May 1, 2024. *Id.*

WHEREFORE Plaintiffs respectfully request this Court grant their Motion for Leave to File Plaintiffs' First Amended Complaint (Ex. 1) and for such further relief as the Court deems just and proper.

Dated: May 1, 2024                    Respectfully submitted,

                                      **KEANE LAW LLC**

                                      <u>/s/ *Tanner A. Kirksey*</u>
                                      Ryan A. Keane, #62112MO
                                      Tanner A. Kirksey, #72882MO
                                      7711 Bonhomme Ave, Suite 600
                                      St. Louis, MO 63105
                                      Phone: (314) 391-4700
                                      Fax: (314) 244-3778
                                      ryan@keanelawllc.com
                                      tanner@keanelawllc.com

                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and accurate copy of the foregoing was served electronically upon all counsel of record via the CM/ECF system on May 1, 2024.

     */s/ Tanner A. Kirksey*