# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTINA FRANCIS and COLE FRANCIS, JOSHUA TEMPLE and JILLIAN TEMPLE, JAMES LEMASTERS and VICKIE LEMASTERS, and LARRY MARTIN, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 5:23-cv-06019 ) ) |
| WAUSAU HOMES INCORPORATED, PHILLIPS BUILDERS, LLC, and | ) **JURY TRIAL DEMANDED** ) ) |
| SCOTT PHILLIPS<br>**Serve: Scott Phillips**<br>    **216 W. Walnut St.**<br>    **Clarinda, IA 51632** | ) ) ) ) ) |
| Defendants. | ) ) |

## FIRST AMENDED COMPLAINT

Plaintiffs Christina Francis and Cole Francis ("the Francises"), Joshua "Josh" Temple and Jillian "Jill" Temple ("the Temples"), James "Jim" Lemasters and Vickie Lemasters ("the Lemasters"), and Larry Martin ("Martin") (collectively "Plaintiffs"), for their First Amended Complaint against Defendants Wausau Homes Incorporated ("Wausau"), Phillips Builders, LLC ("Phillips Builders"), and Scott Phillips ("Phillips") (collectively "Defendants"), state to the Court as follows:

## NATURE OF ACTION

1.      This action arises from Defendants' breach of contracts, covenants, guarantees, and warranties, as well as misrepresentations, fraud, and negligence in connection with factory-built Wausau homes.

1

2.     Defendant Wausau combines with improperly vetted local contractors to provide deficient and defective homes. Touted as "revolutionary", these Wausau homes are instead the source of nightmares for would-be homeowners such as Plaintiffs.

3.     Defendant Wausau is aware of multiple, serious issues with local contractors such as Defendant Phillips (with Wausau's president even communicating with Plaintiffs directly on multiple occasions), and yet has done nothing.

4.     Plaintiffs therefore seek relief from Defendants for injuries, including: (a) damages; (b) attorneys' fees; (c) costs of this suit; (d) pre- and post-judgment interest; (e) punitive damages; and (f) such other and further relief as this Court may deem necessary and proper, and as set forth in Plaintiffs' Prayer for Relief below.

## PARTIES

5.     Plaintiffs Christina and Cole Francis are Missouri citizens residing in the County of Atchison in the State of Missouri.

6.     Plaintiffs Joshua ("Josh") and Jillian ("Jill") Temple are Missouri citizens residing in the County of Andrew in the State of Missouri.

7.     Plaintiffs James ("Jim") and Vickie Lemasters are Missouri citizens residing in the County of Pulaski in the State of Missouri.

8.     Plaintiff Larry Martin is a Missouri citizen residing in the County of Atchison in the State of Missouri.

9.     Wausau Homes Incorporated is a Wisconsin corporation with its principal place of business in Wisconsin. Wausau Homes operates in at least nine states, including Missouri, through a network that includes Wausau-approved local builders. Wausau Homes is a registered business in good standing within the State of Missouri and has a registered agent within this state.

2

10. Phillips Builders, LLC is an Iowa limited liability company with its principal place of business in Iowa. Phillips Builders was, at all relevant times herein, an approved local builder of Wausau Homes. Phillips Builders operated the Maryville, Missouri office of Wausau Homes.

11. Scott Phillips is an Iowa citizen residing in the County of Page in the State of Iowa.

## JURISDICTION AND VENUE

12. This Court has subject matter and original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (c), because the amount in controversy exceeds the sum or value of $75,000, Plaintiffs are citizens of the State of Missouri, Defendant Wausau is a citizen of the state of Wisconsin, and Defendants Phillips and Phillips Builders are citizens of the State of Iowa.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District and Division, a substantial part of the events or omissions giving rise to the claims occurred within this District and Division, a substantial part of the property that is the subject of the action is situated in this District and Division, and Plaintiffs reside in this District and Division.

14. Wausau and/or its subsidiaries and affiliates (including Phillips and Phillips Builders) continuously and systematically solicit customers and provide services within at least nine states, including Missouri, and therefore Defendants are subject to personal jurisdiction in this District and Division.

## FACTUAL ALLEGATIONS

15. On or about November 10, 2020, Plaintiffs Christina and Cole Francis entered a contract with Phillips Builders for the construction of a custom Wausau Homes residence in Fairfax, Missouri. Exhibit 1.

16. On or about September 29, 2020, Plaintiffs Josh and Jill Temple entered a contract

3

with Phillips Builders for the construction of a custom Wausau Homes residence in Cosby, Missouri. <u>Exhibits 2-3</u>.

17.     On or about November 7, 2019, Plaintiffs Jim and Vickie Lemasters entered a contract with Phillips Builders for the construction of a custom Wausau Homes residence in Devils Elbow, Missouri. <u>Exhibit 4</u>.

18.     On or about December 8, 2020, Plaintiff Larry Martin and his wife entered a contract with Phillips Builders for the construction of a custom Wausau Homes residence in Westboro, Missouri. <u>Exhibit 5</u>.

19.     The choice of Plaintiffs' new Wausau Homes residences (and any entities that would be contracted to build same) was the careful result of painstaking research, planning, and hard-earned savings by Plaintiffs.

20.     These Wausau Homes residences were to be the homes of Plaintiffs and their families.

21.     Plaintiffs chose the homes, their designs, and their floor plans, and confirmed the details and approval of same with Wausau's engineers and Phillips Builders.

22.     The finalized house plans had the Wausau Homes company logo placed on them.

<u>**Wausau Homes Provides Clear and Indisputable<br>Brand Promises to Homebuyers**</u>

23.     At the time Plaintiffs were researching their Wausau homes, Wausau touted three Wausau Homes "Brand Promises": (1) "your way"; (2) "firm price"; and (3) "on time".[1]

24.     The "**your way**" Wausau brand promise stated that "our custom home builders help you design and build your home, so you're only limited by your imagination."[2] Wausau stated that

---

[1] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[2] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/

"our first priority is working with you to create the perfect home design" and that "Wausau Homes ensures that your final design is the one of your dreams."[3]

25.    The "**firm price**" Wausau brand promise stated that "your final price is the same, from the start of construction to your move-in date, with no surprises."[4] According to Wausau, it has "spent more than 50 years perfecting our home building process so that your custom home is complete at the same firm price when you first signed… at a guaranteed price that meets your budget."[5]

26.    The "**on time**" Wausau brand promise stated that "your exact move-in date is guaranteed early in the process, giving you peace of mind."[6] Wausau promises "On Time. Every Time.", that "Our home builders will have you moving into your dream home on time… always with an exact move-in date", and that "Your local Wausau Homes builder will provide you with a firm building schedule and precise move-in date."[7]

27.    Wausau promised and advertised that "The Wausau Homes unique building process allows us to deliver custom dream homes on time and on budget—100% of the time, guaranteed."[8]

28.    Wausau promised satisfaction and quality workmanship ("the highest quality and precision—one [home] that fits your family's needs, and your budget"[9]).

29.    Wausau also promised a local builder ("search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."[10]).

30.    Wausau's website consistently identified these local builders as Wausau Homes

---

[3] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise
[4] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[5] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise
[6] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[7] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise
[8] https://web.archive.org/web/20190103170643/https://www.wausauhomes.com/your-experience/building-process
[9] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[10] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/

builders.

31.     Wausau intentionally advertised their builders as "your local Wausau Homes builder"[11] and "Our Home Builder Network"[12].

32.     Through social media and other advertising statements, Wausau held itself out as the "builder" and placed advertisements for the hiring of set crews and other contractors.

33.     When looking for local builders, potential buyers were instructed to "browse *our* home builders near you"[13] and select one of the "neighborhood experts"[14].

34.     One such local builder was Phillips Builders.

35.     Phillips Builders operated out of the Wausau Homes Maryville office, with a Wausau Homes email address, and a custom web page on the Wausau Homes website.[15]

36.     These local builders, such as Phillips, were celebrated as part of the Wausau Home Builder Network. According to Wausau:

> Not everyone can be a Wausau Homes builder. Each of the builders in our network goes through a comprehensive training program and uses the latest technology and software tools to simplify the homebuilding experience. We choose builders who share our core values of integrity, humility, stewardship, work ethic, and passion— and encourage community volunteering, sponsorship, and work alongside local community groups.[16]

37.     Wausau builders are granted franchises all over the Midwest.

38.     These franchises all use the exact same Wausau marketing materials, websites, blog posts, social media, e-mail addresses, e-mail servers, software, and Wausau logo, as required by

---

[11] https://web.archive.org/web/20190103194222/https://www.wausauhomes.com/your-experience/steps
[12] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about
[13] https://web.archive.org/web/20181231110507/https://www.wausauhomes.com/find-a-builder (emphasis added).
[14] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about
[15] https://web.archive.org/web/20181231110507/https://www.wausauhomes.com/find-a-builder;
https://web.archive.org/web/20200929102838/https://www.wausauhomes.com/find-a-builder/maryville-missouri
[16] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about

Wausau Homes.[17]

39.     These franchises were thoroughly advertised as "your local Wausau Homes builder" with all the requisite Wausau marks and trappings.[18]

40.     Based on these and other representations, advertisements, guarantees, and warranties seen or known by Plaintiffs, Plaintiffs chose to purchase and build Wausau homes.

41.     Plaintiffs filled out Wausau forms, Wausau verified the correct local builder, and received a response and confirmation from Wausau.

42.     Based on their location, Plaintiffs' contractor would be Phillips Builders.

43.     Plaintiffs had no choice in who their local Wausau builder would be.

44.     Plaintiffs trusted that Phillips was a competent builder and contractor, vetted and verified by Wausau and covered by the company guarantees enumerated herein.

45.     However, upon information and belief, Wausau does not provide testing or checks to verify the quality and competency of their local builders, including Phillips Builders.

46.     Upon information and belief, Wausau does not confirm or verify that its local builders would abide by (or are able to abide by) the company guarantees enumerated herein.

47.     Phillips Builders was not a competent builder and contractor.

48.     Phillips Builders was not properly vetted and verified by Wausau.

49.     Upon information and belief, Phillips Builders' contracting license expired during the relevant time period herein, yet he continued to build for Wausau including for all of the party Plaintiffs.

50.     Wausau was keenly aware of Phillips and Phillips Builders' financial problems and

---

[17] *See, e.g.*, https://web.archive.org/web/20200929102838/https://www.wausauhomes.com/find-a-builder/maryville-missouri
[18] https://web.archive.org/web/20190103194222/https://www.wausauhomes.com/your-experience/steps

other incompetencies as early as 2018.

51.     For example, on or around February 28, 2019, Wausau asked Phillips to review and sign a Confession of Judgment, requiring monthly payments to Wausau, in order to "continue our relationship." He did so. At this time, Phillips notified Wausau he could not even put five-thousand dollars together until the end of March 2019 and that he was "scraping for every dollar."

52.     Plaintiffs were *unaware* of Phillips Builders' incompetency, financial issues, and lack of vetting and verification by Wausau.

53.     Plaintiffs were instead provided Defendants' message that Phillips Builders was one of Wausau's "highly qualified local home builders" as set forth herein.

**Wausau Homes, Phillips, and Phillips Builders**
**Failed to Abide by Their Promises to Plaintiffs**

54.     Plaintiffs met with Phillips to discuss and solidify the details of their new homes.

55.     Shortly thereafter, Plaintiffs paid to have blueprints drawn up for their homes and began work on obtaining the necessary loans or financials.

56.     Defendants provided a firm price of $286,430.00 to build the Francises' Wausau Home. Ex. 1.

57.     Defendants provided a firm price of  $338,000.00 to build the Temples' Wausau Home. Ex. 2. This firm price was later increased by $6,300.00 to provide a deck/patio roof. Ex. 3.

58.     Defendants provided a firm price of $711,244.00 to build the Lemasters' Wausau Home. Ex. 4.

59.     Defendants provided a firm price of $240,000.00 to build the Martins' Wausau Home. Ex. 5.

60.     Each of the blueprints for Plaintiffs' homes were approved by a Wausau Homes corporate employee or agent and stamped with the Wausau logo.

8

61.     Plaintiffs relied on Defendants' promises, representations, and guarantees, such as "on time", "your way", "firm price", and that "not everyone can be a Wausau Homes builder" in the building of their homes.

62.     These promises and representations were provided by Phillips, Phillips Builders, and Wausau, as detailed herein.

63.     These promises and representations were not kept.

64.     Plaintiffs' homes were not completed on time.

65.     Plaintiffs' homes were not completed within the firm price.

66.     Plaintiffs' homes were not completed "your way" according to the homes' specifications.

### The Francis House

67.     The "on time" completion date for the Francises' home was June 1, 2021.

68.     Only five days after closing, Phillips Builders advised the Francises that the cost of materials was increasing. Thus began a trend of broken promises and guarantees by Defendants.

69.     As part of the on-time construction, the Francises' home was supposed to be "set" in April of 2021. The foundation work—including basement foundation forms—were supposed to be completed and concrete poured by this time.

