IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTINA FRANCIS and COLE FRANCIS, individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAUSAU HOMES INCORPORATED, and PHILLIPS BUILDERS, LLC, <br><br> Defendants. | Case No. 23-cv-06019-SRB |

## ORDER

Before the Court is Plaintiff Christina Francis and Cole Francis's ("Plaintiffs" or "the Francises") Motion for Leave to File First Amended Complaint. (Doc. #50.) For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

### I.  FACTUAL BACKGROUND

The following background is taken from Plaintiffs' Complaint and attachments thereto. Additional facts relevant to the parties' arguments are discussed in Section III.

Defendant Wausau Homes Incorporated ("Defendant" or "Wausau") designs and manufactures components for custom homes. Wausau then sells those components through local builders that Defendant has approved (hereinafter, "Builder"). A customer that wants to purchase a "Wausau Home" enters into a contract with the Builder, and the Builder is responsible for constructing the home. Wausau advertises that "[t]he Wausau Homes unique building process allows us to deliver custom dream homes on time and on budget—100% of the time, guaranteed." (Doc. #1, ¶ 18.)

Plaintiffs decided to purchase a Wausau Home for themselves and their children. Plaintiffs and a local Builder, Defendant Phillips Builders, LLC ("Phillips Builders") entered into a Contract for Custom Home Construction (the "Construction Contract").[1] The Construction Contract provides that Phillips Builders would "provide the labor, materials, equipment, and services necessary to complete the construction of the custom home consistent with the Plans and Specifications." (Doc. #1-2, p. 1.)[2] In exchange, Plaintiffs were required to make payments to Phillips Builders pursuant to a payment schedule.

On February 7, 2023, Plaintiffs filed this putative class action lawsuit against Wausau and Phillips Builders. Plaintiffs allege their home was not built on-time, is still not constructed, is defective, and exceeded the stated price in the Construction Contract. The Complaint asserts several claims against Wausau and/or Phillips Builders, including Violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.020 et seq., Negligent Misrepresentation, and Breach of Warranty. Plaintiffs' Complaint seeks damages for themselves and on behalf of a class of others similarly situated.

Plaintiffs now move for leave to file an amended complaint.[3] Plaintiffs state that their proposed amendments would "remov[e] the class allegations, would add five party plaintiffs, one defendant, and one cause of action [for temporary nuisance]." (Doc. #50, p. 1.) Wausau opposes the motion in part. Wausau argues the five additional plaintiffs should not be joined because their factual circumstances are too dissimilar from the Plaintiffs' circumstances. Wausau also emphasizes that the proposed amendments additionally include a claim for fraudulent

---

[1] Phillips Builders is a named defendant but has not entered an appearance in this case.

[2] All page numbers refer to the pagination automatically generated by CM/ECF.

[3] Under the Scheduling Order, the deadline to file a motion for leave to amend and/or to join parties was May 1, 2024. Plaintiffs filed the pending motion on May 1, 2024 and it is thus timely.

2

misrepresentation which is not pled with particularity as required by Federal Rule of Civil Produced 9(b). The parties' arguments are addressed below.[4]

## II. DISCUSSION

### A. Joinder of Additional Plaintiffs

Federal Rule of Civil Procedure 20 governs the permissive joinder of parties. Fed. R. Civ. P. 20. Under Rule 20(a)(1), "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). This rule should be construed to allow "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 2006 WL 8452698, at *1 (W.D. Mo. July 10, 2006) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974)) (quotations omitted). However, "[t]his does not mean all permissive joinder will be allowed." *Id.*

Here, Plaintiffs seek leave to join five additional party plaintiffs—Joshua and Jillian Temple, James and Vickie Lemasters, and Larry Martin. Plaintiffs argue the proposed plaintiffs satisfy Rule 20 in part because they also purchased a Wausau home and suffered similar damages. Wausau argues joinder is not warranted because "[t]he claims of the putative additional plaintiffs as alleged in the proposed First Amended Complaint do not stem from the same 'genesis' as the current named Plaintiffs – the Francises." (Doc. #52, p. 5.)

