UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTINA FRANCIS and COLE FRANCIS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 5:23-cv-06019 ) |
| WAUSAU HOMES INCORPORATED, PHILLIPS BUILDERS, LLC, and SCOTT PHILLIPS, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT WAUSAU HOMES INCORPORATED'S MOTION TO STRIKE JEREMY ALLISION, PLAINTIFFS' EXPERT WITNESS, AND SUGGESTIONS IN SUPPORT**

Defendant Wausau Homes Incorporated ("Wausau Homes"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 37, and for its Motion to Strike Jeremy Allison, Plaintiffs Christina Francis and Cole Francis' ("Plaintiffs") expert witness, states:

**INTRODUCTION AND FACTUAL BACKGROUND**

Wausau Homes designs and manufactures components for custom homes and then sells them through a network of independent Local Builders. The Local Builders, in turn, contract with and construct the homes for the Local Builders' customers. Plaintiffs were customers of Defendant Phillips Builders, LLC ("Phillips Builders"), an authorized Wausau Homes Local Builder. After Phillips Builders left Plaintiffs' home unfinished, Plaintiffs filed this action alleging that Wausau Homes is responsible for their losses, asserting a number of theories of recovery.

1

Plaintiffs' original Complaint was filed on February 7, 2023 (ECF 1). On January 5, 2024, a Scheduling and Trial Order for Jury Trial (ECF 39) was entered, which required Plaintiffs to designate their expert witnesses by May 1, 2024, required Wausau Homes to designate its expert witnesses by May 31, 2024 and required all pretrial discovery to be conducted by August 16, 2024. On June 3, 2024, the Court extended Wausau Homes' expert designation deadline to July 30, 2024 (ECF 56) on Wausau Homes' motion.

Plaintiffs produced in discovery the report of Christopher Wilkens, P.E. of J.S. Held that was based on his inspection of Plaintiffs' house in November 2021. (Exhibit A). On or around June 18, 2024, counsel for Wausau Homes agreed to accept the production of Engineer Wilkens' report as Plaintiffs' expert witness disclosure. (Exhibit B). On July 15, 2024, counsel for Wausau Homes also requested that the disclosure of Engineer Wilkens as Plaintiffs' expert witness be supplemented as required by Federal Rule of Civil Procedure 26(a)(2)(B)(iv-vi). (*Id.*) The parties filed a Joint Motion to Extend Deadlines (ECF 63) on July 16, 2024, which was sustained (ECF 64). The Court then extended the deadline for Wausau Homes to designate its expert to September 13, 2024, the discovery deadline to October 16, 2024, and the deadline for filing dispositive and *Daubert* motions to December 2, 2024 (ECF 64).

On August 21, 2024, the Parties filed a Second Joint Motion to Extend Deadlines (ECF 72). This motion was filed based on Wausau Homes obtaining new counsel on July 18, 2024, the delay in scheduling Plaintiffs' depositions due to the addition of Scott Phillips ("Phillips") as a defendant, and Phillips' failure to answer Plaintiffs' Amended Complaint or otherwise respond. The Parties' Second Joint Motion to Extend Deadlines was sustained on August 21, 2024 (ECF 73). The deadline for Wausau Homes to designate its expert witnesses was extended to October 14, 2024, the discovery deadline was extended to November 15, 2024, and the deadline to file

dispositive and *Daubert* motions was extended to January 6, 2025. The dates for the pretrial conference and the trial were also vacated. On September 11, 2024, the pretrial conference was reset for June 25, 2025 and the jury trial was reset for July 14, 2025 (ECF 78).

On October 4, 2024, an inspection of Plaintiffs' house was conducted, which was attended by Wausau Homes' attorney, Wausau Homes' consulting experts, and Engineer Wilkens. Prior to October 4, 2024, counsel for Wausau Homes was under the impression Engineer Wilkens was a non-retained expert witness because Plaintiffs had not supplemented his expert disclosure with the information required by Rule 26(a)(2)(B)(iv)-(vi). Wausau Homes had requested Engineer Wilkens' available dates for deposition beginning in August 2024. The first date offered for Engineer Wilkens' deposition was October 9, 2024. (Exhibit C, at page 3) The parties eventually scheduled Engineer Wilkens' deposition for October 10, 2024. (Exhibit C, at page 1).

