IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHRINSTINA FRANCIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WAUSAU HOMES INCORPORATED, et al., )<br>)<br>Defendants. ) | Case No. 23-cv-06019-SRB |

## ORDER

Before the Court is Defendant Wausau Homes Incorporated's ("Defendant") Motion to Strike Jeremy Allison, Plaintiffs' Expert Witness. (Doc. #91.) As set forth below, the motion is DENIED.

### I. FACTUAL BACKGROUND

The following background is taken from Plaintiff Christina Francis and Cole Francis' ("Plaintiffs") First Amended Complaint and attachments thereto without further quotation or attribution unless otherwise noted. Only those facts and issues necessary to resolve the pending motion are discussed below. Additional facts relevant to the parties' arguments are discussed in Section III.

Defendant designs and manufactures components for custom homes (a "Wausau Home"). Defendant then sells those components through local builders that Defendant has approved (hereinafter, "Builder"). Defendant represents that the custom home will be built on time and on budget.

Plaintiffs decided to purchase a Wausau Home for themselves and their children. Based on Plaintiffs' location, their contractor was a local Builder, Defendant Phillips Builders, LLC

("Phillips Builders"). Plaintiffs allege their home was not built on time, had defects, and exceeded the agreed-upon price.

Plaintiffs' First Amended Complaint asserts 12 claims against Defendant, Phillips Builders, and/or Scott Phillips, the operator of Phillips Builders. These claims include Violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.020 et seq., Fraudulent Representation, Negligent Misrepresentation, and Breach of Warranty. Plaintiffs seek damages and other forms of relief.

On January 5, 2024, the Court entered a Scheduling and Trial Order for Jury Trial. (Doc. #39.) The Order directed Plaintiffs to designate their expert witnesses by May 1, 2024, Defendant to designate its expert witnesses by May 31, 2024, and required all pretrial discovery to be completed by August 16, 2024. On October 15, 2024, the Court entered an Amended Scheduling Order which ordered Plaintiffs to "disclose their additional expert opinion(s) and reports on or before November 11, 2024." (Doc. #85, p. 2.)[1] The Amended Scheduling Order also ordered Defendant to disclose its expert witnesses on or before February 11, 2025.

On November 11, 2024, Plaintiffs' counsel disclosed Jeremy Allison ("Allison") as an expert witness and served Defendant with Allison's expert report. In part, Allison's expert report contains estimates for repairing and completing Plaintiffs' home. This was the first time Allison had been disclosed as an expert witness.

Defendant now moves to strike Allison as an expert witness. Defendant argues in part that Plaintiffs were required—but failed—to disclose Allison by May 1, 2024. Plaintiffs oppose the motion, and the parties' arguments are addressed below.

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party must make its expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." In determining whether the failure was substantially justified or harmless, "the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003)).

## III. DISCUSSION

Here, Defendant argues that the Court's January 5, 2024 Scheduling and Trial Order ordered Plaintiffs to designate their expert witnesses by May 1, 2024. Defendant argues Plaintiffs did not timely meet that deadline because they did not disclose Allison until November 11, 2024. Defendant further argues that "[a]llowing Plaintiffs to . . . identify a new expert witness will prejudice [Defendant's] ability to prepare for trial." (Doc. #91, p. 7.)

Upon review, the Court finds that Allison should not be struck as an expert. First, as stated above, the Court entered an Amended Scheduling Order on October 15, 2024. The Amended Scheduling Order was entered pursuant to the parties' Third Joint Motion to Extend Deadlines. The Amended Scheduling Order required Plaintiffs to "disclose *their additional expert opinion(s) and reports* on or before November 11, 2024." (Doc. #85, p. 2) (emphasis supplied).

Defendant argues that the parties' November 11, 2024 agreed-upon deadline only related to Plaintiffs' other expert, Christopher Wilkens ("Wilkens"), and that Plaintiffs "are now trying to sneak in a new witness[.]" (Doc. #91, p. 7.) Defendant has submitted some correspondence between the parties that supports this argument. However, the Amended Scheduling Order was not limited to Wilkens. The Court agrees with Plaintiffs that the Amended Scheduling Order requiring them to "'disclose their additional expert opinion(s) and reports on or before November 11, 2024' . . . was plural. In keeping with the operative Scheduling Order, Plaintiffs disclosed the additional expert opinions and report of Mr. Allison by the agreed deadline." (Doc. #94, p.3 n.3). Defendant's reply brief states that the pending motion is one to "enforce a stipulation between the parties." (Doc. #96, p. 3.) But that is not how Defendant's motion is titled or originally argued. The Court declines to exclude an expert witness based on an alleged stipulation between the parties.

Second, even if the Amended Scheduling Order was limited to Wilkens, Plaintiffs' failure to timely disclose Allison was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *Wegener*, 527 F.3d at 692. Defendant's brief in support of the pending motion summarily states it would be prejudiced if Allison is not struck. However, the record does not support a finding of prejudice. As explained by Plaintiffs, "Allison's disclosure comes well before Defendant's expert disclosure deadline (February 11, 2025), the close of discovery (April 28, 2025), and certainly well before trial (January 26, 2026)." (Doc. #94, p. 2.) Indeed, Defendant's reply brief again fails to explain any prejudice. For these reasons, and the additional reasons stated by Plaintiffs, the Court will not strike Allison as an expert witness.[2]

---

[2] To the extent Defendant needs an extension of time based on this Order, the parties shall work together and file a joint motion for extension of time.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Strike Jeremy Allison, Plaintiffs' Expert Witness (Doc. #91) is DENIED.

**IT IS SO ORDERED.**

                                         /s/ Stephen R. Bough
                                         STEPHEN R. BOUGH
                                         UNITED STATES DISTRICT JUDGE

Dated: January 23, 2025