70.     The April 2021 deadline was not met.

71.     As the house setting deadline was not met, the Francises were by told by Phillips Builders that they would have to provide an unplanned payment (deviating from the "firm price" schedule set forth in the contract) to have Wausau "hold" the framing, windows, and other materials for the house until the foundation was ready.

72.     The Wausau Homes on-time and firm price guarantees were broken.

9

73.     In May of 2021, the Francises' foundation walls had been completed *incorrectly*. The concrete floor slabs had still not been poured or set. The work was falling further behind schedule.

74.     After additional delay, the Francises' exterior and interior walls and framing were assigned by Wausau to a different Wausau Homes contractor before they were set.

75.     This separate Wausau-assigned contractor only created more problems.

76.     The Wausau-assigned contractor that was to install the exterior and interior walls and framing did not complete the work, and the work that was done was done incorrectly and with defects.

77.     For the next several months, the Francises notified Defendants of a multitude of serious issues.

78.     The foundation was not set correctly; it was the wrong size and contained multiple defects.

79.     The framing was not done correctly and contained multiple defects.

80.     The window glass in all of the windows was incorrect.

81.     The roof trusses were spaced incorrectly.

82.     The work of Wausau, Phillips, Phillips Builders, and other Wausau contractors was shockingly deficient.

83.     The Francises' home was not being built "your way".

84.     The only work that was "substantially completed" by the "on time" completion date was the exterior framing and foundation walls—everything else was in various states of disarray or incomplete.

85.     On or around July 11, 2021, the Francises were further alarmed when they

10

discovered water in the interior of their yet-to-be-completed home. They had to drain and dry the house themselves.

86.     One of Wausau's guarantees is that its homes will be "dried-in" quickly, within a matter of days. But the Francises' house had not been "dried-in" for approximately three months.

87.     The house's interior and all the materials contained within suffered damage as a result of Defendants' delays and broken guarantees.

88.     The Francises were forced to cover the interior (i.e. "dry-in" the house) quickly, and had a shingle roof installed instead of the agreed-upon metal roof. This was another violation of the Wausau Homes "your way" guarantee.

89.     On or around July 25, 2021, Phillips Builders requested and was issued another unplanned payment in violation of the contractual schedule. No work followed.

90.     In August of 2021, Phillips Builders advised it had used the Francises' last payment on their home for a *different project altogether*, and was waiting on an insurance claim to finalize before Phillips could pay the Francises back.

91.     The Francises' growing concerns prompted them to contact the Wausau Homes Corporate Office. Plaintiffs requested a site inspection from Wausau, which was agreed to by a representative of Wausau.

92.     Wausau Homes then informed Plaintiffs that Phillips Builders was considering bankruptcy. Wausau advised the Francises to hire a personal attorney.

93.     Wausau removed Wausau Homes Maryville from their website and builder network.

94.     The Francises' last contact with Scott Phillips and Phillips Builders was around August of 2021.

95.     The Francises tried to locate new contractors to come and work on the unfinished home.

96.     The Francises were forced to complete work on their unfinished house in order to protect it from further damage. This work included, but was not limited to, gutters, doors and doorways, utilities, re-grading of erosion damage, and attempts to prevent further erosion.

97.     The Francises have incurred unexpected costs and expenses for labor, extended construction loan payments, the difference in construction loan interest, and additional costs and living expenses.

98.     The Francises would not have had to incur these expenses had Defendants completed the home on time, with a firm price, and their way.

### The Temple House

99.     The first draw payment for the Temples' home was made to Scott Phillips and Phillips Builders around December 31, 2020.

100.    The initial groundbreaking for the Temples' home was not started until around February 27, 2021.

101.    Thus began a similar trend of broken promises and guarantees by Defendants.

102.    The "on time" completion date for the Temples' home was May 1, 2021.

103.    Around March of 2021, foundation and concrete work was started for the home.

104.    In April of 2021, Defendants provided and delivered the walls for the Temples' home in order to begin framing.

105.    However, two of the tractor-trailer trucks carrying the walls and other Wausau materials had wrecked and damaged the walls, trusses, and several windows.

106.    Upon information and belief, Phillips filed a claim with Wausau for the damaged

12

walls, trusses, and windows.

107. Upon information and belief, Wausau *refused* to send replacements, telling Phillips to patch up the materials, get them repaired, and use them in the home.

108. Wausau's guarantee was that the house would be set and sealed within a week of framing. The Temples' home was not set and sealed within a week of framing.

109. Between the time of framing and the time the house was set and sealed, the Temples' house flooded several times—including with several inches of mud—which the Temples were forced to shop-vac themselves.

110. One of Wausau's guarantees is that its homes will be "dried-in" quickly, within a matter of days. But the Temples house had not been "dried-in" within the Wausau guaranteed timeframe.

111. The interior of the house and the materials contained therein suffered damage as a result.

112. It was not until the end of May, 2021, that roofing paper was put on the house.

113. The Temples' home was not substantially completed in May of 2021, as promised.

114. On or around June 13, 2021, Defendants finally put the metal roof on the Temples' house. But it was the wrong color and the wrong gauge/thickness.

115. As of June 27, 2021, the Temples' basement still had no windows or doors, and was open to the elements.

116. Over the next month or two, Defendants poured partial concrete for the garage and installed some additional windows and doors.

117. Around September 2, 2021, Phillips informed the Temples that Phillips had had his business bank account garnished, and all funds taken. Phillips stated he had a meeting coming up

that would provide guidance on how to proceed.

118.    Since September of 2021, Phillips has not responded to any follow-up correspondence from the Temples.

119.    After September of 2021, Jay Schuette, owner and CEO of Wausau Homes, contacted the Temples and confirmed that Phillips and Phillips Builders were having financial troubles.

120.    The Temples' bank sent an inspector/appraiser out to the house to see the status of the house after Phillips abandoned the job.

121.    The inspector determined the house was 49% complete.

122.    Based on the draw requests and misrepresentations from Phillips and Phillips Builders, however, Phillips had already obtained five of the six draws, totaling approximately 95% of the contract price.

123.    These draws included representations that they were for the house rough-in, plumbing, and electrical—work that was not done.

124.    The Temples were forced to finish the remainder of the work without the assistance of Defendants.

125.    The Temples incurred unexpected expenses for multiple construction items, including but not limited to siding, masonry, guttering materials and install, lumber, faucets and valves, cabinets and countertops, toilets, all electrical, all plumbing, paint and paint materials, fans, flooring, concrete, doors and garage doors, deck materials, insulation, HVAC and water heating, dirt work, driveway material, and landscaping.

126.    The Temples would not have had to incur these expenses had Defendants completed the home on time, with a firm price, and their way.

14

127.    Furthermore, these expenses were supposed to be part of the draw payments Defendants Phillips and Phillips Builders had already received and been paid.

128.    The Wausau Homes on-time and firm price guarantees were broken.

129.    The Wausau Homes "your way" guarantee was broken.

130.    The Temples were forced to finish the remainder of the work without the assistance of Defendants.

131.    The Temples' house was not substantially completed until around February of 2022. However, there remain certain items that were still not completed, completed with defects, or were not completed "your way" as promised.

132.    In addition, the Temples incurred unexpected costs and expenses for additional contractors, labor, materials and other costs, extended construction loan payments made after Defendants' "on time" completion date, the difference in construction loan interest due to the lack of "on time" completion, and additional costs in rental payments and living expenses while the house was in a state of disrepair and waiting for completion.

133.    The Temples would not have had to incur these costs and expenses either if Defendants had completed the home on time, with a firm price, and their way.

**The Lemasters House**

134.    The Lemasters' Wausau Home was set in February of 2020.

135.    From the beginning, Defendants were moving slower than the contractually-scheduled completion dates.

136.    With less than fifty percent of the house interior complete, Phillips and Phillips Builders began demanding payment for ninety-five percent of the contract price.

137.    This was one of the first indications Defendants would not follow the "firm price"

guarantee.

138.    The "on time" completion date for the Lemasters' home was June 1, 2020.

139.    In June of 2020, Phillips told the Lemasters their house would be finished soon and they could move into the house.

140.    Relying on Phillips' promises and representations, the Lemasters began moving from Hawaii and had their belongings shipped to the house address.

141.    The house was not finished.

142.    The house was not ready to move in.

143.    Phillips rented three shipping containers to store the house items the Lemasters had shipped from Hawaii. One shipping container was broken into.

144.    Phillips continued to claim he and the business were losing money, and that he needed more money to continue.

145.    The Lemasters, unaware of any fraud, obliged.

146.    Around June of 2021, Phillips began taking away his tools under the guise that some were "stolen" and that he needed to take an inventory.

147.    Around that time, Phillips also began taking away some of the materials for the Lemasters' home that were already delivered to the site.

148.    Around August of 2021, Phillips and Phillips Builders had a contractor come out and install the garage doors on the Lemasters' house. This was the last action taken by Defendants.

149.    Defendants then stopped working on the Lemasters house entirely.

150.    On or around August 30, 2021, Phillips stopped responding to the Lemasters.

151.    At that time, Phillips and Phillips Builders had collected around 95% of the cost of the build for the Lemasters house.

16

152.     At that time, the house was not 95% complete.

153.     The Wausau Homes on-time and firm price guarantees were broken.

154.     Wausau Homes continued to ship replacements for incorrect and damaged items to the Lemaster property until around March of 2022.

155.     The Lemasters were forced to finish the remainder of the work without the assistance of Defendants.

156.     The Wausau Homes "your way" guarantee was broken.

157.     The Lemasters incurred unexpected expenses for multiple construction items, including but not limited to heating and cooling, all flooring, cabinets, plumbing, electrical, lighting, gutters, masonry, chimney work, gas lines, stairways and railings, decking and decking supplies, driveway and other concrete work, propane installation and piping, molding, covers, switches, doors, fans, sinks and faucets, and even the fixing of damaged materials already installed by Defendants.

158.     The Lemasters would not have had to incur these expenses had Defendants completed the home on time, with a firm price, and their way.

159.     In addition, the Lemasters incurred unexpected costs and expenses due to paying for Defendants' builders risk insurance for two years (rather than the three months that was promised), for additional contractors and other costs incurred after Defendants' "on time" completion date, and for additional costs in living expenses while the house was in a state of disrepair and waiting for completion.

160.     The Lemasters also had to sell certain property in order to fund the finishing of the home, which was not planned and would not have occurred had the house been completed according to Defendants' guarantees.

17

161.    The Lemasters would not have had to incur these costs and expenses either if Defendants had completed the home on time, with a firm price, and their way.

162.    Around August 30, 2021, the Lemasters reached out and heard from a representative of Wausau that Phillips was planning to file from bankruptcy. Wausau indicated the Lemasters should hire an attorney.

## The Martin House

163.    After signing the contract for a Wausau home, Martin paid Defendants for the blueprint and provided a down payment.

164.    Phillips and Phillips Builders immediately demanded more money (tens of thousands more) in order to get started on certain concrete footings for the house.

165.    Unaware of Defendants' propensities, Martin obliged and paid.

166.    In early 2021, Phillips and Phillips Builders began groundwork for the house and began work on the concrete footings via a separate contractor.

167.    After Defendants were paid the down payment and some additional monies, they left and disappeared.

168.    Martin was unable to get a hold of Phillips or Phillips Builders.

169.    Shortly after Phillips left, Martin spoke with Jay Schuette of Wausau Homes, who confirmed that Phillips and Phillips Builders were having financial troubles and that Wausau was aware of these troubles.

170.    Then, Martin himself had to tell the concrete contractor about Phillips' disappearance.

171.    Martin was forced to finish the remainder of the work without the assistance of Defendants.

18

172.    Martin found another contractor to finish the work.

173.    The new contractor had to tear up what little work was done on the concrete footings and start again.

174.    Defendants' "on time" completion date for the Martins' home was August 15, 2021.

175.    The Martins' home not completed until November of 2023.

176.    Martin incurred unexpected expenses for multiple construction items, including but not limited to the house foundation, flooring, drains and sump pit, gas lines, all electrical, all plumbing, furnace and ducting, central air, construction of the garage, the driveway, steps, and sidewalks, the patio and sunroom, storage room, gutters and downspouts, doors, windows, stairways, and landscaping.

177.    The Wausau Homes on-time and firm price guarantees were broken.

178.    The Wausau Homes "your way" guarantee was broken.

179.    Martin would not have had to incur these expenses had Defendants completed the home on time, with a firm price, and his way.

180.    In addition, Martin incurred unexpected costs and expenses for construction loan payments made after Defendants' "on time" completion date, the difference in loan interest due to the lack of "on time" completion, and additional costs in living expenses while the house was in a state of disrepair and waiting for completion.

181.    Martin would not have had to incur these costs and expenses either if Defendants had completed the home on time, with a firm price, and his way.

<u>**Wausau Homes has Refused to Take Responsibility<br>for Its Actions and Inactions**</u>

182.    Wausau's president, Mr. Jay Schuette, personally called and wrote Plaintiffs regarding the incidents contained herein.

19

183.     For example, Mr. Schuette acknowledged that certain building materials were missing or incorrect, that certain work was defective, that Phillips and Phillips Builders had known financial issues, and that certain materials were being hoarded in one big warehouse.