Upon review, the Court finds that the new proposed plaintiffs should not be joined. The Court agrees with Wausau that:

---

[4] This Order only analyzes the two proposed amendments that are disputed; Plaintiffs' request to join additional party plaintiffs and Plaintiffs' proposed claim for fraudulent misrepresentation.

> As alleged in the proposed First Amended Complaint (Doc. 50-1), the proposed additional plaintiffs live in different counties in Missouri (Doc. 50-1 ¶¶ 6-8). Each proposed plaintiff or plaintiff couple allegedly entered a separate contract with Phillips Builders in different cities on different dates (Doc. 50-1 ¶¶ 15-18). Each contracted for a different price (Doc. 50-1 ¶¶ 56-59). Each home involved a unique design and floor plan and each had a myriad of custom details according to individualized plans and specifications . . . . Each plaintiff will have had different communications at different times and with different people, possess different plans and specifications, and claim distinct damages.

(Doc. #52, pp. 5-6.) Consequently, joinder is not proper because the claims asserted by the proposed party plaintiffs do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences[.]" Fed. R. Civ. P. 20(a)(1).

Although joinder is not warranted, the proposed additional plaintiffs are not without recourse. The proposed additional plaintiffs are not precluded from filing a separate lawsuit based on their unique set of facts and circumstances. For these reasons, and the additional reasons stated by Wausau, Plaintiffs' motion to join additional plaintiffs is denied.

### B. Request to Add a Claim for Fraudulent Misrepresentation

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citations, quotations, and alterations omitted). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Id.* (quotations omitted).

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to

4

state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). If the proposed claim is for fraud, the plaintiff "must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Such circumstances include "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013).

Here, Plaintiffs seek leave to add a claim for fraudulent misrepresentation. (Doc. #50-1, Count II, Fraudulent Misrepresentation Against Wausau.) Wausau argues leave should be denied because this proposed claim is not pled with particularity under Rule 9(b) and is thus futile. Wausau argues in part that Plaintiffs' allegations "do not provide the identity of any person allegedly making such representations, nor do they provide the time or place of the alleged representations." (Doc. #52, p. 9.)

Upon review, the Court rejects Wausau's arguments. Plaintiffs' proposed fraudulent misrepresentation claim is supported by allegations that satisfy Rule 9(b). Specifically, Plaintiffs allege that Wausau made the following misrepresentations:

>   (a) That their home would be built on time;
>
>   (b) That their home would be built "your way" according to the agreed-upon specifications;
>
>   (c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The home would be built free from defect and deficiencies.

(Doc. #50-1, ¶ 243.)

The Court agrees with Plaintiffs that the "who" and "what" for each of the fraudulent misrepresentations is adequately pled: "it is Wausau's representations, which were then repeated by Phillips and Phillips Builders." (Doc. #53, pp. 8-9.) The "when" is also adequately pled, which is at or near the time Plaintiffs entered into contracts to purchase their Wausau home. (Doc. #50-1, ¶¶ 15, 19, 23-26.) Plaintiffs allege the misrepresentations were made on Wausau's website and in "Wausau marketing materials, websites, blog posts, social media, e-mail addresses, e-mail servers, software, and Wausau logo" as used by Wausau and its local builders. (Doc. #50-1, ¶ 38.) Based on these allegations, and for the additional reasons stated by Plaintiffs, the Court finds the proposed fraudulent misrepresentation claim is not futile and is adequately pled. Consequently, the Court grants leave to add a fraudulent misrepresentation claim.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. #50) is GRANTED IN PART and DENIED IN PART.

The motion is GRANTED insofar as Plaintiffs are granted leave to: (1) remove their class allegations; (2) add one defendant (Scott Phillips, individually); (3) add a claim for temporary nuisance; (4) change the current claim against Defendant Wausau from "negligent hiring" to "negligence (as principal);" and (5) to add a cause of action for fraudulent misrepresentation against Defendant Wausau.

6

The motion is DENIED insofar as Plaintiffs are not granted leave to join five additional party plaintiffs.

It is further ORDERED that within fourteen (14) days from the date of this Order, Plaintiffs shall file a First Amended Complaint consistent with this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2024