On October 9, 2024, the day before Engineer Wilkens' scheduled deposition, counsel for the parties discussed Engineer Wilkens' plan to prepare a supplemental report based on his observations during the October 4, 2024 inspection. (Exhibit D, at page 2). Wausau Homes advised it was agreeable to postponing Engineer Wilkens' deposition to allow time for him to prepare his supplement report and be properly disclosed as a retained expert if Plaintiffs would pay any cancelation fee charged by the court reporter and Plaintiffs would join in a motion to amend the scheduling order to give Wausau Homes three (3) months after receiving Engineer Wilkens' supplemental report to designate its expert witnesses. (*Id.*) Plaintiffs' counsel agreed to those requirements and the parties also agreed to request that the Court extend all other deadlines by three (3) months to accommodate for a second mediation. (*Id.*, page 1). Based on these

3

agreements, Engineer Wilkens' deposition was postponed. Wausau Homes did not agree to extend the deadline for Plaintiffs to disclose the identities of their expert witnesses. (Exhibit D).

On October 9, 2024, Plaintiffs finally produced Engineer Wilkens curriculum vitae, rate sheet, and list of prior testimony. (Exhibit E). The parties filed a Third Joint Motion to Extend Deadlines on October 14, 2024 (ECF 84). On October 15, 2024, the Court entered an Amended Scheduling Order pursuant to which Plaintiffs were required to "disclose their additional expert opinion(s) and reports on or before November 11, 2024" (ECF 85). The deadline for Wausau Homes to disclose its expert witnesses was extended to February 11, 2025.

On or about November 6, 2024, the undersigned had a telephone conversation with Ryan Keane and Tanner Kirksey, attorneys for Plaintiffs. During this conversation, the undersigned was informed for the first time that Plaintiffs planned to disclose an expert witness to testify regarding the cost of repairing alleged defects in Plaintiffs' house. Mr. Keane stated this additional expert was retained to avoid Wausau Homes' counsel from having to depose numerous witnesses regarding their estimates and proposals for the repairs. The undersigned informed Mr. Keane and Mr. Kirksey that she would have to see the reports and discuss with her clients before she could determine whether Wausau Homes would object to the late disclosure of a new expert witness.

On November 11, 2024, Plaintiffs' counsel served Engineer Wilkens' Supplemental Report, a report prepared by Jeremy Allison of J.S. Held, Mr. Allison's curriculum vitae, a letter to Mr. Kirksey providing a list of cases in which Mr. Allison had been "engaged to participate as a subject matter expert", and J.S. Held's 2024 Rate Sheet and Other Charges. (Exhibit F). This was the first time Mr. Allison was disclosed as a potential expert witness.

4

Mr. Allison's report states Mr. Allison inspected the house on October 28, 2024. (Exhibit F-2, at page 2). The report further states that it includes not only estimates for the removal and repair of items identified in Engineer Wilkens' reports, but also estimates for the completion of the house "in line with the plans and documents provided." (*Id.*) Furthermore, Mr. Allison's report contains estimates for repairs that were not contained in estimates produced in discovery by Plaintiffs. This is evident from the fact that Engineer Wilkens' report notes that some of the estimates obtained by Plaintiffs did not account for all of the repair scope.[1] (Exhibit F-1).

Mr. Allison was not disclosed by the deadline set forth in the original Scheduling and Trial Order for Jury Trial entered on January 5, 2024 nor have Plaintiffs requested that the deadline to identify their expert witnesses be extended. Wausau Homes has attempted to work with Plaintiffs' counsel regarding the disclosure of Engineer Wilkens; however, it has never agreed that Plaintiffs could designate a new expert witness. Because Mr. Allision was not timely disclosed, he should be struck as Plaintiffs' expert and Plaintiffs should be prevented from using his opinions at trial in any way.