184.     Mr. Schuette further stated that Wausau was aware of at least nine other homeowners that were affected by Phillips Builders' illegal and fraudulent actions.

185.     Mr. Schuette promised Plaintiffs (including the Francises and Temples) that Wausau would make sure all missing materials were provided, and stated Wausau would "do everything to alleviate the situation".

186.     Wausau Homes has refused to correct its actions or the actions of its builders.

187.     Mr. Schuette even suggested certain Plaintiffs reach out to their friends to finish their houses for them instead of Wausau.

188.     Rather than correct Wausau's actions or the actions of its builders, and complete the houses as promised, Wausau took limited to no action.

189.     For example, the only action Wausau took for the Francises was to offer a small payment ($4,800) for the incorrect roof trusses, replace one staircase, and replace windows.

190.     The Francises' home remains incomplete, above the firm price given by Defendants, and contains modifications from Defendants' specifications and/or defective work.

191.     The Temples' home was completed late, above the firm price given by Defendants, and with modifications from Defendants' specifications and/or defective work.

192.     The Lemasters' home remains incomplete, above the firm price given by Defendants, and contains modifications from Defendants' specifications and/or defective work.

193.     The Martins' home was completed late, above the firm price given by Defendants, and with modifications from Defendants' specifications.

194. The inaction of Wausau has caused further damages to Plaintiffs. For example, loan interest rates have continued to go up, Plaintiffs have been forced to approach other contractors (with little to no success or with higher rates), and their savings have been significantly harmed or depleted.

195. Plaintiffs' situation, claims, and damages are not unique.

196. For years (and potentially decades), Wausau has provided defective homes to numerous individuals and families through and with the assistance of improperly vetted builders.

197. For years (and predating the date of Plaintiffs' contracts as identified herein), Wausau was aware of Phillips and Phillips Builders' issues with capitalization, funding, misuse of funds, delinquent payments, and judgments.

**COUNT I**
**VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT**
**("MMPA") AGAINST ALL DEFENDANTS**
**(MO. REV. STAT. §§ 407.020, *et seq.*)**

198. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

199. The Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 (West 2010), provides, in part, as follows:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce … in or from the state of Missouri, is declared to be an unlawful practice … Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

200. The Missouri Merchandising Practices Act further provides for a civil action to recover damages in Mo. Rev. Stat. § 407.025.1, as follows:

Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

201.    This Count is brought to secure redress for the unlawful, deceptive and unfair trade practices perpetrated by Defendants.

### *Subpart for the Francises*

202.    Defendants' business practices in connection with the sale and advertisement of Wausau Homes—stating that merchandise, i.e. homes, are built by a highly qualified local home builder, your way, with a firm price and on time completion guarantee—is an unconscionable, unfair, and deceptive act or practice and constitutes multiple, separate violations of Mo. Rev. Stat. § 407.020 because the homes are in fact not built by a highly qualified home builder, are not built the buyers' way, do not have firm prices, and are not completed on time. Moreover, these homes are defective and deficient, and fail to meet the quality guarantees and advertisements of Defendants.

203.    Plaintiffs purchased a Wausau home, as set forth above and herein.

204.    Such purchase of a Wausau home was primarily for personal, family, or household purposes.

205.    In connection with the sale of Wausau's products, Defendants misrepresented the home as built by a highly qualified home builder, your way, with a firm price and on time completion, and in a quality and workmanlike manner, when in fact the home was not, as set forth in this Complaint.

206.    In connection with the sale of Plaintiffs' Wausau home, Defendants concealed material facts, namely that the home would not be built by a highly qualified home builder, would not be built to the buyer's specifications, would not be guaranteed a firm price, would not be guaranteed on time completion, and would not be built in a quality and workmanlike manner.

207.    Defendants' concealment, suppression, misrepresentations and/or omission as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiffs, regarding Wausau's products.

208.    In violation of the MMPA, Defendants employed fraud, deception, false promise, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts in its sale and advertisement of Wausau homes in the State of Missouri.

209.    Defendants engaged in the concealment, suppression, misrepresentations and/or omission of the aforementioned material facts with the intent that others, such as Plaintiffs and/or the general public would rely upon the concealment, suppression, misrepresentation and/or omission of such material facts and purchase Wausau Homes and products.

210.    As a result of their purchase of Wausau products and Defendants' actions, Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

211.    Plaintiffs are entitled to recover their actual damages, attorneys' fees, and injunctive or other equitable relief, pursuant to Missouri law, including Mo. Rev. Stat. § 407.025.

*Subpart for the Temples*

212.    Defendants' business practices in connection with the sale and advertisement of Wausau Homes—stating that merchandise, i.e. homes, are built by a highly qualified local home builder, your way, with a firm price and on time completion guarantee—is an unconscionable, unfair, and deceptive act or practice and constitutes multiple, separate violations of Mo. Rev. Stat. § 407.020 because the homes are in fact not built by a highly qualified home builder, are not built the buyers' way, do not have firm prices, and are not completed on time. Moreover, these homes are defective and deficient, and fail to meet the quality guarantees and advertisements of Defendants.

213.    Plaintiffs purchased a Wausau home, as set forth above and herein.

214.    Such purchase of a Wausau home was primarily for personal, family, or household purposes.

215.    In connection with the sale of Wausau's products, Defendants misrepresented the home as built by a highly qualified home builder, your way, with a firm price and on time completion, and in a quality and workmanlike manner, when in fact the home was not, as set forth in this Complaint.

216.    In connection with the sale of Plaintiffs' Wausau home, Defendants concealed material facts, namely that the home would not be built by a highly qualified home builder, would not be built to the buyer's specifications, would not be guaranteed a firm price, would not be guaranteed on time completion, and would not be built in a quality and workmanlike manner.

217.    Defendants' concealment, suppression, misrepresentations and/or omission as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiffs,

24

regarding Wausau's products.

218. In violation of the MMPA, Defendants employed fraud, deception, false promise, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts in its sale and advertisement of Wausau homes in the State of Missouri.

219. Defendants engaged in the concealment, suppression, misrepresentations and/or omission of the aforementioned material facts with the intent that others, such as Plaintiffs and/or the general public would rely upon the concealment, suppression, misrepresentation and/or omission of such material facts and purchase Wausau Homes and products.

220. As a result of their purchase of Wausau products and Defendants' actions, Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

221. Plaintiffs are entitled to recover their actual damages, attorneys' fees, and injunctive or other equitable relief, pursuant to Missouri law, including Mo. Rev. Stat. § 407.025.

### *Subpart for the Lemasters*

222. Defendants' business practices in connection with the sale and advertisement of Wausau Homes—stating that merchandise, i.e. homes, are built by a highly qualified local home builder, your way, with a firm price and on time completion guarantee—is an unconscionable, unfair, and deceptive act or practice and constitutes multiple, separate violations of Mo. Rev. Stat. § 407.020 because the homes are in fact not built by a highly qualified home builder, are not built the buyers' way, do not have firm prices, and are not completed on time. Moreover, these homes are defective and deficient, and fail to meet the quality guarantees and advertisements of

25

Defendants.

223.    Plaintiffs purchased a Wausau home, as set forth above and herein.

224.    Such purchase of a Wausau home was primarily for personal, family, or household purposes.

225.    In connection with the sale of Wausau's products, Defendants misrepresented the home as built by a highly qualified home builder, your way, with a firm price and on time completion, and in a quality and workmanlike manner, when in fact the home was not, as set forth in this Complaint.

226.    In connection with the sale of Plaintiffs' Wausau home, Defendants concealed material facts, namely that the home would not be built by a highly qualified home builder, would not be built to the buyer's specifications, would not be guaranteed a firm price, would not be guaranteed on time completion, and would not be built in a quality and workmanlike manner.

227.    Defendants' concealment, suppression, misrepresentations and/or omission as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiffs, regarding Wausau's products.

228.    In violation of the MMPA, Defendants employed fraud, deception, false promise, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts in its sale and advertisement of Wausau homes in the State of Missouri.

229.    Defendants engaged in the concealment, suppression, misrepresentations and/or omission of the aforementioned material facts with the intent that others, such as Plaintiffs and/or the general public would rely upon the concealment, suppression, misrepresentation and/or omission of such material facts and purchase Wausau Homes and products.

230.     As a result of their purchase of Wausau products and Defendants' actions, Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

231.     Plaintiffs are entitled to recover their actual damages, attorneys' fees, and injunctive or other equitable relief, pursuant to Missouri law, including Mo. Rev. Stat. § 407.025.

### *Subpart for Martin*

232.     Defendants' business practices in connection with the sale and advertisement of Wausau Homes—stating that merchandise, i.e. homes, are built by a highly qualified local home builder, your way, with a firm price and on time completion guarantee—is an unconscionable, unfair, and deceptive act or practice and constitutes multiple, separate violations of Mo. Rev. Stat. § 407.020 because the homes are in fact not built by a highly qualified home builder, are not built the buyers' way, do not have firm prices, and are not completed on time. Moreover, these homes are defective and deficient, and fail to meet the quality guarantees and advertisements of Defendants.

233.     Plaintiff purchased a Wausau home, as set forth above and herein.

234.     Such purchase of a Wausau home was primarily for personal, family, or household purposes.

235.     In connection with the sale of Wausau's products, Defendants misrepresented the home as built by a highly qualified home builder, your way, with a firm price and on time completion, and in a quality and workmanlike manner, when in fact the home was not, as set forth in this Complaint.

27

236. In connection with the sale of Plaintiff's Wausau home, Defendants concealed material facts, namely that the home would not be built by a highly qualified home builder, would not be built to the buyer's specifications, would not be guaranteed a firm price, would not be guaranteed on time completion, and would not be built in a quality and workmanlike manner.

237. Defendants' concealment, suppression, misrepresentations and/or omission as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff, regarding Wausau's products.

238. In violation of the MMPA, Defendants employed fraud, deception, false promise, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts in its sale and advertisement of Wausau homes in the State of Missouri.

239. Defendants engaged in the concealment, suppression, misrepresentations and/or omission of the aforementioned material facts with the intent that others, such as Plaintiff and/or the general public would rely upon the concealment, suppression, misrepresentation and/or omission of such material facts and purchase Wausau Homes and products.

240. As a result of their purchase of Wausau products and Defendants' actions, Plaintiff sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

241. Plaintiff is entitled to recover his actual damages, attorneys' fees, and injunctive or other equitable relief, pursuant to Missouri law, including Mo. Rev. Stat. § 407.025.

### *Prayer for Relief on Count I*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, including attorneys' fees under the MMPA, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT II
## FRAUDULENT MISREPRESENTATION AGAINST WAUSAU

242.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francises*

243.    Defendant Wausau made certain representation of fact to Plaintiffs, including:

(a) That their home would be built on time;

(b) That their home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The home would be built free from defect and deficiencies.

244.    These representations were made to Plaintiffs, as set forth above and herein.

245.    Each of these representations pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

246.    Defendant knew the falsity of these representations to Plaintiffs, or at least acted in reckless disregard for the truth or falsity of same.

29

247. These representations were material, in that they constituted specific guarantees and statements as to the quality, timeliness, and cost of the Plaintiffs' home, as well as the quality and trustworthiness of the contractor working on it.

248. Wausau intended that these representations be acted on by Plaintiffs, as part of the sale of their home.

249. The information was provided intentionally by Defendant to the Francises, as set forth above and herein.

250. Plaintiffs were ignorant of the truth or falsity of the above representations.

251. Plaintiffs relied on the representations of Wausau. They purchased Wausau blueprints, contracted for a Wausau home, and were assigned a Wausau local builder for same, as set forth above and herein.

252. Plaintiffs had a right to rely on Wausau's truthfulness. They were entrusting a future family home to the Defendants.

253. As a result of Wausau's fraudulent misrepresentations and Plaintiffs' reliance upon same, Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Temples*

254. Defendant Wausau made certain representation of fact to Plaintiffs, including:

(a) That their home would be built on time;

(b) That their home would be built "your way" according to the agreed-upon specifications;

30

(c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The homes would be built free from defect and deficiencies.

255.   These representations were made to Plaintiffs, as set forth above and herein.

256.   Each of these representations pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

257.   Defendant knew the falsity of these representations to Plaintiffs, or at least acted in reckless disregard for the truth or falsity of same.

258.   These representations were material, in that they constituted specific guarantees and statements as to the quality, timeliness, and cost of the Plaintiffs' home, as well as the quality and trustworthiness of the contractor working on it.

259.   Wausau intended that these representations be acted on by Plaintiffs, as part of the sale of their home.

260.   The information was provided intentionally by Defendant to the Temples, as set forth above and herein.

261.   Plaintiffs were ignorant of the truth or falsity of the above representations.

262.   Plaintiffs relied on the representations of Wausau. They purchased Wausau blueprints, contracted for a Wausau home, and were assigned a Wausau local builder for same, as set forth above and herein.

263.   Plaintiffs had a right to rely on Wausau's truthfulness. They were entrusting a future family home to the Defendants.