LAW AND ARGUMENT

The Federal Rules of Civil Procedure give the district courts the authority to set case management deadlines and to impose sanctions for their violation. Fed. R. Civ. P. 16(f). Rule 26 provides that a party must make its expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 37 provides that a party that fails to identify a witness as required by Rule 26(a) or (e) is not allowed to use that witness to supply

---

[1] Engineer Wilkens' report states the estimates provided "accounted for some, but not all, of the repair scope that would be necessary to address deficiencies and damage pertaining to the concrete foundations and soils;" "the Jason Brown Roofing estimate accounted for some, but not all, of the repair scope that would be necessary to address construction deficiencies and damage pertaining to the roof envelope;" and "the Jason Brown Roof estimate accounted for some, but not all, of the repair scope that would be necessary to address construction deficiencies and damage pertaining to the exterior wall envelope." (Exhibit F-1, at pages 3, 4).

evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Failure to disclose in a timely manner is equivalent to failure to disclose." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). The Supreme Court has held that, "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 100 S.Ct. 2455, 2463 (1980).

Plaintiffs failed to comply with this Court's Scheduling and Trial Order for Jury Trial by not disclosing their expert witnesses by May 1, 2024. Thereafter, Wausau Homes agreed that Plaintiffs had disclosed Engineer Wilkens as an expert witness by the production of his report, but also requested that Engineer Wilkens be fully disclosed as required by Rule 26(a)(2)(B)(iv)-(vi). When Plaintiffs failed to comply with the requirements for retained expert witnesses, Wausau Homes reasonably assumed Engineer Wilkens was a non-retained expert witness. It was not until Engineer Wilkens attended the inspection on October 4, 2024 that Wausau Homes' counsel suspected he was actually a retained expert witness. Engineer Wilkens' fee schedule, curriculum vitae, and list of testimony were not provided until October 9, 2024, which was the day before his scheduled deposition. Mr. Allision was not identified as an expert witness at that time. Furthermore, the Amended Scheduling Order entered on October 15, 2024 only extended the deadline for Plaintiffs to "disclose their additional expert opinion(s) and reports" (ECF 85).

Plaintiffs also breached their good faith agreement with Wausau Homes by disclosing Mr. Allison as an expert witness well past the deadline. Wausau Homes only agreed to Engineer Wilkens preparing a supplemental report. It never agreed to extend the deadline for Plaintiffs to disclose the identities of their expert witnesses. The parties' Third Joint Motion to Extend

6

Deadlines does not mention extending the time for Plaintiffs to disclose the identities of their expert witnesses.

After impeding Wausau Homes from deposing Engineer Wilkens and getting Wausau Homes to agree to allow Plaintiffs to properly disclose Engineer Wilkens as a retained expert witness and provide a supplemental report, Plaintiffs are now trying to sneak in a new witness to testify regarding issues that were never discussed between the parties. Mr. Allison's report provides estimates for alleged repairs and for completing the construction of the house. None of these estimates were included in any of Engineer Wilkens' reports. Allowing Plaintiffs to violate their agreement with Wausau Homes and identify a new expert witness will prejudice Wausau Homes' ability to prepare for trial. Furthermore, Wausau Homes has spent time working with Plaintiffs to get Engineer Wilkens properly disclosed as a retained expert witness only to have its willingness to cooperate turned against it. Based on the foregoing, Wausau Homes hereby requests that the Court strike Mr. Allison as Plaintiffs' expert witness and prohibit any of his opinions being admitted into evidence.

WHEREFORE, Defendant Wausau Homes Incorporated respectfully requests that this Court grant its motion to strike Jeremy Allison, Plaintiffs' retained expert witness, award reasonable attorney's fees and costs necessitated by this motion pursuant to Rule 37(b)(2)(C), and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Kristie S. Crawford
Kristie S. Crawford, #52039
BROWN & JAMES, P.C.
300 John Q. Hammons Parkway, Suite 603
Springfield, MO 65806
417-831-1412 telephone

7

417-831-6062 facsimile
kcrawford@bjpc.com
***Attorneys for Defendant***
***Wausau Homes Incorporated***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically using the Court's CM/ECF system on this 12th day of December, 2024, on the following:

Ryan A. Keane
Tanner A. Kirksey
Keane Law, LLC
7711 Bonhomme Ave., Ste. 600
St. Louis, MO 63105
ryan@keanelawllc.com
tanner@keanelawllc.com

and

Matthew McKain Clifford
Nicholas Savio
Clifford & Savio, LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
matt@cliffordsaviolaw.com
nick@cliffordsaviolaw.com

*Attorneys for Plaintiffs*

                                        */s/ Kristie S. Crawford*

31221470.1

8

Case 5:23-cv-06019-SRB    Document 91    Filed 12/12/24    Page 8 of 8