264. As a result of Wausau's fraudulent misrepresentations and Plaintiffs' reliance upon same, Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Lemasters*

265. Defendant Wausau made certain representation of fact to Plaintiffs, including:

(a) That their home would be built on time;

(b) That their home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The home would be built free from defect and deficiencies.

266. These representations were made to Plaintiffs, as set forth above and herein.

267. Each of these representations pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

268. Defendant knew the falsity of these representations to Plaintiffs, or at least acted in reckless disregard for the truth or falsity of same.

269. These representations were material, in that they constituted specific guarantees and statements as to the quality, timeliness, and cost of the Plaintiffs' home, as well as the quality and trustworthiness of the contractor working on it.

270. Wausau intended that these representations be acted on by Plaintiffs, as part of the sale of their home.

271. The information was provided intentionally by Defendant to the Lemasters, as set forth above and herein.

272. Plaintiffs were ignorant of the truth or falsity of the above representations.

273. Plaintiffs relied on the representations of Wausau. They purchased Wausau blueprints, contracted for a Wausau home, and were assigned a Wausau local builder for same, as set forth above and herein.

274. Plaintiffs had a right to rely on Wausau's truthfulness. They were entrusting a future family home to the Defendants.

275. As a result of Wausau's fraudulent misrepresentations and Plaintiffs' reliance upon same, Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for Martin*

276. Defendant Wausau made certain representation of fact to Plaintiff, including:

(a) That his home would be built on time;

(b) That his home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The home would be built free from defect and deficiencies.

277.    These representations were made to Plaintiff, as set forth above and herein.

278.    Each of these representations pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

279.    Defendant knew the falsity of these representations to Plaintiff, or at least acted in reckless disregard for the truth or falsity of same.

280.    These representations were material, in that they constituted specific guarantees and statements as to the quality, timeliness, and cost of the Plaintiff's home, as well as the quality and trustworthiness of the contractor working on it.

281.    Wausau intended that these representations be acted on by Plaintiff, as part of the sale of the home.

282.    The information was provided intentionally by Defendant to Martin, as set forth above and herein.

283.    Plaintiff was ignorant of the truth or falsity of the above representations.

284.    Plaintiff relied on the representations of Wausau. He purchased Wausau blueprints, contracted for a Wausau home, and was assigned a Wausau local builder for same, as set forth above and herein.

285.    Plaintiff had a right to rely on Wausau's truthfulness. He was entrusting a future family home to the Defendants.

286.    As a result of Wausau's fraudulent misrepresentations and Plaintiff's reliance upon same, Plaintiff sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of

34

defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### ***Prayer for Relief for Count II***

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT III
## NEGLIGENT MISREPRESENTATION AGAINST WAUSAU

287. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### ***Subpart for the Francises***

288. Defendant Wausau made certain representation of fact to Plaintiffs, including:

(a) That the home would be built on time;

(b) That the home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The home would be built free from defect and deficiencies.

289. These representations were made to Plaintiffs, as set forth above and herein.

290. Each of these pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

291. Because of a failure by the Defendant to exercise reasonable care and competence,

the information and representations enumerated above were false.

292.    The information was provided intentionally by the Defendant to the Plaintiffs as members of a limited group, and in a particular business transaction, for the advertisement, purchase, and sale of a Wausau home.

293.    The information was provided intentionally by Defendant to the Francises, as set forth above and herein.

294.    Alternatively, Defendant had a legal or other duty to disclose information that it omitted to supply, being tantamount to false information, in the advertisement, purchase, and sale of a Wausau home.

295.    For example, Wausau knew and was aware that Phillips was "scraping for every dollar" mere months before signing a contract with Plaintiffs, was paying Wausau pursuant to a judgment, and had to be followed up with multiple times for late payments.

296.    Yet Phillips was still allowed to build for Wausau.

297.    Plaintiffs justifiably relied on the information supplied by Wausau specific to their home. This information was a material factor influencing final action by Plaintiffs, including the purchase of the Wausau Home.

298.    As a result of Plaintiffs' reliance on the information supplied by Wausau, Plaintiffs were injured. Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Temples*

299.    Defendant Wausau made certain representation of fact to Plaintiffs, including:

36

(a) That the home would be built on time;

(b) That the home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The home would be built free from defect and deficiencies.

300. These representations were made to Plaintiffs, as set forth above and herein.

301. Each of these pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

302. Because of a failure by the Defendant to exercise reasonable care and competence, the information and representations enumerated above were false.

303. The information was provided intentionally by the Defendant to the Plaintiffs as members of a limited group, and in a particular business transaction, for the advertisement, purchase, and sale of a Wausau home.

304. The information was provided intentionally by Defendant to the Temples, as set forth above and herein.

305. Alternatively, Defendant had a legal or other duty to disclose information that it omitted to supply, being tantamount to false information, in the advertisement, purchase, and sale of a Wausau home.

306. For example, Wausau knew and was aware that Phillips was "scraping for every dollar" mere months before signing a contract with Plaintiffs, was paying Wausau pursuant to a

judgment, and had to be followed up with multiple times for late payments.

307. Yet Phillips was still allowed to build for Wausau.

308. Plaintiffs justifiably relied on the information supplied by Wausau specific to their home. This information was a material factor influencing final action by Plaintiffs, including the purchase of the Wausau Home.

309. As a result of Plaintiffs' reliance on the information supplied by Wausau, Plaintiffs were injured. Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Lemasters*

310. Defendant Wausau made certain representation of fact to Plaintiffs, including:

    (a) That the home would be built on time;

    (b) That the home would be built "your way" according to the agreed-upon specifications;

    (c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

    (d) The home would be built with a firm price; and that

    (e) The home would be built free from defect and deficiencies.

311. These representations were made to Plaintiffs, as set forth above and herein.

312. Each of these pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

313.     Because of a failure by the Defendant to exercise reasonable care and competence, the information and representations enumerated above were false.

314.     The information was provided intentionally by the Defendant to Plaintiffs as members of a limited group, and in a particular business transaction, for the advertisement, purchase, and sale of a Wausau home.

315.     The information was provided intentionally by Defendant to the Lemasters, as set forth above and herein.

316.     Alternatively, Defendant had a legal or other duty to disclose information that it omitted to supply, being tantamount to false information, in the advertisement, purchase, and sale of a Wausau home.

317.     For example, Wausau knew and was aware that Phillips was "scraping for every dollar" mere months before signing a contract with Plaintiffs, was paying Wausau pursuant to a judgment, and had to be followed up with multiple times for late payments.

318.     Yet Phillips was still allowed to build for Wausau.

319.     Plaintiffs justifiably relied on the information supplied by Wausau specific to their home. This information was a material factor influencing final action by Plaintiffs, including the purchase of the Wausau Home.

320.     As a result of Plaintiffs' reliance on the information supplied by Wausau, Plaintiffs were injured. Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for Martin*

321. Defendant Wausau made certain representation of fact to Plaintiff, including:

    (a) That his home would be built on time;

    (b) That his home would be built "your way" according to the agreed-upon specifications;

    (c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

    (d) The home would be built with a firm price; and that

    (e) The home would be built free from defect and deficiencies.

322. These representations were made to Plaintiff, as set forth above and herein.

323. Each of these pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

324. Because of a failure by the Defendant to exercise reasonable care and competence, the information and representations enumerated above were false.

325. The information was provided intentionally by the Defendant to Plaintiff as a member of a limited group, and in a particular business transaction, for the advertisement, purchase, and sale of a Wausau home.

326. The information was provided intentionally by Defendant to Martin, as set forth above and herein.

327. Alternatively, Defendant had a legal or other duty to disclose information that it omitted to supply, being tantamount to false information, in the advertisement, purchase, and sale of a Wausau home.

328. For example, Wausau knew and was aware that Phillips was "scraping for every dollar" mere months before signing a contract with Plaintiff, was paying Wausau pursuant to a judgment, and had to be followed up with multiple times for late payments.

329. Yet Phillips was still allowed to build for Wausau.

330. Plaintiff justifiably relied on the information supplied by Wausau specific to his home. This information was a material factor influencing final action by Plaintiff, including the purchase of the Wausau Home.

331. As a result of Plaintiff's reliance on the information supplied by Wausau, Plaintiff was injured. Plaintiff sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Prayer for Relief on Count III*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

### COUNT IV
### NEGLIGENT SUPERVISION AGAINST WAUSAU

332. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francises*

333. Defendant invited Plaintiffs to "search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."

334. Defendant had a duty to Plaintiffs to carefully select and supervise their local

41

builders and contractors which they represented as the "neighborhood experts".

335. Wausau had a duty to use ordinary care to protect Plaintiffs against unreasonable risks of harm specific to Wausau's local builders such as Phillips Builders.

336. Not everyone can be a Wausau Homes builder according to Defendant.

337. Defendant's duties included the selection, hiring, training, supervising, and monitoring of their local builders.

338. Wausau breached its duties of selection, hiring, training, supervising, and monitoring of their local builders, including failing to perform proper background checks, failure to ensure funds were not fraudulently used or misappropriated, failure to ensure their contractors had and maintained the proper licenses and funds, and failure to ensure the local Wausau builders abided by the Wausau guarantees.

339. The breach amounted to negligence by Defendant that directly and proximately caused Plaintiffs' damages.

340. Under Wausau's supervision, Phillips and Phillips Builders caused damages to the Francises, as set forth above and herein.

341. Phillips and Phillips Builders misused Plaintiffs' payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, and/or did not complete the Plaintiffs' home.

342. Moreover, upon information and belief, Phillips Builders' contractor license had expired in 2019, before Plaintiffs signed their contract for the Wausau Home.

343. Moreover, mere months before signing the contract with Plaintiffs for the Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

42

344. Wausau had also obtained at least one Confession of Judgment against Phillips at that time.

345. Wausau also continued to have to follow up on late payments.

346. With this knowledge and history, Wausau chose to let Phillips *continue* to build homes for new and existing customers, including Plaintiffs.

347. A reasonable person would recognize that an occurrence presenting a danger to another existed by Wausau's lack of ordinary care in the selection, hiring, training, supervising, and monitoring process of Phillips and Phillips Builders, i.e. that a reasonable person could have foreseen that injuries of the type suffered might occur under then existing circumstances.

348. Plaintiffs sustained ascertainable loss and damage as a result of this breach, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Temples*

349. Defendant invited Plaintiffs to "search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."

350. Defendant had a duty to Plaintiffs to carefully select and supervise their local builders and contractors which they represented as the "neighborhood experts".

351. Wausau had a duty to use ordinary care to protect Plaintiffs against unreasonable risks of harm specific to Wausau's local builders such as Phillips Builders.

352. Not everyone can be a Wausau Homes builder according to Defendant.

353. Defendant's duties included the selection, hiring, training, supervising, and

monitoring of their local builders.

354. Wausau breached its duties of selection, hiring, training, supervising, and monitoring of their local builders, including failing to perform proper background checks, failure to ensure funds were not fraudulently used or misappropriated, failure to ensure their contractors had and maintained the proper licenses and funds, and failure to ensure the local Wausau builders abided by the Wausau guarantees.

355. The breach amounted to negligence by Defendant that directly and proximately caused Plaintiffs' damages.

356. Under Wausau's supervision, Phillips and Phillips Builders caused damages to the Temples, as set forth above and herein.

357. Phillips and Phillips Builders misused Plaintiffs' payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, and/or did not complete the Plaintiffs' home.

358. Moreover, upon information and belief, Phillips Builders' contractor license had expired in 2019, before Plaintiffs signed their contract for the Wausau Home.

359. Moreover, mere months before signing the contract with Plaintiffs for the Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

360. Wausau had also obtained at least one Confession of Judgment against Phillips at that time.

361. Wausau also continued to have to follow up on late payments.

362. With this knowledge and history, Wausau chose to let Phillips *continue* to build homes for new and existing customers, including Plaintiffs.

363.     A reasonable person would recognize that an occurrence presenting a danger to another existed by Wausau's lack of ordinary care in the selection, hiring, training, supervising, and monitoring process of Phillips and Phillips Builders, i.e. that a reasonable person could have foreseen that injuries of the type suffered might occur under then existing circumstances.

364.     Plaintiffs sustained ascertainable loss and damage as a result of this breach, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Lemasters*

365.     Defendant invited Plaintiffs to "search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."

366.     Defendant had a duty to Plaintiffs to carefully select and supervise their local builders and contractors which they represented as the "neighborhood experts".

367.     Wausau had a duty to use ordinary care to protect Plaintiffs against unreasonable risks of harm specific to Wausau's local builders such as Phillips Builders.

368.     Not everyone can be a Wausau Homes builder according to Defendant.

369.     Defendant's duties included the selection, hiring, training, supervising, and monitoring of their local builders.

370.     Wausau breached its duties of selection, hiring, training, supervising, and monitoring of their local builders, including failing to perform proper background checks, failure to ensure funds were not fraudulently used or misappropriated, failure to ensure their contractors had and maintained the proper licenses and funds, and failure to ensure the local Wausau builders

45

abided by the Wausau guarantees.

371.    The breach amounted to negligence by Defendant that directly and proximately caused Plaintiffs' damages.

372.    Under Wausau's supervision, Phillips and Phillips Builders caused damages to the Lemasters, as set forth above and herein.

373.    Phillips and Phillips Builders misused Plaintiffs' payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, and/or did not complete the Plaintiffs' home.

374.    Moreover, upon information and belief, Phillips Builders' contractor license had expired in 2019, before Plaintiffs signed their contract for the Wausau Home.

375.    Moreover, mere months before signing the contract with Plaintiffs for the Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

376.    Wausau had also obtained at least one Confession of Judgment against Phillips at that time.

377.    Wausau also continued to have to follow up on late payments.

378.    With this knowledge and history, Wausau chose to let Phillips *continue* to build homes for new and existing customers, including Plaintiffs.

379.    A reasonable person would recognize that an occurrence presenting a danger to another existed by Wausau's lack of ordinary care in the selection, hiring, training, supervising, and monitoring process of Phillips and Phillips Builders, i.e. that a reasonable person could have foreseen that injuries of the type suffered might occur under then existing circumstances.

380.    Plaintiffs sustained ascertainable loss and damage as a result of this breach, in that,

among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for Martin*

381.    Defendant invited Plaintiff to "search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."

382.    Defendant had a duty to Plaintiff to carefully select and supervise their local builders and contractors which they represented as the "neighborhood experts".

383.    Wausau had a duty to use ordinary care to protect Plaintiff against unreasonable risks of harm specific to Wausau's local builders such as Phillips Builders.

384.    Not everyone can be a Wausau Homes builder according to Defendant.

385.    Defendant's duties included the selection, hiring, training, supervising, and monitoring of their local builders.

386.    Wausau breached its duties of selection, hiring, training, supervising, and monitoring of their local builders, including failing to perform proper background checks, failure to ensure funds were not fraudulently used or misappropriated, failure to ensure their contractors had and maintained the proper licenses and funds, and failure to ensure the local Wausau builders abided by the Wausau guarantees.

387.    The breach amounted to negligence by Defendant that directly and proximately caused Plaintiff's damages.

388.    Under Wausau's supervision, Phillips and Phillips Builders caused damages to Martin, as set forth above and herein.

47

389. Phillips and Phillips Builders misused Plaintiff's payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, and/or did not complete Plaintiff's home.

390. Moreover, upon information and belief, Phillips Builders' contractor license had expired in 2019, before Plaintiff signed his contract for the Wausau Home.

391. Moreover, mere months before signing the contract with Plaintiff for the Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

392. Wausau had also obtained at least one Confession of Judgment against Phillips at that time.

393. Wausau also continued to have to follow up on late payments.

394. With this knowledge and history, Wausau chose to let Phillips *continue* to build homes for new and existing customers, including Plaintiff.

395. A reasonable person would recognize that an occurrence presenting a danger to another existed by Wausau's lack of ordinary care in the selection, hiring, training, supervising, and monitoring process of Phillips and Phillips Builders, i.e. that a reasonable person could have foreseen that injuries of the type suffered might occur under then existing circumstances.

396. Plaintiff sustained ascertainable loss and damage as a result of this breach, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

48

### *Prayer for Relief on Count IV*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

### COUNT V
### NEGLIGENCE (AS PRINCIPAL) AGAINST WAUSAU

397.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francises*

398.    Defendant knew or should have known of Phillips and Phillips Builder's dangerous proclivities at all relevant times herein, including insurance or other fraud, overcharging, lack of capital, misuse of funds, shoddy craftsmanship, defective work, lack of licensing, and other tendencies which would cause damage to Wausau customers.

399.    Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been involved with several incomplete, defective, and shoddy projects specific to Wausau Homes.

400.    Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been reprimanded and approached by Wausau for misuse of funds and lack of payments.

401.    Before Phillips signed a contract with Plaintiffs for their Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

402.    Before Phillips signed a contract with Plaintiffs for their Wausau home, Wausau had obtained at least one Confession of Judgment against Phillips.

403.    Before, during, and after Phillips had signed a contract with Plaintiffs for their

49

Wausau home, Wausau had to follow up with Phillips for late payments.

404. Yet Phillips and Phillips Builders was hired or retained by Wausau as a local, "expert" contractor and builder.

405. Moreover, Phillips and Phillips Builders *continued* to be hired or retained by Wausau through the relevant times set forth herein, even after the Confession of Judgment and financial information provided.

406. Defendant had insufficient or no established business practice to determine the dangerous proclivities of its "expert" local contractors before or after hiring.

407. Alternatively, Defendant had insufficient or no established business practice to address the dangerous proclivities of its "expert" local contractors before or after hiring.

408. Wausau's lack of vetting practices and other negligent acts or omissions was the proximate cause of the injuries sustained by Plaintiffs at the hands of Phillips and Phillips Builders, as enumerated herein.

409. Phillips and Phillips Builders caused damages to the Francises, as set forth above and herein.

410. Phillips and Phillips Builders committed insurance or other fraud in relation to the Plaintiffs' home, overcharged Plaintiffs, took advance payments due to lack of capital, let licenses expire, made false promises, and/or provided shoddy craftsmanship and defective work.

411. Phillips and Phillips Builders also misused Plaintiffs' payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, let contractor licenses expire, and/or did not complete Plaintiffs' home.

412. Phillips and Phillips Builders' actions prompted an investigation by the FBI for fraudulent activities.

413. Phillips and Phillips Builder's misconduct as identified herein was consistent with their dangerous proclivities, of which Wausau was and should have been aware.

414. Because of Wausau's negligence in hiring and continuing to employ Phillips and Phillips Builders, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, additional lending and similar expenses, costs, and interest were incurred, and more.

### *Subpart for the Temples*

415. Defendant knew or should have known of Phillips and Phillips Builder's dangerous proclivities at all relevant times herein, including insurance or other fraud, overcharging, lack of capital, misuse of funds, shoddy craftsmanship, defective work, lack of licensing, and other tendencies which would cause damage to Wausau customers.

416. Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been involved with several incomplete, defective, and shoddy projects specific to Wausau Homes.

417. Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been reprimanded and approached by Wausau for misuse of funds and lack of payments.

418. Before Phillips signed a contract with Plaintiffs for their Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

51

419.    Before Phillips signed a contract with Plaintiffs for their Wausau home, Wausau had obtained at least one Confession of Judgment against Phillips.

420.    Before, during, and after Phillips had signed a contract with Plaintiffs for their Wausau home, Wausau had to follow up with Phillips for late payments.

421.    Yet Phillips and Phillips Builders was hired or retained by Wausau as a local, "expert" contractor and builder.

422.    Moreover, Phillips and Phillips Builders *continued* to be hired or retained by Wausau through the relevant times set forth herein, even after the Confession of Judgment and financial information provided.

423.    Defendant had insufficient or no established business practice to determine the dangerous proclivities of its "expert" local contractors before or after hiring.

424.    Alternatively, Defendant had insufficient or no established business practice to address the dangerous proclivities of its "expert" local contractors before or after hiring.

425.    Wausau's lack of vetting practices and other negligent acts or omissions was the proximate cause of the injuries sustained by Plaintiffs at the hands of Phillips and Phillips Builders, as enumerated herein.

426.    Phillips and Phillips Builders caused damages to the Temples, as set forth above and herein.

427.    Phillips and Phillips Builders committed insurance or other fraud in relation to the Plaintiffs' home, overcharged Plaintiffs, took advance payments due to lack of capital, let licenses expire, made false promises, and/or provided shoddy craftsmanship and defective work.

428.    Phillips and Phillips Builders also misused Plaintiffs' payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to

52

obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, let contractor licenses expire, and/or did not complete Plaintiffs' home.

429.    Phillips and Phillips Builders' actions prompted an investigation by the FBI for fraudulent activities.

430.    Phillips and Phillips Builder's misconduct as identified herein was consistent with their dangerous proclivities, of which Wausau was and should have been aware.

431.    Because of Wausau's negligence in hiring and continuing to employ Phillips and Phillips Builders, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, additional lending and similar expenses, costs, and interest were incurred, and more.

### *Subpart for the Lemasters*

432.    Defendant knew or should have known of Phillips and Phillips Builder's dangerous proclivities at all relevant times herein, including insurance or other fraud, overcharging, lack of capital, misuse of funds, shoddy craftsmanship, defective work, lack of licensing, and other tendencies which would cause damage to Wausau customers.

433.    Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been involved with several incomplete, defective, and shoddy projects specific to Wausau Homes.

434.    Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been reprimanded and approached by Wausau for

misuse of funds and lack of payments.

435. Before Phillips signed a contract with Plaintiffs for their Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

436. Before Phillips signed a contract with Plaintiffs for their Wausau home, Wausau had obtained at least one Confession of Judgment against Phillips.

437. Before, during, and after Phillips had signed a contract with Plaintiffs for their Wausau home, Wausau had to follow up with Phillips for late payments.

438. Yet Phillips and Phillips Builders was hired or retained by Wausau as a local, "expert" contractor and builder.

439. Moreover, Phillips and Phillips Builders *continued* to be hired or retained by Wausau through the relevant times set forth herein, even after the Confession of Judgment and financial information provided.

440. Defendant had insufficient or no established business practice to determine the dangerous proclivities of its "expert" local contractors before or after hiring.

441. Alternatively, Defendant had insufficient or no established business practice to address the dangerous proclivities of its "expert" local contractors before or after hiring.

442. Wausau's lack of vetting practices and other negligent acts or omissions was the proximate cause of the injuries sustained by Plaintiffs at the hands of Phillips and Phillips Builders, as enumerated herein.

443. Phillips and Phillips Builders caused damages to the Lemasters, as set forth above and herein.

444. Phillips and Phillips Builders committed insurance or other fraud in relation to the Plaintiffs' home, overcharged Plaintiffs, took advance payments due to lack of capital, let licenses

54

expire, made false promises, and/or provided shoddy craftsmanship and defective work.

445. Phillips and Phillips Builders also misused Plaintiffs' payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, let contractor licenses expire, and/or did not complete Plaintiffs' home.

446. Phillips and Phillips Builders' actions prompted an investigation by the FBI for fraudulent activities.

447. Phillips and Phillips Builder's misconduct as identified herein was consistent with their dangerous proclivities, of which Wausau was and should have been aware.

448. Because of Wausau's negligence in hiring and continuing to employ Phillips and Phillips Builders, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, additional lending and similar expenses, costs, and interest were incurred, and more.

### *Subpart for Martin*

449. Defendant knew or should have known of Phillips and Phillips Builder's dangerous proclivities at all relevant times herein, including insurance or other fraud, overcharging, lack of capital, misuse of funds, shoddy craftsmanship, defective work, lack of licensing, and other tendencies which would cause damage to Wausau customers.

450. Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been involved with several incomplete, defective, and

shoddy projects specific to Wausau Homes.

451. Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been reprimanded and approached by Wausau for misuse of funds and lack of payments.

452. Before Phillips signed a contract with Plaintiff for his Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

453. Before Phillips signed a contract with Plaintiff for his Wausau home, Wausau had obtained at least one Confession of Judgment against Phillips.

454. Before, during, and after Phillips had signed a contract with Plaintiff for his Wausau home, Wausau had to follow up with Phillips for late payments.

455. Yet Phillips and Phillips Builders was hired or retained by Wausau as a local, "expert" contractor and builder.

456. Moreover, Phillips and Phillips Builders *continued* to be hired or retained by Wausau through the relevant times set forth herein, even after the Confession of Judgment and financial information provided.

457. Defendant had insufficient or no established business practice to determine the dangerous proclivities of its "expert" local contractors before or after hiring.

458. Alternatively, Defendant had insufficient or no established business practice to address the dangerous proclivities of its "expert" local contractors before or after hiring.

459. Wausau's lack of vetting practices and other negligent acts or omissions was the proximate cause of the injuries sustained by Plaintiff at the hands of Phillips and Phillips Builders, as enumerated herein.

460. Phillips and Phillips Builders caused damages to Martin, as set forth above and

56

herein.

461.    Phillips and Phillips Builders committed insurance or other fraud in relation to the Plaintiff's home, overcharged Plaintiff, took advance payments due to lack of capital, let licenses expire, made false promises, and/or provided shoddy craftsmanship and defective work.

462.    Phillips and Phillips Builders also misused Plaintiff's payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, let contractor licenses expire, and/or did not complete Plaintiff's home.

463.    Phillips and Phillips Builders' actions prompted an investigation by the FBI for fraudulent activities.

464.    Phillips and Phillips Builder's misconduct as identified herein was consistent with their dangerous proclivities, of which Wausau was and should have been aware.

465.    Because of Wausau's negligence in hiring and continuing to employ Phillips and Phillips Builders, Plaintiff sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, additional lending and similar expenses, costs, and interest were incurred, and more.

### ***Prayer for Relief on Count V***

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY
## AGAINST ALL DEFENDANTS

466.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francises*

467.    Plaintiffs entered into a written contract with Phillips Builders. (Ex. 1).

468.    Plaintiffs entered the Contract upon certain guarantees and representations by each of the Defendants (including Wausau), including the on time, your way, and firm price guarantees, as well as Wausau's selection of "highly qualified" local home builders.

469.    Defendants knew or had reason to know that these guarantees and representations were directly related to Plaintiffs' home and property.

470.    Plaintiffs had a right to rely on Defendants' truthfulness, skill, and judgment in these guarantees and representations specific to their home and property. Plaintiffs were entrusting a future family home to Defendants.

471.    Plaintiffs performed their obligations under the Contract.

472.    Wausau, Phillips, and Phillips Builders, however, failed to perform their obligations, and failed to perform in a good and workmanlike fashion.

473.    Specifically, Plaintiffs' home was not built by a "highly qualified" home builder, not built their way, did not have a firm price or on time completion, and was not done in a quality and workmanlike manner, as set forth in this Complaint.

474.    Plaintiffs' home contained defects and was not built according to plans and specifications.

475.    Plaintiffs' home was not fit for use.

58

476. Alternatively, Plaintiffs' home was not fit for its intended use.

477. Wausau, Phillips, and Phillips Builders' breach of the implied warranty caused substantial damage to Plaintiffs.

478. Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Temples*

479. Plaintiffs entered into a written contract with Phillips Builders. (Exs. 2-3).

480. Plaintiffs entered the Contract upon certain guarantees and representations by each of the Defendants (including Wausau), including the on time, your way, and firm price guarantees, as well as Wausau's selection of "highly qualified" local home builders.

481. Defendants knew or had reason to know that these guarantees and representations were directly related to Plaintiffs' home and property.

482. Plaintiffs had a right to rely on Defendants' truthfulness, skill, and judgment in these guarantees and representations specific to their home and property. Plaintiffs were entrusting a future family home to Defendants.

483. Plaintiffs performed their obligations under the Contract.

484. Wausau, Phillips, and Phillips Builders, however, failed to perform their obligations, and failed to perform in a good and workmanlike fashion.

485. Specifically, Plaintiffs' home was not built by a "highly qualified" home builder, not built their way, did not have a firm price or on time completion, and was not done in a quality and workmanlike manner, as set forth in this Complaint.

59

486.     Plaintiffs' home contained defects and was not built according to plans and specifications.

487.     Plaintiffs' home was not fit for use.

488.     Alternatively, Plaintiffs' home was not fit for its intended use.

489.     Wausau, Phillips, and Phillips Builders' breach of the implied warranty caused substantial damage to Plaintiffs.

490.     Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Lemasters*

491.     Plaintiffs entered into a written contract with Phillips Builders. (Ex. 4).

492.     Plaintiffs entered the Contract upon certain guarantees and representations by each of the Defendants (including Wausau), including the on time, your way, and firm price guarantees, as well as Wausau's selection of "highly qualified" local home builders.

493.     Defendants knew or had reason to know that these guarantees and representations were directly related to Plaintiffs' home and property.

494.     Plaintiffs had a right to rely on Defendants' truthfulness, skill, and judgment in these guarantees and representations specific to their home and property. Plaintiffs were entrusting a future family home to Defendants.

495.     Plaintiffs performed their obligations under the Contract.

496.     Wausau, Phillips, and Phillips Builders, however, failed to perform their obligations, and failed to perform in a good and workmanlike fashion.

60

497. Specifically, Plaintiffs' home was not built by a "highly qualified" home builder, not built their way, did not have a firm price or on time completion, and was not done in a quality and workmanlike manner, as set forth in this Complaint.

498. Plaintiffs' home contained defects and was not built according to plans and specifications.

499. Plaintiffs' home was not fit for use.

500. Alternatively, Plaintiffs' home was not fit for its intended use.

501. Wausau, Phillips, and Phillips Builders' breach of the implied warranty caused substantial damage to Plaintiffs.

502. Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for Martin*

503. Plaintiff entered into a written contract with Phillips Builders. (Ex. 5).

504. Plaintiff entered the Contract upon certain guarantees and representations by each of the Defendants (including Wausau), including the on time, your way, and firm price guarantees, as well as Wausau's selection of "highly qualified" local home builders.

505. Defendants knew or had reason to know that these guarantees and representations were directly related to Plaintiff's home and property.

506. Plaintiff had a right to rely on Defendants' truthfulness, skill, and judgment in these guarantees and representations specific to his home and property. Plaintiff was entrusting a future family home to Defendants.

507. Plaintiff performed his obligations under the Contract.

508. Wausau, Phillips, and Phillips Builders, however, failed to perform their obligations, and failed to perform in a good and workmanlike fashion.

509. Specifically, Plaintiff's home was not built by a "highly qualified" home builder, not built their way, did not have a firm price or on time completion, and was not done in a quality and workmanlike manner, as set forth in this Complaint.

510. Plaintiff's home—or the built portions thereof—contained defects and was not built according to plans and specifications.

511. Plaintiff's home—or the built portions thereof—was not fit for use.

512. Alternatively, Plaintiff's home—or the built portions thereof—was not fit for its intended use.

513. Wausau, Phillips, and Phillips Builders' breach of the implied warranty caused substantial damage to Plaintiff.

514. Plaintiff sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Prayer for Relief on Count VI*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT VII
## BREACH OF CONTRACT
## AGAINST PHILLIPS AND PHILLIPS BUILDERS

515.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francises*

516.    Defendants formed agreements and entered into a valid and enforceable contract with Plaintiffs, including offer, acceptance, and consideration. (Ex. 1).

517.    Defendants provided Plaintiffs with the same written form agreements as the other Plaintiffs named in this matter.

518.    Plaintiffs accepted Defendants' offer and exchanged consideration by using Defendants' services and paying for them, as set forth above and herein.

519.    Plaintiffs have performed all, or substantially all, of the obligations imposed on them under the contract with Defendants.

520.    Plaintiffs provided periodic payments—based upon the completion of different stages of the Wausau Home—as set out in their agreement with Defendants as compensation for the services Defendants allegedly provided.

521.    Plaintiffs also fulfilled their non-monetary contractual obligations (if any) to Defendants.

522.    Yet Defendants breached the agreement with Plaintiffs.

523.    Defendants breached the contract with the Francises as set forth above and herein, and including but not limited to paragraphs 67 through 98.

524.    Defendants breached their agreement with Plaintiffs in ways including, but not limited to, by not building the house according to its specifications, not abiding by the contractual

63

firm prices, not abiding by the payment schedules, not completing the home on time (or at all), multiple builder-caused delays, and/or by not completing the home in a quality and workmanlike manner and free from defects, as set forth in this Complaint.

525. Phillips and Phillips Builders further breached the agreement by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct or undamaged materials) for the home as promised.

526. As a direct and proximate result of Defendants' breaches of the agreement, Plaintiffs have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Temples*

527. Defendants formed agreements and entered into a valid and enforceable contract with Plaintiffs, including offer, acceptance, and consideration. (Exs. 2-3).

528. Defendants provided Plaintiffs with the same written form agreements as the other Plaintiffs named in this matter.

529. Plaintiffs accepted Defendants' offer and exchanged consideration by using Defendants' services and paying for them, as set forth above and herein.

530. Plaintiffs have performed all, or substantially all, of the obligations imposed on them under the contract with Defendants.

531. Plaintiffs provided periodic payments—based upon the completion of different stages of the Wausau Home—as set out in their agreement with Defendants as compensation for

the services Defendants allegedly provided.

532.    Plaintiffs also fulfilled their non-monetary contractual obligations (if any) to Defendants.

533.    Yet Defendants breached the agreement with Plaintiffs.

534.    Defendants breached the contract with the Temples as set forth above and herein, and including but not limited to paragraphs 99 through 133.

535.    Defendants breached their agreement with Plaintiffs in ways including, but not limited to, by not building the house according to its specifications, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), multiple builder-caused delays, and/or by not completing the home in a quality and workmanlike manner and free from defects, as set forth in this Complaint.

536.    Phillips and Phillips Builders further breached the agreement by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct or undamaged materials) for the home as promised.

537.    As a direct and proximate result of Defendants' breaches of the agreement, Plaintiffs have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### ***Subpart for the Lemasters***

538.    Defendants formed agreements and entered into a valid and enforceable contract with Plaintiffs, including offer, acceptance, and consideration. (Ex. 4).

65

539.    Defendants provided Plaintiffs with the same written form agreements as the other Plaintiffs named in this matter.

540.    Plaintiffs accepted Defendants' offer and exchanged consideration by using Defendants' services and paying for them, as set forth above and herein.

541.    Plaintiffs have performed all, or substantially all, of the obligations imposed on them under the contract with Defendants.

542.    Plaintiffs provided periodic payments—based upon the completion of different stages of the Wausau Home—as set out in their agreement with Defendants as compensation for the services Defendants allegedly provided.

543.    Plaintiffs also fulfilled their non-monetary contractual obligations (if any) to Defendants.

544.    Yet Defendants breached the agreement with Plaintiffs.

545.    Defendants breached the contract with the Lemasters as set forth above and herein, and including but not limited to paragraphs 134 through 162.

546.    Defendants breached their agreement with Plaintiffs in ways including, but not limited to, by not building the house according to its specifications, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), multiple builder-caused delays, and/or by not completing the home in a quality and workmanlike manner and free from defects, as set forth in this Complaint.

547.    Phillips and Phillips Builders further breached the agreement by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct or undamaged materials) for the home as promised.

548.     As a direct and proximate result of Defendants' breaches of the agreement, Plaintiffs have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for Martin*

549.     Defendants formed agreements and entered into a valid and enforceable contract with Plaintiff, including offer, acceptance, and consideration. (Ex. 5).

550.     Defendants provided Plaintiff with the same written form agreements as the other Plaintiffs named in this matter.

551.     Plaintiff accepted Defendants' offer and exchanged consideration by using Defendants' services and paying for them, as set forth above and herein.

552.     Plaintiff performed all, or substantially all, of the obligations imposed on him under the contract with Defendants.

553.     Plaintiff provided periodic payments—based upon the completion of different stages of the Wausau Home—as set out in their agreement with Defendants as compensation for the services Defendants allegedly provided.

554.     Plaintiff also fulfilled his non-monetary contractual obligations (if any) to Defendants.

555.     Yet Defendants breached the agreement with Plaintiff.

556.     Defendants breached the contract with Martin as set forth above and herein, and including but not limited to paragraphs 163 through 181.

557.     Defendants breached their agreement with Plaintiff in ways including, but not

limited to, by not building the house according to its specifications, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), multiple builder-caused delays, and/or by not completing the home in a quality and workmanlike manner and free from defects, as set forth in this Complaint.

558. Phillips and Phillips Builders further breached the agreement by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct or undamaged materials) for the home as promised.

559. As a direct and proximate result of Defendants' breaches of the agreement, Plaintiff has suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Prayer for Relief on Count VII*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

### COUNT VIII
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### AGAINST PHILLIPS AND PHILLIPS BUILDERS

560. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francies*

561. Defendants were required to operate according to an implied duty of good faith and

fair dealing in connection with the Contract signed with Plaintiffs. (Ex. 1).

562.    Defendants were required to exercise judgment in good faith when making decisions to change the house and/or material specifications, take advance payments, use Plaintiffs' funds and payments, and build Plaintiffs' home.

563.    Defendants exercised said judgment in a manner which evaded the spirit of the Contract and denied Plaintiffs the expected benefit of the Contract by taking the actions stated herein, including but not limited to *not* building Plaintiffs' home according to its specifications or customary practices, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), and not completing the home in a quality and workmanlike manner.

564.    Phillips and Phillips Builders further denied Plaintiffs the expected benefit of the Contract by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct materials) for the home as promised.

565.    If Defendants had operated under the Contract in good faith, Defendants would have completed Plaintiffs' home on time, with a firm price, to its specifications, and without defect or deficiencies.

566.    Defendants willfully rendered imperfect performance, abused their power, and interfered with Plaintiffs' contractual and guaranteed expectations through these actions.

567.    As a direct and proximate result of Defendants' breaches of the Contract, Plaintiffs have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home,

69

and/or additional lending and similar expenses, costs, and interest were incurred.

### *<u>Subpart for the Temples</u>*

568.     Defendants were required to operate according to an implied duty of good faith and fair dealing in connection with the Contract signed with Plaintiffs. (<u>Exs. 2-3</u>).

569.     Defendants were required to exercise judgment in good faith when making decisions to change the house and/or material specifications, take advance payments, use Plaintiffs' funds and payments, and build Plaintiffs' home.

570.     Defendants exercised said judgment in a manner which evaded the spirit of the Contract and denied Plaintiffs the expected benefit of the Contract by taking the actions stated herein, including but not limited to *not* building Plaintiffs' home according to its specifications or customary practices, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), and not completing the home in a quality and workmanlike manner.

571.     Phillips and Phillips Builders further denied Plaintiffs the expected benefit of the Contract by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct materials) for the home as promised.

572.     If Defendants had operated under the Contract in good faith, Defendants would have completed Plaintiffs' home on time, with a firm price, to its specifications, and without defect or deficiencies.

573.     Defendants willfully rendered imperfect performance, abused their power, and interfered with Plaintiffs' contractual and guaranteed expectations through these actions.

574.     As a direct and proximate result of Defendants' breaches of the Contract, Plaintiffs

have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Lemasters*

575.     Defendants were required to operate according to an implied duty of good faith and fair dealing in connection with the Contract signed with Plaintiffs. (Ex. 4).

576.     Defendants were required to exercise judgment in good faith when making decisions to change the house and/or material specifications, take advance payments, use Plaintiffs' funds and payments, and build Plaintiffs' home.

577.     Defendants exercised said judgment in a manner which evaded the spirit of the Contract and denied Plaintiffs the expected benefit of the Contract by taking the actions stated herein, including but not limited to *not* building Plaintiffs' home according to its specifications or customary practices, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), and not completing the home in a quality and workmanlike manner.

578.     Phillips and Phillips Builders further denied Plaintiffs the expected benefit of the Contract by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct materials) for the home as promised.

579.     If Defendants had operated under the Contract in good faith, Defendants would have completed Plaintiffs' home on time, with a firm price, to its specifications, and without defect or deficiencies.

580. Defendants willfully rendered imperfect performance, abused their power, and interfered with Plaintiffs' contractual and guaranteed expectations through these actions.

581. As a direct and proximate result of Defendants' breaches of the Contract, Plaintiffs have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### ***Subpart for Martin***

582. Defendants were required to operate according to an implied duty of good faith and fair dealing in connection with the Contract signed with Plaintiff. (Ex. 5).

583. Defendants were required to exercise judgment in good faith when making decisions to change the house and/or material specifications, take advance payments, use Plaintiff's funds and payments, and build Plaintiff's home.

584. Defendants exercised said judgment in a manner which evaded the spirit of the Contract and denied Plaintiff the expected benefit of the Contract by taking the actions stated herein, including but not limited to *not* building Plaintiff's home according to its specifications or customary practices, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), and not completing the home in a quality and workmanlike manner.

585. Phillips and Phillips Builders further denied Plaintiff the expected benefit of the Contract by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct materials) for the home as promised.

586.    If Defendants had operated under the Contract in good faith, Defendants would have completed Plaintiff's home on time, with a firm price, to its specifications, and without defect or deficiencies.

587.    Defendants willfully rendered imperfect performance, abused their power, and interfered with Plaintiff's contractual and guaranteed expectations through these actions.

588.    As a direct and proximate result of Defendants' breaches of the Contract, Plaintiff has suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Prayer for Relief on Count VIII*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

### COUNT IX
### FRAUD AGAINST PHILLIPS AND PHILLIPS BUILDERS

589.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francises*

590.    Plaintiffs contracted with Phillips and Phillips Builders to construct their home. (Ex. 1).

591.    Plaintiffs were largely unfamiliar with the construction process of a new home.

592.    Phillips and Phillips Builders represented to Plaintiffs that he would complete the construction of their home for the agreed upon price, on time, according to the specifications and

73

customary practices, and free from construction defects.

593.    These representations were false.

594.    Phillips and Phillips Builders knew these representations were false.

595.    Phillips and Phillips Builders intended thereby to deceive Plaintiffs and induce them into entering a contract with Defendants, which they did.

596.    Plaintiffs believed the truth of Phillips and Phillips Builders' representations and relied on them as being true.

597.    Relying on such representations, Plaintiffs agreed to contract with and keep paying Phillips Builders, as their local Wausau builder.

598.    Defendants provided false representations and deceived the Francises as set forth above and herein, and including but not limited to paragraphs 67 through 98.

599.    Plaintiffs sustained ascertainable loss and damage as a result of Phillips and Phillips Builders' fraud, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Temples*

600.    Plaintiffs contracted with Phillips and Phillips Builders to construct their home. (Exs. 2-3).

601.    Plaintiffs were largely unfamiliar with the construction process of a new home.

602.    Phillips and Phillips Builders represented to Plaintiffs that he would complete the construction of their home for the agreed upon price, on time, according to the specifications and customary practices, and free from construction defects.

603.    These representations were false.

604.    Phillips and Phillips Builders knew these representations were false.

605.    Phillips and Phillips Builders intended thereby to deceive Plaintiffs and induce them into entering a contract with Defendants, which they did.

606.    Plaintiffs believed the truth of Phillips and Phillips Builders' representations and relied on them as being true.

607.    Relying on such representations, Plaintiffs agreed to contract with and keep paying Phillips Builders, as their local Wausau builder.

608.    Defendants provided false representations and deceived the Temples as set forth above and herein, and including but not limited to paragraphs 99 through 133.

609.    Plaintiffs sustained ascertainable loss and damage as a result of Phillips and Phillips Builders' fraud, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Lemasters*

610.    Plaintiffs contracted with Phillips and Phillips Builders to construct their home. (Ex. 4).

611.    Plaintiffs were largely unfamiliar with the construction process of a new home.

612.    Phillips and Phillips Builders represented to Plaintiffs that he would complete the construction of their home for the agreed upon price, on time, according to the specifications and customary practices, and free from construction defects.

613.    These representations were false.

75

614. Phillips and Phillips Builders knew these representations were false.

615. Phillips and Phillips Builders intended thereby to deceive Plaintiffs and induce them into entering a contract with Defendants, which they did.

616. Plaintiffs believed the truth of Phillips and Phillips Builders' representations and relied on them as being true.

617. Relying on such representations, Plaintiffs agreed to contract with and keep paying Phillips Builders, as their local Wausau builder.

618. Defendants provided false representations and deceived the Lemasters as set forth above and herein, and including but not limited to paragraphs 134 through 162.

619. Plaintiffs sustained ascertainable loss and damage as a result of Phillips and Phillips Builders' fraud, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for Martin*

620. Plaintiff contracted with Phillips and Phillips Builders to construct his home. (Ex. 5).

621. Plaintiff was largely unfamiliar with the construction process of a new home.

622. Phillips and Phillips Builders represented to Plaintiff that he would complete the construction of their home for the agreed upon price, on time, according to the specifications and customary practices, and free from construction defects.

623. These representations were false.

624. Phillips and Phillips Builders knew these representations were false.

76

625.     Phillips and Phillips Builders intended thereby to deceive Plaintiff and induce him into entering a contract with Defendants, which he did.

626.     Plaintiff believed the truth of Phillips and Phillips Builders' representations and relied on them as being true.

627.     Relying on such representations, Plaintiff agreed to contract with and keep paying Phillips Builders, as his local Wausau builder.

628.     Defendants provided false representations and deceived Martin as set forth above and herein, and including but not limited to paragraphs 163 through 181.

629.     Plaintiff sustained ascertainable loss and damage as a result of Phillips and Phillips Builders' fraud, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### _Prayer for Relief on Count IX_

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT X
## NEGLIGENCE AGAINST PHILLIPS AND PHILLIPS BUILDERS

630.     Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### _Subpart for the Francises_

631.     By agreeing to build the home at issue in this matter, Phillips and Phillips Builders owed a duty to Plaintiffs, the buyers of the home, to construct the home in a manner consistent

with industry and customary standards.

632.    Phillips and Phillips Builders further owed a duty to Plaintiffs, the buyers of the home, to construct the home on time, according to the specifications, with a firm price.

633.    Defendants breached their duties to the Francises as set forth above and herein, and including but not limited to paragraphs 67 through 98.

634.    Phillips and Phillips Builders breached their duties to Plaintiffs by failing to construct the home in a manner consistent with industry and customary standards, by failing to properly oversee construction of the home, and/or by failing to construct the home on time, according to the specifications, or with a firm price.

635.    The construction of the home was never completed, or the work that was performed and completed is defective.

636.    Moreover, Plaintiffs' home was not built according to the specifications or with the firm, guaranteed prices.

637.    As a result of Phillips and Phillips Builder's negligence, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Temples*

638.    By agreeing to build the home at issue in this matter, Phillips and Phillips Builders owed a duty to Plaintiffs, the buyers of the home, to construct the home in a manner consistent with industry and customary standards.

639.    Phillips and Phillips Builders further owed a duty to Plaintiffs, the buyers of the

home, to construct the home on time, according to the specifications, with a firm price.

640. Defendants breached their duties to the Temples as set forth above and herein, and including but not limited to paragraphs 99 through 133.

641. Phillips and Phillips Builders breached their duties to Plaintiffs by failing to construct the home in a manner consistent with industry and customary standards, by failing to properly oversee construction of the home, and/or by failing to construct the home on time, according to the specifications, or with a firm price.

642. The construction of the home was never completed, or the work that was performed and completed is defective.

643. Moreover, Plaintiffs' home was not built according to the specifications or with the firm, guaranteed prices.

644. As a result of Phillips and Phillips Builder's negligence, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Lemasters*

645. By agreeing to build the home at issue in this matter, Phillips and Phillips Builders owed a duty to Plaintiffs, the buyers of the home, to construct the home in a manner consistent with industry and customary standards.

646. Phillips and Phillips Builders further owed a duty to Plaintiffs, the buyers of the home, to construct the home on time, according to the specifications, with a firm price.

647. Defendants breached their duties to the Lemasters as set forth above and herein,

and including but not limited to paragraphs 134 through 162.

648. Phillips and Phillips Builders breached their duties to Plaintiffs by failing to construct the home in a manner consistent with industry and customary standards, by failing to properly oversee construction of the home, and/or by failing to construct the home on time, according to the specifications, or with a firm price.

649. The construction of the home was never completed, or the work that was performed and completed is defective.

650. Moreover, Plaintiffs' home was not built according to the specifications or with the firm, guaranteed prices.

651. As a result of Phillips and Phillips Builder's negligence, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for Martin*

652. By agreeing to build the home at issue in this matter, Phillips and Phillips Builders owed a duty to Plaintiff, the buyer of the home, to construct the home in a manner consistent with industry and customary standards.

653. Phillips and Phillips Builders further owed a duty to Plaintiff, the buyer of the home, to construct the home on time, according to the specifications, with a firm price.

654. Defendants breached their duties to Martin as set forth above and herein, and including but not limited to paragraphs 163 through 181.

655. Phillips and Phillips Builders breached their duties to Plaintiff by failing to

construct the home in a manner consistent with industry and customary standards, by failing to properly oversee construction of the home, and/or by failing to construct the home on time, according to the specifications, or with a firm price.

656. The construction of the home was never completed, or the work that was performed and completed is defective.

657. Moreover, Plaintiff's home was not built according to the specifications or with the firm, guaranteed prices.

658. As a result of Phillips and Phillips Builder's negligence, Plaintiff sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Prayer for Relief on Count X*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

### COUNT XI
### BREACH OF EXPRESS WARRANTY
### AGAINST PHILLIPS AND PHILLIPS BUILDERS

659. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francises*

660. Defendants represented, sold, advertised, and marketed, and Plaintiffs purchased, a Wausau home and product.

81

661. Defendants represented in their marketing, advertising, and promotion of Wausau Homes that the product would conform to the Wausau Homes Brand Promises or guarantees, in that the product would be completed on time, your way, with a firm price, and be built by a local neighborhood expert.

662. These representations and warranties were made to Plaintiffs both before and during their relationship with Defendants, as set forth above and herein.

663. Defendants made these representations to induce Plaintiffs to purchase a Wausau Home.

664. The Wausau Homes Brand Guarantees were part of the basis of the bargain between Defendant and Plaintiffs.

665. However, the Wausau Homes product (its home) did not conform to Defendants' representations and warranties in that it was not completed on time, your way, with a firm price, or by any "expert" builder.

666. Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs gave Defendants notice thereof, as set forth herein.

667. As a direct and proximate result of Defendants' breaches of the express warranty and failure of the Wausau Homes products to conform, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Subpart for the Temples*

668. Defendants represented, sold, advertised, and marketed, and Plaintiffs purchased, a

Wausau home and product.

669.    Defendants represented in their marketing, advertising, and promotion of Wausau Homes that the product would conform to the Wausau Homes Brand Promises or guarantees, in that the product would be completed on time, your way, with a firm price, and be built by a local neighborhood expert.

670.    These representations and warranties were made to Plaintiffs both before and during their relationship with Defendants, as set forth above and herein.

671.    Defendants made these representations to induce Plaintiffs to purchase a Wausau Home.

672.    The Wausau Homes Brand Guarantees were part of the basis of the bargain between Defendant and Plaintiffs.

673.    However, the Wausau Homes product (its home) did not conform to Defendants' representations and warranties in that it was not completed on time, your way, with a firm price, or by any "expert" builder.

674.    Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs gave Defendants notice thereof, as set forth herein.

675.    As a direct and proximate result of Defendants' breaches of the express warranty and failure of the Wausau Homes products to conform, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

83

*__Subpart for the Lemasters__*

676.     Defendants represented, sold, advertised, and marketed, and Plaintiffs purchased, a Wausau home and product.

677.     Defendants represented in their marketing, advertising, and promotion of Wausau Homes that the product would conform to the Wausau Homes Brand Promises or guarantees, in that the product would be completed on time, your way, with a firm price, and be built by a local neighborhood expert.

678.     These representations and warranties were made to Plaintiffs both before and during their relationship with Defendants, as set forth above and herein.

679.     Defendants made these representations to induce Plaintiffs to purchase a Wausau Home.

680.     The Wausau Homes Brand Guarantees were part of the basis of the bargain between Defendant and Plaintiffs.

681.     However, the Wausau Homes product (its home) did not conform to Defendants' representations and warranties in that it was not completed on time, your way, with a firm price, or by any "expert" builder.

682.     Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs gave Defendants notice thereof, as set forth herein.

683.     As a direct and proximate result of Defendants' breaches of the express warranty and failure of the Wausau Homes products to conform, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional lending and similar

expenses, costs, and interest were incurred.

### *Subpart for Martin*

684.     Defendants represented, sold, advertised, and marketed, and Plaintiff purchased, a Wausau home and product.

685.     Defendants represented in their marketing, advertising, and promotion of Wausau Homes that the product would conform to the Wausau Homes Brand Promises or guarantees, in that the product would be completed on time, your way, with a firm price, and be built by a local neighborhood expert.

686.     These representations and warranties were made to Plaintiff both before and during his relationship with Defendants, as set forth above and herein.

687.     Defendants made these representations to induce Plaintiff to purchase a Wausau Home.

688.     The Wausau Homes Brand Guarantees were part of the basis of the bargain between Defendant and Plaintiff.

689.     However, the Wausau Homes product (its home) did not conform to Defendants' representations and warranties in that it was not completed on time, your way, with a firm price, or by any "expert" builder.

690.     Within a reasonable time after Plaintiff knew or should have known of such failure to conform, Plaintiff gave Defendants notice thereof, as set forth herein.

691.     As a direct and proximate result of Defendants' breaches of the express warranty and failure of the Wausau Homes products to conform, Plaintiff sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were

incurred to complete or attempt to complete the home, and/or additional lending and similar expenses, costs, and interest were incurred.

### *Prayer for Relief on Count XI*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

### COUNT XII
### TEMPORARY NUISANCE
### AGAINST ALL DEFENDANTS

692. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

### *Subpart for the Francises*

693. Defendants' actions and inactions as set forth and alleged herein caused an incomplete and defective home (and portions thereof) to remain on Plaintiffs' property.

694. Plaintiffs own and control their property, as identified herein.

695. Defendants left an unfinished and defective structure, materials, eroding soil and foundation, and other trash or waste on the property of the Francises as set forth above and herein, and including but not limited to paragraphs 67 through 98.

696. Defendants Wausau, Phillips, and Phillips Builders stored, left, or caused to be left certain materials, trash, waste, and/or unfinished structures on the properties of each of the respective Plaintiffs, as set forth herein.

697. Defendants unreasonably and unlawfully stored, left, or caused to be left certain building materials, trash, waste, or unfinished structures and houses on Plaintiffs' property, as set forth herein.

698.    Said  building materials, trash, waste, or unfinished structures and houses substantially impaired Plaintiffs' rights to the use and enjoyment of their property.

699.    Defendants did, at relevant times, exercise custody and control over the building materials, trash, waste, or unfinished structures and houses on Plaintiffs' property.

700.    Defendants intentionally, unreasonably, negligently, recklessly, willfully, wantonly, and/or maliciously allowed the building materials, trash, waste, or unfinished structures and houses to remain on Plaintiffs' property for certain periods of time, resulting in unreasonable interference with Plaintiffs' use and enjoyment of their property.

701.    Such building materials, trash, waste, or unfinished structures and houses are or were incompatible with the normal use and enjoyment of the Plaintiffs' property.

702.    Defendants' interference with Plaintiffs' use and enjoyment of their property is substantial.

703.    Defendants have refused to fix or cure the temporary nuisances on Plaintiffs' property.

704.    Alternatively, Defendants refused to fix or cure the temporary nuisances on Plaintiffs' property for a set and measurable period of time.

705.    As a direct and proximate result of Defendants' interference with Plaintiffs' use and enjoyment of the property, Plaintiffs have suffered and may continue to suffer injury, including decreased property value and the costs and expenses to abate the nuisances.

### *Subpart for the Temples*

706.    Defendants' actions and inactions as set forth and alleged herein caused an incomplete and defective home (and portions thereof) to remain on Plaintiffs' property.

707.    Plaintiffs own and control their property, as identified herein.

87

708.    Defendants left an unfinished and defective structure, materials, eroding soil, leaching septic, and other trash or waste on the property of the Temples as set forth above and herein, and including but not limited to paragraphs 99 through 133.

709.    Defendants Wausau, Phillips, and Phillips Builders stored, left, or caused to be left certain materials, trash, waste, and/or unfinished structures on the properties of each of the respective Plaintiffs, as set forth herein.

710.    Defendants unreasonably and unlawfully stored, left, or caused to be left certain building materials, trash, waste, or unfinished structures and houses on Plaintiffs' property, as set forth herein.

711.    Said  building materials, trash, waste, or unfinished structures and houses substantially impaired Plaintiffs' rights to the use and enjoyment of their property.

712.    Defendants did, at relevant times, exercise custody and control over the building materials, trash, waste, or unfinished structures and houses on Plaintiffs' property.

713.    Defendants intentionally, unreasonably, negligently, recklessly, willfully, wantonly, and/or maliciously allowed the building materials, trash, waste, or unfinished structures and houses to remain on Plaintiffs' property for certain periods of time, resulting in unreasonable interference with Plaintiffs' use and enjoyment of their property.

714.    Such building materials, trash, waste, or unfinished structures and houses are or were incompatible with the normal use and enjoyment of the Plaintiffs' property.

715.    Defendants' interference with Plaintiffs' use and enjoyment of their property is substantial.

716.    Defendants have refused to fix or cure the temporary nuisances on Plaintiffs' property.

717.     Alternatively, Defendants refused to fix or cure the temporary nuisances on Plaintiffs' property for a set and measurable period of time.

718.     As a direct and proximate result of Defendants' interference with Plaintiffs' use and enjoyment of the property, Plaintiffs have suffered and may continue to suffer injury, including decreased property value and the costs and expenses to abate the nuisances.

### ***Subpart for the Lemasters***

719.     Defendants' actions and inactions as set forth and alleged herein caused an incomplete and defective home (and portions thereof) to remain on Plaintiffs' property.

720.     Plaintiffs own and control their property, as identified herein.

721.     Defendants left an unfinished and defective structure, materials, and other trash or waste on the property of the Lemasters as set forth above and herein, and including but not limited to paragraphs 134 through 162.

722.     Defendants Wausau, Phillips, and Phillips Builders stored, left, or caused to be left certain materials, trash, waste, and/or unfinished structures on the properties of each of the respective Plaintiffs, as set forth herein.

723.     Defendants unreasonably and unlawfully stored, left, or caused to be left certain building materials, trash, waste, or unfinished structures and houses on Plaintiffs' property, as set forth herein.

724.     Said  building materials, trash, waste, or unfinished structures and houses substantially impaired Plaintiffs' rights to the use and enjoyment of their property.

725.     Defendants did, at relevant times, exercise custody and control over the building materials, trash, waste, or unfinished structures and houses on Plaintiffs' property.

726.     Defendants  intentionally,  unreasonably,  negligently,  recklessly,  willfully,

wantonly, and/or maliciously allowed the building materials, trash, waste, or unfinished structures and houses to remain on Plaintiffs' property for certain periods of time, resulting in unreasonable interference with Plaintiffs' use and enjoyment of their property.

727.    Such building materials, trash, waste, or unfinished structures and houses are or were incompatible with the normal use and enjoyment of the Plaintiffs' property.

728.    Defendants' interference with Plaintiffs' use and enjoyment of their property is substantial.

729.    Defendants have refused to fix or cure the temporary nuisances on Plaintiffs' property.

730.    Alternatively, Defendants refused to fix or cure the temporary nuisances on Plaintiffs' property for a set and measurable period of time.

731.    As a direct and proximate result of Defendants' interference with Plaintiffs' use and enjoyment of the property, Plaintiffs have suffered and may continue to suffer injury, including decreased property value and the costs and expenses to abate the nuisances.

### *Subpart for Martin*

732.    Defendants' actions and inactions as set forth and alleged herein caused an incomplete and defective home (and portions thereof) to remain on Plaintiff's property.

733.    Plaintiff owns and controls his property, as identified herein.

734.    Defendants left an unfinished and defective structure, materials, and other trash or waste on the property of Martin as set forth above and herein, and including but not limited to paragraphs 163 through 181.

735.    Defendants Wausau, Phillips, and Phillips Builders stored, left, or caused to be left certain materials, trash, waste, and/or unfinished structures on the properties of each of the

90

respective Plaintiffs, as set forth herein.

736.   Defendants unreasonably and unlawfully stored, left, or caused to be left certain building materials, trash, waste, or unfinished structures and houses on Plaintiff's property, as set forth herein.

737.   Said  building materials, trash, waste, or unfinished structures and houses substantially impaired Plaintiff's rights to the use and enjoyment of his property.

738.   Defendants did, at relevant times, exercise custody and control over the building materials, trash, waste, or unfinished structures and houses on Plaintiff's property.

739.   Defendants intentionally, unreasonably, negligently, recklessly, willfully, wantonly, and/or maliciously allowed the building materials, trash, waste, or unfinished structures and houses to remain on Plaintiff's property for certain periods of time, resulting in unreasonable interference with Plaintiff's use and enjoyment of his property.

740.   Such building materials, trash, waste, or unfinished structures and houses are or were incompatible with the normal use and enjoyment of Plaintiff's property.

741.   Defendants' interference with Plaintiff's use and enjoyment of his property is substantial.

742.   Defendants have refused to fix or cure the temporary nuisances on Plaintiff's property.

743.   Alternatively, Defendants refused to fix or cure the temporary nuisances on Plaintiff's property for a set and measurable period of time.

744.   As a direct and proximate result of Defendants' interference with Plaintiff's use and enjoyment of the property, Plaintiff has suffered and may continue to suffer injury, including decreased property value and the costs and expenses to abate the nuisances.

91

*__Prayer for Relief on Count XII__*

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## ALTER EGO

745.     Scott Phillips completely controls and dominates Phillips Builder's performance in connection with this matter and the subject Contracts.

746.     Scott Phillips operates and controls Phillips Builders as a shell company for the improper purpose of financially benefitting from Phillips Builder's contractual arrangements with customers while attempting to insulate itself from direct liability to those customers.

747.     For example, upon information and belief:

    a.   Scott Phillips is the sole manager/member of the LLC;

    b.   Scott Phillips has grossly undercapitalized Phillips Builders LLC;

    c.   There has been an intermingling of LLC and individual funds by Scott Phillips;

    d.   Scott Phillips has treated the LLC's funds and finances as his own, and has siphoned its assets for personal use;

    e.   There is an absence of corporate records and formalities;

    f.   Phillips Builders LLC is merely a façade for the personal interests and business of Scott Phillips;

    g.   Scott Phillips has used Phillips Builders LLC to engage in fraud and fraudulent activities, including insurance fraud;

    h.   All negotiations, customer inquiries, payments, advertisements, and solicitations for Phillips Builders go through Scott Phillips;

i.  All decisions with respect to increases in customer charges and prices are made by Scott Phillips;

j.  Scott Phillips has sole control over the LLC; and

k.  Scott Phillips and Phillips Builders LLC operate from the same address.

748. Scott Phillips exercised his control over Phillips Builders LLC to carry out the improper actions and inactions alleged herein.

749. Scott Phillips' control and breach of duty proximately caused the injuries and losses complained of herein.

750. Scott Phillips is the real party in interest under the Contracts, even if Scott Phillips is not an express party to the Contracts. Scott Phillips is directly liable to Plaintiffs for breaches of the Contracts because Mr. Phillips is the alter ego of his LLC, and therefore the corporate veil should be pierced.

751. In the alternative and in addition to its direct liability for the misconduct of Phillips Builders LLC, Scott Phillips is liable to Plaintiffs for his own breaches of duties as an agent and contractor under the Contracts and other related instruments.

752. Furthermore, and in the alternative, by undertaking to perform services for Plaintiffs under the Contracts, for which he accepted compensation, Scott Phillips has entered into an implied contract with Plaintiffs. Scott Phillips is directly liable to Plaintiffs for breaches of the implied contract between himself and Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter an order or judgment against Defendants including the following:

A.  For an order declaring that Defendants' conduct violates the statutes

referenced herein;

B.    For an order piercing the corporate veil of Phillips Builders LLC;

C.    For an order finding in favor of Plaintiffs on all counts asserted herein;

D.    For compensatory, statutory, punitive, and other damages in amounts to be determined by the Court and/or jury;

E.    For an order of restitution and all other forms of equitable monetary relief;

F.    For injunctive relief as pleaded or as the Court may deem proper;

H.    Pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

I.    An order awarding Plaintiffs their attorney's fees and costs and expenses incurred in connection with this action; and

J.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Dated: May 1, 2024                                Respectfully submitted,

**KEANE LAW LLC**

*/s/ Tanner A. Kirksey*
Ryan A. Keane, #62112MO
Tanner A. Kirksey, #72882MO
7711 Bonhomme Ave, Suite 600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
tanner@keanelawllc.com

*Attorneys for Plaintiffs*

94

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served electronically upon all counsel of record via the CM/ECF system on May 1, 2024.

/s/ *Tanner A. Kirksey*